CSD 1001A [07/01/18]

Name, Address, Telephone No. & I.D. No.

MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755
Attorneys for Debtor-In-Possession Cuker Interactive, LLC

Order Entered on
July 30, 2020
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
Cuker Interactive, LLC,

Debtor.

BANKRUPTCY NO. 18-07363-LA11

Date of Hearing: July 23, 2020
Time of Hearing: 2:00 p.m.
Name of Judge: Louise DeCarl Adler

# ORDER ON
# DEBTOR'S NOTICE OF INTENDED ACTION TO EXCHANGE RELEASES WITH THE HASHEM LAW FIRM

The court orders as set forth on the continuation pages attached and numbered Two (2) through Two (2) with exhibits, if any, for a total of Six (6) pages. Motion/Application Docket Entry No. 289.                                    jrm

//
//
//
//
//
//
//

DATED: July 30, 2020

_____
Judge, United States Bankruptcy Court

CSD 1001A


American LegalNet, Inc.
www.FormsWorkFlow.com

ORDER ON DEBTOR'S NOTICE OF INTENDED ACTION TO EXCHANGE RELEASES WITH THE HASHEM LAW FIRM
DEBTOR: Cuker Interactive, LLC                                           CASE NO: 18-07363-LA11

---

On May 14, 2020, Debtor-In-Possession Cuker Interactive, LLC (the "Debtor") filed and served on all parties in interest its Notice of Intended Action to Exchange Releases with the Hashem Law Firm (Dkt. No. 289) (the "NOIA"). Party-in-interest Pillsbury Winthrop Shaw Pittman ("PWSP") timely filed its opposition to the NOIA and requested a hearing in the matter (Dkt. Nos. 307, 308), and the Debtor timely filed its Reply (Dkt. No. 314). No other opposition to the NOIA was filed. A hearing was set for July 23, 2020 at 2:00 p.m. On July 22, 2020, the Court issued its Tentative Ruling in the matter (the "Tentative Ruling"; Dkt. No. 346). The Court has been advised that PWSP accepts the Court's Tentative Ruling and the hearing has gone off the Court's calendar.

Based on the facts as set forth above and the arguments made papers filed in support of and in opposition to the NOIA, and for good cause shown,

IT IS HEREBY ORDERED:

1. The Debtor's Settlement with the Hashem Law Firm, as descried in the NOIA, is APPROVED for the reasons set forth in the Tentative Ruling. The Debtor is authorized to implement its terms as provided in the NOIA. A copy of the Settlement Agreement (filed as Dkt. No. 290, pgs 4-7) is attached hereto as Exhibit A.


IT IS SO ORDERED.


Approved as to form:

_/s/ Matthew S. Walker_____
Matthew S. Walker
Counsel to Pillsbury Winthrop Shaw
Pittman LLP

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement"), dated as of May 13, 2020 is by and among Cuker Interactive, LLC ("Cuker") and Adel Atalla ("Atalla"), on the one hand, and Hani Hashem and the Hashem Law Firm, PLC (collectively, "Hashem"), on the other hand. Each of Cuker, Atalla and Hashem may be referred to in this Agreement as a "Party" or collectively, the "Parties."

## RECITALS

A.  Hashem previously provided legal services to Cuker in connection with proceedings then pending in the United States District Court for the Western District of Arkansas.

B.  Cuker filed a petition under chapter 11 of the United States Bankruptcy Code on December 13, 2018 as Case No. 18-07363–LA 11 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court").

C.  On January 4, 2019 and thereafter Cuker filed its Chapter 11 Schedules and Statement of Financial Affairs listing (i) the Hashem Law Firm, PLC as a disputed creditor holding a claim of $175,000 and (ii) identifying the suit known as *Hashem Law Firm, PLC v. Cuker Interactive, LLC and Adel Atalla* ("Atalla") pending as of the bankruptcy petition date in the Drew County Arkansas Circuit Court as Case No. CV-2018-196-4 (the "Arkansas State Court Case"). The Arkansas State Court Case contains Hashem's claims against Cuker and Atalla, and Cuker's claims against Hashem.

D.  Hashem filed no claim in the Bankruptcy Case, but has asserted a claim of lien in the proceeds of the Cuker's judgment obtained against Wal-Mart. Hashem agrees that the conditions precedent to Hashem's entitlement to a claim against Cuker or against Atalla under its Engagement Agreement with Cuker have not occurred.

E.  Cuker contends that it holds claims against Hashem arising from the provision of legal services provided by Hashem to Cuker, and Hashem disputes that such claims have merit.

F.  After negotiations, Cuker and Hashem have agreed to a settlement of all claims between them in accordance with the terms of this Agreement;

NOW, THEREFORE, in consideration of the foregoing premises and the mutual promises and covenants contained in this Agreement, and for their mutual reliance and incorporating into this Agreement the above recitals, the Parties hereto agree as follows:

1.  Hashem has no claim, secured or unsecured against Cuker or against Atalla.

2.  Cuker and Atalla, on the one hand, and Hashem, on the other hand, shall mutually release all claims, known or unknown held against one another arising from or related in any way to the provision of legal services by Hashem to Cuker.

1

EXHIBIT A

3.     Cuker shall file and diligently prosecute a motion with the Bankruptcy Court seeking entry of an order (the "Approval Order") approving the terms of this Agreement pursuant to Bankruptcy Rule of Procedure 9019 and any applicable local Bankruptcy Rules governing approval of compromises and settlements. In this Agreement, the "Effective Date" shall be the later of (i) first business day following entry of the Approval Order and the lapse of time within which to timely file an appeal from the Approval Order; and (ii) the final resolution of any appeal arising from the Approval Order and affirming the Approval Order.

4.     Upon the Effective Date, Hashem on its own behalf and on behalf of its predecessors, members, partners and shareholders releases Cuker and Atalla, and each of them, their respective affiliates, predecessors, successors, subsidiaries, members, directors, officers, agents and employees from any and all claims, suits, damages, liabilities, costs, losses, interest, or expenses of any kind or nature whatsoever, known or unknown, which have arisen or could arise under or relating to the legal representation of Cuker by Hashem including, without limitation, the services described in the Arkansas State Court Litigation.

5.     Upon the Effective Date, Cuker and Atalla releases Hashem its predecessors, successors, affiliates, present or former partners, shareholders, directors, officers, attorneys, agents and employees from any and all claims, suits, damages, liabilities, costs, losses, interest, or expenses of any kind or nature whatsoever, known or unknown, which have arisen or could arise under or relating to the provision of legal services by Hashem or any of its attorneys to Cuker.

6.     Hashem on the one hand and Cuker and Atalla on the other hand, expressly agree that this Agreement shall extend and apply to all unknown, unsuspected and unanticipated damages within the scope of the releases set forth in Sections 4 and 5 and hereby respectively waive and release any and all rights under Section 1542 of the California Civil Code as said statute pertains to the claims being released hereunder. California Civil Code Section 1542 reads as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER INTERIM SETTLEMENT WITH THE DEBTOR."

7.     Within five (5) business days following the Effective Date, the Parties shall dismiss the Arkansas State Court Case with prejudice as to all claims therein.

8.     So long as the Bankruptcy Case remains open, the parties may enforce this Agreement in the Bankruptcy Court and consent to the Bankruptcy Court's jurisdiction with respect to all such matters.

9.     The Parties executing this Agreement do so without admitting any fault or liability whatsoever. No term or condition of this Agreement is intended to be or shall be deemed or construed as an expression of fault or liability.

112825509
P:01370557.1:60665.001 US_Active\113239293\V-2

EXHIBIT A

10. This Agreement contains the entirety of the agreement reached among the Parties pertaining to the subject matter set forth herein. This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions between or among the Parties except as set forth herein. This Agreement, or any provision herein, may not be waived, amended or revoked, except by a further writing signed by all such Parties.

11. This Agreement is the product of negotiation by and among the Parties, executed voluntarily and without duress or undue influence on the part of or on behalf of any Party hereto. Each of the Parties acknowledges that it has had the opportunity to be represented by its own independent counsel in connection with this Agreement and the transactions referred to in this Agreement. Hence, in any construction to be made of this thereof, the same shall not be construed against any Party.

12. This Agreement may be executed in any number of counterparts, a complete set which shall constitute a duly executed original, and fax or electronic signatures shall be treated as originals for all purposes irrespective of any jurisdiction's best evidence rule.

13. The failure or delay on the part of any Party to enforce or exercise at any time any of the provisions, rights or remedies in this Agreement shall in no way be construed to be a waiver thereof, no in any way to affect the validity of this Agreement or any part hereof, or the right of such Party to thereafter enforce each and every provision, right or remedy. No waiver of any breach of this Agreement shall be held to be a waiver of any other or subsequent breach.

14. Each Party shall pay its own attorneys' fees, costs and expenses in connection with the preparation, negotiation and execution of this Agreement. However, in the event of any breach or default of any of the terms and provisions of this Agreement or any disputes regarding interpretation or enforcement of this Agreement, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs, in addition to any other award.

15. This Agreement shall be construed, performed, and enforced in accordance with, and governed by, the laws of the State of California (without giving effect to the principles of conflicts of laws thereof), except to the extent that the laws of such State are superseded by the Bankruptcy Code or other applicable federal law.

16. Subject to obtaining approval from the Bankruptcy Court as set forth in Paragraph 3, each Party hereto hereby represents and warrants to the other Parties that the undersigned representative of such Party has authority to execute this Agreement and to bind such Party to the terms hereof.

17. Each of the Parties hereto acknowledges that no other Party, nor any agent, nor any attorney of any other Party has made any promise, representation or warranty whatsoever, express or implied, not contained herein or therein concerning the subject matter hereof to induce said Party to execute or authorize the execution of this Agreement, and such of the Parties hereto further acknowledges that said Party has not executed or authorized the execution of this Agreement in reliance upon any such promise, representation or warranty not contained herein or therein.

18. If the Bankruptcy Court declines to approve this Agreement despite the reasonable efforts of the Parties to obtain such approval, or the Approval Order is reversed following appeal, then (1) this Agreement and its representations and statements shall be null and void and of no force or effect, and (2) the Parties' respective rights shall be fully reserved and the Parties shall be restored to their respective positions, *status quo ante*, as existing immediately prior to the Execution Date without prejudice to the passage of time.

19. IN WITNESS WHEREOF, the parties have entered into this Agreement as of the Execution Date.

CUKER INTERACTIVE, LLC

By: _____
Name: Adel Atalla
Title: President

_____
Adel Atalla, individually

HASHEM LAW FIRM, P.L.C.

By: _____
Name: Hani Hashem
Title: President

EXHIBIT A

Signed by Judge Louise DeCarl Adler July 30, 2020