MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Reorganized Debtor CUKER
INTERACTIVE, LLC

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 18-07363-LA11 |
| CUKER INTERACTIVE, LLC, | Chapter 11 |
| Reorganized Debtor. | **FINAL APPLICATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES BY SOLOMON WARD SEIDENWURM & SMITH, LLP, GENERAL BANKRUPTCY COUNSEL FROM DECEMBER 13, 2018 THROUGH JANUARY 5, 2021 (FINAL PERIOD FROM APRIL 1, 2020 THROUGH JANUARY 5, 2021); DECLARATION OF MICHAEL D. BRESLAUER** |
| | Date: February 25, 2021<br>Time: 2:00 p.m.<br>Dept: Two (2) |
| | Honorable Louise DeCarl Adler |
| | Petition Date: December 13, 2018 |

TO THE HONORABLE JUDGE LOUISE DECARL ADLER, UNITED STATES BANKRUPTCY JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:

P:01430264.6:60665.001

Solomon Ward Seidenwurm & Smith, LLP ("Solomon Ward" or the "Firm"), general bankruptcy counsel for reorganized debtor, Cuker Interactive, LLC ("Cuker"), files its Final Application for Allowance of Chapter 11 Fees and Reimbursement of Expenses. By this application, Solomon Ward requests pursuant to 11 U.S.C. §330 a final allowance of fees in the amount of $393,256.50 and reimbursable expenses of $4,741.78 for the period from December 13, 2018 through January 5, 2021, the Effective Date of Cuker's confirmed plan of reorganization. Of this total, fees and reimbursable expenses of $215,218.50 and $3,225.53, respectively, have been incurred in the final period between April 1, 2020 and January 5, 2021 (the "Final Period"). Authorized prior interim awards have been paid in full.

On April 25, 2019, Solomon Ward filed its First Interim Application for fees and reimbursement of expenses for the period from December 14, 2018 to March 31, 2019 (the "First Interim Period") for fees in the amount of $53,447.50, and costs in the amount of $622.15. On May 22, 2019, the Court entered its order approving fees and costs on an interim basis for the First Interim Period in the amount of $53,447.50 and $622.15, respectively, and Solomon Ward has received payment in full as authorized and awarded on an interim basis for the First Interim Period.

On November 21, 2019, Solomon Ward filed its Second Interim Application for fees and reimbursement of expenses for the period from April 1, 2019 to October 31, 2019 (the "Second Interim Period") for fees in the amount of $57,120.50 and costs in the amount of $369.45. On December 19, 2019, the Court entered its order approving fees and costs on an interim basis for the Second Interim Period of $57,120.50 and $369.45, respectively, and Solomon Ward has received payment in full as authorized and awarded on an interim basis for the Second Interim Period.

On April 16, 2020, Solomon Ward filed its Third Interim Application for fees and reimbursement of expenses for the period from November 1, 2019 to March 31, 2020 (the "Third Interim Period") for fees in the amount of $67,470.00, and costs in

the amount of $524.65. On May 29, 2020, the Court entered its order approving fees and costs on an interim basis for the Third Interim Period of $67,470.00 and $524.65, respectively, and Solomon Ward has received payment in full as authorized and awarded on an interim basis for the Third Interim Period.

With this Application, Solomon Ward seeks an order (i) allowing and awarding fees and reimbursement of expenses in the amount of $215,218.50 and $3,225.53, respectively, for the Final Period and (ii) an order allowing as a final Chapter 11 award all fees and costs awarded for the Final Period, and the First, Second and Third Interim Periods from December 13, 2018, collectively, through January 5, 2021, the Effective Date of Cuker's confirmed Chapter 11 Plan of Reorganization.

## STATUS OF CASE

Cuker is a reorganized debtor and its Plan of Reorganization was confirmed by order of the Court entered on December 15, 2020. The Effective Date under Cuker's Plan was January 5, 2021 (the "Effective Date")

On December 13, 2018 (the "Petition Date"), Cuker filed its voluntary petition in the Southern District of California under Chapter 11 of the United States Bankruptcy Code. On January 24, 2019, this Court approved Cuker's retention of Solomon Ward. A copy of Solomon Ward's application and this Court's order approving Solomon Ward's retention are attached hereto as **Exhibit A** and are incorporated herein by this reference. No understanding exists between Solomon Ward and any other person or entity for the division of fees or expenses requested by this application.

Neither a successful outcome nor an obvious path toward reorganization were known or assured when this case was filed just over two years ago. Before the filing, Cuker had completed a bruising, extraordinarily expensive and uncertain 'bet-the-business' case against the world's largest retailer, Wal-Mart. An Arkansas jury in

Wal-Mart's home court[1] awarded Cuker $12.4 Million in damages. Evidencing the nastiness and intensity of those proceedings, the District Court judge sanctioned Wal-Mart $400,299 stating, in part, that "…Walmart's litigation practices in this case have likely been the most vexatious, oppressive, and abusive ever to have occurred in any case before [this Judge]. … unnecessarily turning a complicated and expensive but manageable case into bet-the-company litigation for [Cuker]"[2].

Capping the Wal-Mart litigation experience, the District Court Judge reduced the $12.4 award to $745,000 and awarded Cuker attorneys' fees of just over $2.1 Million, far less than the $4 Million Cuker requested, thus leaving Cuker in a desperate position as 2018 came to a close: Cuker obtained a bonded judgment of approximately $3.3 Million against Wal-Mart, but it had incurred over $5 Million in the case; collection lawsuits/arbitration matters from former counsel had been commenced; and Cuker filed a Chapter case with $40,512 in the bank.

The two ultimate goals envisioned from the outset in the Chapter 11 case have now been achieved: (1) payment of 100% of creditors allowed claims with interest, and; (2) preserving Cuker's ability and opportunity to press its claims for damages against former counsel, Pillsbury. But the primary goal at the outset in December 2018 was just to breathe, for a respite from the litigation and an opportunity to calmly develop a path forward. Most of the ultimate credit goes to Cuker's business team which managed the company's affairs through tumultuous times before bankruptcy, the new and regulated environment inside Chapter 11, a disappointing (but affirming) result at the Eighth Circuit and a pandemic following that result.

But counsel did its share to achieve the overwhelmingly positive result in this case with its efforts which were reasonable at the time and necessary for the case to be maintained, moved forward and ultimately resolved.

---

[1] Cuker removed Wal-Mart's complaint from state to the Federal District Court for the Western District of Arkansas (the "District Court").

[2] District Court Case No. 14-05262-TVB; Dkt. No. 524; Pg. 52.

The disputes between lawyers and former clients are naturally intense. This case was no different from the start. Henry filed a motion to continue his litigation in Arkansas 26 days following the Petition Date. Pillsbury having filed pre-petition a AAA arbitration to collect fees claimed due, commenced in this Court a months-long and multiple hearing effort to oppose Cuker's continued ordinary course payments of salary to its insiders, and to offer opposition at most steps along the way. Cuker was successful in these early and ongoing disputes with its two largest creditors, but to different degrees. Cuker ultimately obtained permission to continue payment of salary and benefits to its insider personnel exactly as requested, but incurred thousands of dollars in expenses in the process. Cuker prevailed in establishing continued exclusivity, denying Pillsbury's early effort to suggest in opposition its own creditor plan which would have stripped away from Cuker the decision-making authority with respect to Cuker's claims against Pillsbury and others.

Henry prevailed in obtaining relief from stay (following a short 30-day hiatus) but through counsel's efforts did not get permission to have judgment entered against Cuker in the District Court. This result largely preserved the status quo of the District Court action with Henry, leaving the Debtor able to materially delay the necessity of pursuing expensive appellate relief in another front, separate from the Eighth Circuit Wal-Mart appeal.

During the course of the case, valuable counsel-involved[3] settlements were reached which resulted in a reduction of approximately $370,000 in claims, and the analysis and steps challenging Pillsbury's secured status were undertaken and bore fruit. The difference in interest saved by the successful Pillsbury challenge is

---

[3] As stated below, several settlements were achieved solely through the efforts of Mr. Atalla, and while some time to document and process court approval for these settlements was accomplished by counsel, the negotiations and underlying agreement was achieved far more from his efforts than counsel's.

approximately $240,000.

Remarkably, Cuker was able to propose and confirm a plan without impairment of any creditor's claim, a highly unusual event. In so doing, Cuker paid 100% of creditors allowed claims *with interest* in a case novel enough that the Court published its opinion regarding impairment and interest rates. Cuker reached and crossed the finish line in this very successful Chapter 11 case, and this case and the results achieved were a collaborative effort between client and counsel.

At the point of developing the theory of the plan (full payment; no impairment) and recognizing that confirmation would be hard fought and perhaps would involve significant discovery, the decision was made to bring Robert Barnes aboard as added support principally, but not completely, in connection with the plan process. This decision was recommended by counsel and approved by Cuker. Mr. Barnes agreed to a discounted hourly rate of $350 and both he and Mr. Breslauer were mindful of the necessity of avoiding duplication of effort. To avoid duplication, Mr. Breslauer, as lead counsel, delegated discrete tasks to Mr. Barnes for completion.

That said, some duplication is unavoidable and as a result, as a part of the Solomon Ward voluntary adjustment of its overall fees (see below), a total of 10 hours of Mr. Breslauer's time ($4,900) has been written off. This time reflects analysis and communications between counsel during the plan process which in counsel's judgment reflected overlap and a desire to acknowledge the significant cost to the client when two of its lawyers communicate. Not all such communication is appropriate for adjustment, but Solomon Ward believes that a reduction of 10 hours reflects a reasonable and appropriate way to address this issue.

<u>Solomon Ward's Voluntary Reductions</u>. Solomon Ward's final application reflects $26,066.20 in voluntary reductions. The reductions are a reflection of some duplication of effort between counsel, some inefficiencies in usage of associate time in the Pillsbury adversary proceeding and to give Cuker a break in matters which

were expensive, necessary but were unconnected to any specific result in the case. These reductions are in 5 categories reflecting time reductions in: (1) matters regarding Robert Barnes (10 hours; $4,900, discussed above); (2) Cuker's current appeal pending in the United States District Court (9 hours; $3,931.20); (3) Electronically stored information ("ESI") services regarding Pillsbury's extraordinary discovery request (23 hours; $4,945); (4) Associate training and inefficiency in the adversary proceeding seeking a determination that Pillsbury's claim was unsecured (21 hours; $7,390); and, (5) communication between Mr. Breslauer and Mr. Atalla during the final period (10 hours; $4,900).

The Appeal. As appellee defending Pillsbury's appeal of this Court's rulings denying Pillsbury's petition to compel arbitration and granting Cuker's Summary judgement, a total of 9 hours of Solomon Ward partner time (5 hours - Leah Strickland; 4 hours - Michael Breslauer) totaling $3,931.20 is being written off due to dual partner involvement, some overlap and as a courtesy.

Discovery. In August 2020, Pillsbury served on Cuker a Request for Production of documents which (i) contained 71 categories of requested information and (ii) was designed to apply to both Cuker and its counsel. Given the amount of information requested and the need to address privilege issues, Solomon Ward's expertise in managing discovery of ESI was tapped. A total of 23 hours of time of Solomon Ward's ESI paralegal ($4,945) was written off as a courtesy discount.

PWSP Litigation. A total of 20 hours of associate time and one hour of Mr. Breslauer's time (totaling $7,390) in the Pillsbury litigation before this Court was written off as an adjustment reflecting associate inefficiency and training.

Breslauer-Atalla Time. Mr. Breslauer and Mr. Atalla engaged in a significant dialog throughout the case. Many of these calls were lengthy and reflected strategy on the overall case and the matters involving claims against Pillsbury or Henry. As a courtesy adjustment reflecting the amount of communication and the overall significance of the matter (and taken only from the group of calls of 30 minutes or

more), Solomon Ward reduces the time spent with Mr. Atalla on the phone by 10 hours ($4,900).

These adjustments are meant to address counsel's careful review of the intense activity in the final period of this case, which included significant litigation including the Henry litigation, the Pillsbury litigation, plan confirmation proceedings and claims resolution. Solomon Ward believes that under the circumstances of this case and the complexity and novelty of the issues presented, that counsel's voluntary reductions of $26,066.20 in the total amount billed reflect a reasonable and appropriate adjustment. These reductions are noted in the detailed billing reports attached hereto as Exhibit B, with notations of "NO CHARGE" for the Breslauer/Barnes and the Breslauer/Atalla communications and the other reductions described above included in the hours and fees now shown in the reports.

Solomon Ward believes that the fees incurred from the petition date through the Effective Date are actual and necessary under the circumstances of this case, reasonable and should be allowed together with prior interim awards as a final Chapter 11 award.

## NATURE OF SERVICES RENDERED

This Motion is brought pursuant to 11 U.S.C. §§ 328 and 330, and 331 on the ground that good cause exists to approve this interim fee application that is in conformance with the Court's and U.S. Trustee's guidelines.

In accordance with the guidelines promulgated by the Office of the United States Trustee, Solomon Ward has maintained detailed billing reports for all of the professional services it has rendered in this matter. True and correct copies of those detailed billing reports are attached hereto as **Exhibit B** and are incorporated herein by reference.

Solomon Ward has provided separate billing reports for each of the following categories:

.001   General Chapter 11 Administration

.002   Litigation

.007   Plan/Disclosure Statement

.008   Fee Applications

.009   Claims & Claims Objections

.013   ESI Discovery

.014   Appeals

Attached hereto as **Exhibit C** is a Fee Application Summary and attached as **Exhibit D** is a summary of the status, experience, billing rates and number of hours expended in performing legal services for each of the Solomon Ward professionals rendering services to the Debtor in this matter. In addition, attached as **Exhibit E** is a summary of the out-of-pocket expenses of Solomon Ward advanced on behalf of the Debtor.

Solomon Ward seeks reimbursements of these expenses in the total amount of $3,225.53 for the period April 1, 2020 through January 5, 2021.

A summary of the services rendered by Solomon Ward, which is supported in more detail by separate billing invoices attached hereto, is as follows:

.001   <u>Chapter 11 Representation/Administration</u>

Hours:                    11.8

Fees:                     $5,782.00

Average hourly rate:      $490

This category represents the administrative tasks during this period and, unlike prior periods, reflects a relatively small proportion of the total amount of time spent. The tasks involved supervision of the employment of the Larson O'Brien firm for the follow-on work in Arkansas regarding the injunction initially obtained against Wal-Mart, review of monthly operating reports and attendance at status conferences.

.002    <u>Litigation Matters</u>

Hours:                         203.4

Fees:                          $85,593.50

Average hourly rate:      $417

This matter principally contains time spent on the Pillsbury Litigation (Adversary Proceeding/Petition to Compel Arbitration/Motion for Summary Judgment) and the Henry litigation (Adversary proceeding/Motion to dismiss/ Motion for relief from stay/ultimate settlement), the Henry litigation was unsuccessful and resulted in the dismissal of Cuker's adversary proceeding challenging Henry's proof of claim filed in the Chapter 11 case, but did set the stage for a ultimate settlement with Henry in an amount which was at least $70,000 less than what Henry might have claimed in added interest and attorney's fees.

The Litigation with Pillsbury was time consuming but ultimately successful and resulted in Cuker prevailed in obtaining judgment against Pillsbury finding its claim to be unsecured. Counsel's strategy was to simultaneously file the complaint and the motion for summary judgment. This resulted in a concentration of time in a relatively short period and contributed to the overall success of the endeavor. The case involved initial questions of arbitrability of the dispute and choice of law questions regarding the ultimate disposition of Cuker's position that its Engagement Agreement and California law applied to require that Pillsbury's claim was unsecured, thus saving Cuker approximately $240,000 in interest otherwise payable to Pillsbury during the course of the case. On January 20, 2021, The District Court has affirmed this Court's decision denying Pillsbury's petition to compel arbitration.

The time in the statements attached hereto reflects the reductions in hours and fees.

.007   Plan/Disclosure Statement

Hours:                    136.5

Fees:                     $61,478.50

Average hourly rate:      $450

This category involves Solomon Ward's efforts in formulating and prosecuting Cuker's non-impairment plan. Employing a strategy rarely used in Chapter 11 cases, Solomon Ward synthesized recent decisions involving questions of impairment in Chapter 11 to formulate the basis of Cuker's plan of reorganization which sought no votes from any creditor or class. This novel approach, relying on the principle of 'impairment' by the effects of the Bankruptcy Code, as opposed to 'impairment' by the plan, enabled Cuker to successfully prosecute confirmation without creditor balloting and voting. Cuker thus avoided an uncertain confrontation whether Pillsbury, whom the Court had ruled was an unsecured creditor, would dominate the voting in its class, potentially depriving Cuker of confirmation. The category involves the bulk of the time spent discussing the plan with clients and with Cuker's feasibility expert, analyzing the complex concepts involved, drafting the plan and the disclosure statement accompanying the Plan and managing witnesses and prosecuting a contested confirmation hearing.

.008   Fee Applications

Hours:                    2.1

Fees:                     $1,029.00

Average hourly rate:      $490

This category involves Solomon Ward's efforts to prepare interim applications for allowance of compensation.

.009   Claims & Claims Objections

Hours:                    59.4

Fees:                     $28,567.00

Average hourly rate:      $480

This category involves Solomon Ward's efforts to address claims of creditors. Some claims were settled and resolved without objections being filed (Husch, Ardent, Shults). These settlements resulted in reductions in claims of $86,693 (Ardent); $136,521 (Husch) and $163,605 (Shults) and the benefits achieved were due to the conduct of Mr Atalla, who personally pursued negotiations with Ardent and Husch, while significant time was spent by counsel in the Shults claim negotiations. Three objections were filed (exclusive of Henry and the placeholder objection filed against Pillsbury) against Modus, Wolfe Law Group and Torrey Partners. The Torrey Partners claim objection (asserting a reduced amount payable) was sustained by default (reducing the claim from $377,526 to $241,357) and the Wolfe Objection was almost entirely sustained (reducing the claim from $78,635 to an amount estimated at less than $7,000[4]). The Modus claim at this writing is still pending.

Each of these matters involved significant time by counsel in both negotiating the claims and objections or in actual litigation activities. Overall, and acknowledging the significant effort contributed by Mr. Atalla to certain of the settlements, the input and activities of counsel led to overall success in objecting to excessive or improper claims.

.013   ESI Discovery

Hours:                         29.4

Fees:                          $7,338.50

Average hourly rate:           $249

This category reflects the time (almost all paralegal) assembling and reviewing and handling 8631 documents and 33,127 pages of materials regarding Pillsbury's August 2020 71-category Request for Production. Considerable time was spent culling from production attorney-client privileged documents.

---

[4] Cuker reserves and has the ability to object to a dramatically reduced Wolfe Claim.

.014   <u>Appeals</u>

Hours:                          66.0

Fees:                           $25,430.00

Average hourly rate:            $385

This category reflects the time spent in addressing Pillsbury's appeal to the United States District Court of this Court's Orders (i) denying a petition to compel arbitration of Cuker's adversary proceeding challenging Pillsbury's secured status and (ii) granting Cuker's motion for summary judgment that Pillsbury's claim was unsecured. As of this writing, Cuker has prevailed in the first matter; the District Court affirmed this Court's order denying Pillsbury's petition to compel arbitration. The second appeal from the order granting Cuker's motion for summary judgment has not yet been briefed.

Cuker's Chapter 11 case was successful. A plan was confirmed paying all creditors' allowed claims in full, with interest. Cuker was able to preserve and prosecute its claims against Pillsbury now being arbitrated in the AAA. These successful results could not have been possible without the skill and perseverance of Cuker's business team of Aaron Cuker, Adel Atalla and others, who were able to adapt and actually thrive during the pandemic to create the economic engine necessary to enable Cuker to travel down the path of confirmation of a plan impairing no creditor or class. But essential, too, were Solomon Ward's efforts to sustain and shepherd the case from inception to successful conclusion – with the able assistance and involvement of Ms. Chiang and Mr. Barnes. The services provided have been necessary and reasonable and the fees and costs arising from those services should be approved and authorized for payment in this final period, together with amount previously awarded as interim awards, as a final Chapter 11 award.

1      **WHEREFORE**, Solomon Ward prays that this court enter its order as
2  follows:

3      1.    Approving this Final Application by Solomon Ward, counsel for
4  Debtor, in the sum of **$215,218.50** for fees and **$3,225.53** in costs for the Final
5  Period;

6      2.    Approving as a final and allowed chapter 11 administrative expense
7  award, the sum requested for the Final Period and those sums previously awarded as
8  interim allowances for the First, Second and Third Interim Periods; and,

9      3.    Granting such other and further relief as the Court deems just and
10  proper.

11  DATED: January 28, 2021    Respectfully submitted,

12              SOLOMON WARD SEIDENWURM & SMITH, LLP

14          By:  /s/ Michael D. Breslauer
15              MICHAEL D. BRESLAUER
16              Attorneys for Reorganized Debtor CUKER
            INTERACTIVE, LLC

### DECLARATION OF MICHAEL D. BRESLAUER

I, MICHAEL D. BRESLAUER, declare:

1.    I am an attorney licensed to practice in the State of California and before the United States District Court for the Southern District of California and this Court. I am a partner with the law firm of Solomon Ward Seidenwurm & Smith, LLP ("Solomon Ward"), general bankruptcy counsel for Reorganized Debtor Cuker Interactive, LLC (the "Debtor" or "Cuker") and am the partner responsible for the handling of this case.

2.    I have personal knowledge of the facts set forth in the foregoing Final Application, and if called as a witness, I could and would competently testify to all of the matters stated therein. The Final Application and each of the exhibits and time records attached thereto are true and correct. I have provided a copy of the billing records identified in this Application to Cuker.

3.    No understanding or agreement exists between Solomon Ward and any other person or entity for the division or payment of fees or expenses requested by this Final Application.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed this 28th day of January 2021 at San Diego, California.


                                     /s/ Michael D. Breslauer
                                     MICHAEL D. BRESLAUER

P:01430264.6:60665.001                            14

# EXHIBIT A

1   MICHAEL D. BRESLAUER [SBN 110259]
    mbreslauer@swsslaw.com
2   SOLOMON WARD SEIDENWURM & SMITH, LLP
    401 B Street, Suite 1200
3   San Diego, California 92101
    Telephone: (619) 231-0303
4   Facsimile: (619) 231-4755

5   Proposed Counsel for Debtor-in-Possession,
    CUKER INTERACTIVE, LLC

6

7

8                   **UNITED STATES BANKRUPTCY COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10  In re                              CASE NO.  18-07363-LA11

11  CUKER INTERACTIVE, LLC,            ***EX PARTE* APPLICATION TO
                                       EMPLOY SOLOMON WARD**
12                                     **SEIDENWURM & SMITH, LLP AS
                                       GENERAL COUNSEL FOR**
13              Debtor in Possession.  **DEBTOR-IN-POSSESSION,
                                       CUKER INTERACTIVE, LLC**
14

15                                     **[No hearing Required]**

16

17

18          Debtor-in-Possession, Cuker Interactive, LLC ("Cuker" or the "Debtor")

19  hereby applies to this Court for authorization to employ the law firm of Solomon

20  Ward Seidenwurm & Smith, LLP ("Solomon Ward" or the "Firm") as general

21  bankruptcy counsel to Cuker effective December 13, 2018, based on the following:

22          1.      Cuker filed a voluntary petition under Chapter 11 of the United States

23  Bankruptcy Code[1] on December 13, 2018.

24          2.      Cuker has determined that it is in its best interest to employ Solomon

25  Ward as its general Chapter 11 counsel in this bankruptcy case, at the Firm's usual

26  hourly billing rate, plus costs. The attorneys at Solomon Ward who will be

27  _____

28  [1] Unless otherwise indicated, all references to chapters, sections or rules are to the Bankruptcy
    Code, 11 U.S.C. §§101, et seq. and to the Federal Rules of Bankruptcy Procedure, Rules 1001, et
    seq.

P:00657422:60481.001

responsible for representing the Debtor are admitted to practice in this Court, have extensive experience in Chapter 11 bankruptcy debtor representation and litigation matters, and are well-qualified to represent Cuker in this matter.

      3.    The attorney at Solomon Ward, who will be primarily responsible for representing Cuker, is:

      <u>Michael D. Breslauer.</u> Mr. Breslauer is a partner with the firm and has over 30 years of experience in representing debtors-in-possession, bankruptcy trustees and official creditors' committees in cases before the United States Bankruptcy Court. Mr. Breslauer currently bills at $475 per hour. Prior to joining Solomon Ward in November 1995, Mr. Breslauer was a partner/shareholder with the firm of Gray Cary Ware and Freidenrich where he practiced in that firm's Commercial Law and Financial Institutions practice group. Some recent chapter 11 cases that Mr. Breslauer has handled in which he represented the debtor include Salt Creek Golf, LLC, 500 West Broadway, LLC, Auto Life Acquisition Corporation, and The Environmental Trust. Mr. Breslauer also represented the Official Creditors' Committee in this district in the cases of The Crosby National Golf Club, LLC, Ronald Williams/Palo Alto Town and Country Village, Inc., American Digital Network, Inc., Nexprise, Inc. and Senor Snacks, Ltd.

      4.    Copies of the firm's Chapter 11 engagement letter and Solomon Ward's resume are attached hereto as Exhibit "A" and "B" respectively.

      5.    Because of Solomon Ward's experience in bankruptcy matters, Cuker believes that Solomon Ward is well-qualified to provide Cuker with the following legal services:

      (a)    To advise and assist Cuker with respect to compliance with the requirements of the United States Trustee;

      (b)    To advise Cuker regarding matters of bankruptcy law, including the rights and remedies of Cuker with respect to its assets and the claims of creditors;

EXHIBIT A

1          (c)    To represent Cuker in any proceedings or hearings in the

2 Bankruptcy Court and in any action in any other court where Cuker's rights under

3 the Bankruptcy Code may be litigated or affected;

4          (d)    To conduct examinations of witnesses, claimants, or adverse

5 parties and to prepare and assist in the preparation of reports, accounts, and

6 pleadings related to this Chapter 11 case;

7          (e)    To advise Cuker concerning the requirements of the Bankruptcy

8 Code and applicable rules as the same affect Cuker in this case;

9          (f)    To assist Cuker in the formulation and confirmation of a Chapter

10 11 Plan;

11          (g)    To make any court appearances on behalf of Cuker; and

12          (h)    To take such other action and perform such other services as

13 Cuker may require of Solomon Ward in connection with this Chapter 11 case.

14    6.    Based on the Declaration of Michael D. Breslauer (the "Breslauer

15 Declaration") filed concurrently with this Application, Cuker believes that Solomon

16 Ward does not hold or represent any interest adverse to that of Cuker.

17    7.    Solomon Ward does not represent any clients regarding matters adverse

18 to the estate, nor does the firm represent the estate with respect to matters materially

19 adverse to current clients.

20    8.    Accordingly, notwithstanding the circumstances set forth above,

21 Solomon Ward is "disinterested" within the meaning of Bankruptcy Code section

22 101(14). Other than as set forth in the Breslauer Declaration, Solomon Ward does

23 not have any connections with the Cuker, creditors, any other parties-in-interest,

24 their respective attorneys and accountants, the United States Trustee, or any person

25 employed in the Office of the United States Trustee.

26    9.    Cuker desires to employ Solomon Ward with reasonable fees to be

27 allowed by the Court. Except to the extent it is contrary to the Guidelines

28 established by the Office of the United States Trustee, Solomon Ward will charge

1   Cuker for certain expenses including, but not limited to the following:
2   photocopying, travel, long distance telephone, FAX transmissions, messenger
3   service, express mail, witness fees and deposition expenses, court fees, document
4   construction, Lexis and/or Westlaw and other computer database searches. Where
5   the Office of the Unites States Trustee has imposed limits on the charges for such
6   expenses, or has determined that it will not approve such expenses, Solomon Ward
7   will not assess charges to Cuker in excess of such limits.

8       10.   It is contemplated that Solomon Ward will seek interim compensation
9   during the Bankruptcy case as permitted by Bankruptcy Code Sections 330 and 331
10  and the applicable Local Bankruptcy Rules of the United States Bankruptcy Court in
11  and for the Southern District of California.

12      11.   Solomon Ward's initial engagement with the Debtor began in
13  November 2018. Fees of $972.90 for legal services provided during the month of
14  November were billed to Cuker and Cuker on December 10, 2018 paid the
15  November invoiced amount of $972.90 in full. Thereafter, fees were incurred in
16  December 2018 in the sum of $4,876.00. On December 12, 2018, prior to the
17  Petition Date, Solomon Ward received a payment of $46,702.00, and the firm
18  applied such funds to cover fees and expenses of $4,876.00 incurred in December
19  2018 and up to the Petition Date of December 13, 2018 and for the Chapter 11 filing
20  fee of $1,717. These transactions have left Solomon Ward holding a retainer balance
21  of $40,109.00, which remains in Solomon Ward's trust account as of the Petition
22  Date. Except for the forgoing sums described in this paragraph, Solomon Ward has
23  neither billed nor received any other sums from the Debtor. The source of the
24  retainer was Cuker Interactive, LLC. A true and correct copy of the retainer check is
25  attached hereto as Exhibit "C."

26      12.   As of the Petition Date, the firm was owed nothing for or on account of
27  pre-petition services. The retainer is an advance against fees and costs, has been
28  placed in Solomon Ward's Trust Account and the firm has taken by its agreement

EXHIBIT A

1   with the Debtor a lien in the funds held as a retainer. Solomon Ward has advised the

2   Debtor that the firm will comply with appropriate Fee and Employment Guidelines

3   in withdrawing funds from the retainer.

4       13.   Except as set forth in the Breslauer Declaration, no agreement or

5   understanding exists between Solomon Ward and Cuker for the sharing of

6   compensation to be received for services rendered in or in connection with this

7   matter. Except as set forth in the Breslauer Declaration, Cuker believes that no

8   agreement or understanding exists between Solomon Ward and any other entity for

9   the sharing of compensation to be received for services rendered in or in connection

10  with this matter.

11      14.   A copy of the proposed order authorizing the employment of Solomon

12  Ward is attached hereto as Exhibit D.

13      **WHEREFORE,** Cuker prays that it be authorized to employ the law firm of

14  Solomon Ward as its counsel to render services described above effective December

15  13, 2019, with compensation to be paid as an administrative expense in such

16  amounts as this Court may hereinafter determine, allow and order paid.

17  Dated: January 8, 2019        CUKER INTERACTIVE, LLC

18

19

20                            By: /s/ Adel Atalla
                          ADEL ATALLA, President

21

22

23

24

25

26

27

28                                           EXHIBIT A

P:00657422:60481.001              5

# EXHIBIT A

EXHIBIT A



Solomon
Ward
Attorneys at Law

Solomon
Ward
Seidenwurm &
Smith LLP

Wells Fargo Plaza
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755
www.swsslaw.com

December 12, 2018

**VIA EMAIL**

Cuker Interactive LLC
Attn: Adel Atalla
5600 Avenida Encinas #175
Carlsbad, CA 92008
Email: adel@cukeragency.com

Re:     Engagement Agreement – Chapter 11 Representation

Dear Adel:

This letter states the agreement under which you have engaged Solomon Ward Seidenwurm & Smith ("**Solomon Ward**") to represent Cuker Interactive, LLC ("**You**" or "**Your**" or the "**Company**") in connection with the Company's Chapter 11 Bankruptcy filing in the United States Bankruptcy Court for the Southern District of California (the "**Bankruptcy Court**").

We understand the scope of our engagement to be to represent the Company in connection with the Bankruptcy Case, to advise and work toward resolution of your relationship with all your creditors. But our relationship DOES NOT include representation of (i) the Company's interests in any other forum or in any other lawsuit or arbitration proceeding or (ii) in interests of any individual person, officer, director interested party of the Company, or (iii) any parent or other affiliate of the Company; each should obtain separate counsel to represent their own interests.

Our engagement does not include tax advice; we encourage You to retain or engage an independent tax advisor.

When a bankruptcy case is filed, You, as a debtor in possession, possesses the various rights, responsibilities and duties of a trustee. In addition, You are subject to numerous legal, procedural and administrative requirements, including those matters set forth under the Bankruptcy Code, the Bankruptcy Rules of Procedure and Local Bankruptcy Rules. You are subject to the United States Trustee's Operating and Reporting Requirements for Chapter 11 Cases issued by the United States Trustee's Office. A copy has been previously provided you. It is Your material obligation, pursuant to this agreement, to abide by all such requirements and duties, and all orders of the Bankruptcy Court and such other courts as may be exercising

· EXHIBIT A

Exhibit A
Page 1

Cuker Interactive, LLC
December 12, 2018
Page 2

jurisdiction over the Bankruptcy Case.

I have found it useful to outline in general terms some of the more important points and issues that are likely to arise in connection with Your Chapter 11 case, while not all of such matters are present in this particular case. These are general comments I provide to clients who are filing or considering filing or have filed a case under Chapter 11 of the United States Bankruptcy Code. These comments are not intended to be confidential attorney client communications, since this letter will be made a part of the record of the Bankruptcy Case when our firm seeks Court approval for our engagement as Your Chapter 11 counsel. What follows is not intended to be an exhaustive discussion of those points and issues, and I encourage you to follow up with me for further discussion as needed.

### Schedules and Statement of Affairs

Your Schedules and Statement of Financial Affairs must be filed within **fifteen (15) days of the petition date.** Certain other deadlines, such as those affecting your books, records and bank accounts, are set out in the enclosed set of Operating and Reporting Requirements For Chapter 11 Cases. These deadlines and other important operational requirements are discussed below.

### Operation of the Debtor's Business

Filing a bankruptcy petition affords You, as debtor, certain substantial protections from creditors and others. The cost of such protections, however, is loss of the largely unfettered freedom to operate Your financial affairs which you have previously enjoyed. Generally, Chapter 11 debtors retain possession and control of their assets and are permitted to operate their businesses and affairs. However, upon the request of a creditor or other party in interest, the Bankruptcy Court may appoint a trustee to take control of Your assets and affairs, or an examiner to conduct an investigation of Your financial affairs. Such an appointment is extraordinary and would be made only after notice and a hearing before the Bankruptcy Court, and only for cause such as mismanagement, dishonesty or Your inability to reorganize successfully. In managing Your financial affairs, You generally may follow normal operating practices and may pay as due debts arising after the filing of the bankruptcy petition in the ordinary course of business that are within the budget we will seek to have approved. However, without Bankruptcy Court order, You **cannot pay** any debts which arise outside the ordinary course of business, whenever they arose, and **cannot pay** any debt that arose **prior to** the petition date. This general prohibition on the payment of pre-petition debts applies to all types of obligations, including, but not limited to, taxes, pre-filing compensation due to employees and pre-filing trade debt. We suggest that until you become accustomed to operating within Chapter 11, you contact me prior to making any payments other than for routine purchases of goods or services first ordered or obtained after the petition date.

**EXHIBIT A**

Cuker Interactive, LLC
December 12, 2018
Page 3

## Cash Collateral

"Cash collateral" is defined under the Bankruptcy Code to include the proceeds of a secured creditor's collateral well as the proceeds of inventory and accounts if those assets are subject to a creditor's lien. For example, collections from the accounts receivable generated from the sale of inventory would be the "cash collateral" of a secured creditor having a validly perfected lien in the inventory sold on account. Prior to using any money which is "cash collateral" of a secured creditor, the debtor must have either the creditor's consent or a court order. I'm aware that various creditors have consensual liens against the Company's assets. The income generated from those assets is probably regarded as cash collateral and must be segregated and not used to pay expenses pending either the Creditor's consent or a court order authorizing such use. It is an assumption in filing this case that You have the consent of your secured creditor, **Patricia Atalla**, to continue to use the cash generated by operations of the Company's business to pay ordinary and customary business expenses on an ongoing basis in the chapter 11 case. Please obtain written confirmation of this fact from Ms. Atalla.

## Insurance

In keeping with Your duty to preserve Your assets for the benefit of all creditors, You must keep Your assets adequately insured and provide physical protection against loss. You are required to act in the interests of all creditors, rather than solely for its own benefit. Failure to do so can have serious consequences, including dismissal of the case, appointment of a trustee, or conversion to Chapter 7 (liquidation).

## Record keeping and U.S. Trustee's Fees

You are required to file monthly operating reports with the Bankruptcy Court on or before the 20th day of each month covering the period of the previous calendar month. In addition, the Office of the U.S. Trustee has certain other reporting requirements as set forth in the enclosed materials. The U.S. Trustee is quite serious about ensuring compliance with these requirements and will bring a motion to convert or dismiss the cases or seek other relief if compliance is not maintained. You are also required to pay certain quarterly fees directly to the U.S. Trustee based upon disbursements made during the quarter. See Guideline No. 6. These fees are not prorated for partial quarters, and the U.S. Trustee will seek dismissal or conversion of the case if they are not timely paid.

## Bank Accounts

Unless authorized by court order, You are required to close old bank accounts as of the petition date and to open new accounts containing designation "debtor in possession" -- a designation that should appear as part of the name of the account and on the financial institution's books, records and forms.

EXHIBIT A

Exhibit A
Page 3

Cuker Interactive, LLC
December 12, 2018
Page 4

### Books and Records

You are required to close Your books as of the petition date and open a new set for the partial fiscal year following that date.

### Transactions Out of the Ordinary Course of Business

Any transaction out of the ordinary course of business, such as the sale of significant assets, or a settlement of a material dispute, requires prior court approval. If you have any doubt as to whether a transaction is out of the ordinary course of business, please contact me before entering into or consummating the transaction.

### The Automatic Stay

A major protection afforded a debtor in possession is the automatic stay. The automatic stay prevents an action against the debtor to collect prepetition debts. If anyone attempts to collect such a debt, you should notify them of the filing of the petition; if they persist in such collection attempts, you should notify me. A creditor may get relief from stay to enforce its rights against collateral under certain circumstances, after bringing a motion before the court. You will get notice of such a motion and an opportunity to be heard in opposition. There is a risk that the court might allow a secured creditor to repossess or foreclose upon collateral where the amount owed is greater than the value of the asset or where the court otherwise determines that the creditor's interest in the collateral is not adequately protected. However, it is often possible for an arrangement to be made for You to retain assets that are essential for Your affairs.

### Employment of Professionals

Your employment of professionals, such as attorneys and accountants, must be approved by the Bankruptcy Court. No professional can be paid by You except after the Bankruptcy Court has entered an order approving such payment. We will discuss which attorneys, accountants and other professionals (other than Solomon Ward) You will seek to retain post-petition and on what basis. Notwithstanding the foregoing, it is now known that You need the assistance of a tax preparer and advisor for the preparation and filing Federal and State Tax returns for two or more years. It is a material condition to Solomon Wards acceptance of this engagement that you have agreed to forthwith retain and provide a means of payment for such tax assistance.

### Effect of Bankruptcy on Leases and other Contracts

A debtor in possession is entitled to assume or reject its leases and other "executory" (or "incompletely performed" on both sides) contracts. In order to assume an existing executory

EXHIBIT A

Cuker Interactive, LLC
December 12, 2018
Page 5

contract or lease, a debtor is required to cure all arrearages promptly, provide adequate assurance of future performance under the terms of the contract or lease and gain court approval. An executory contract that has been assumed may be assigned to a third party. This assignment may usually be accomplished despite an "anti-assignment" clause in the lease or contract and, after such assignment, the debtor will have no further responsibility for the lease or contract obligations. Leases which have been terminated under state law are generally not assumable and assignable without the lessor's consent. Special provisions apply to leases of commercial real property. Such a lease must be assumed within 120 days of the petition date, or it will be deemed rejected. The court may extend this date, once, for a total of an additional 90 days, but no longer, unless the lessor consents.

## Obtaining Financing During Bankruptcy

If You need to borrow funds during the Chapter 11 case, You may obtain unsecured credit without a court order; but such credit is, however, frequently difficult to obtain. If You are unable to obtain necessary credit on an unsecured basis, credit may be obtained on a secured or special priority basis, but only with Bankruptcy Court approval. The new credit may even be secured by a lien senior to existing liens if you can show that the other lienholders are adequately protected.

## Taxes

You are required to pay promptly all applicable federal, state and local taxes that are incurred or accrue after the case is filed.

## Accounting for Reorganization Costs

The AICPA has issued its Statement of Position No. 90-7 regarding financial reporting by entities in reorganization proceedings under the Bankruptcy Code. This statement may be helpful to the debtors' accounting personnel in analyzing how to account for a variety of the special situations that arise in a Chapter 11, including the method of booking reorganization costs such as professional fees and expenses.

## The Plan of Reorganization

The goal in this case is the confirmation and successful performance of a reorganization plan. The plan will create a new set of obligations between You and Your creditors. The confirmation of the plan may modify the rights and interests of creditors. In a plan, creditors are placed in "classes" to the extent that their claims are substantially similar. For example, all unsecured creditors may be in the same class, while each secured creditor is normally in its own class. Creditors whose claims are unimpaired—that is, the terms of their contracts with the debtors are unaltered—are deemed to have accepted the plan. However, with respect to

EXHIBIT A

Cuker Interactive, LLC
December 12, 2018
Page 6

impaired claims, acceptances in the requisite number and amount must be obtained from each class. A class of creditors has accepted the plan when a majority in number of creditors and at least 2/3 in amount of claims in the class who vote, do so to approve the plan. Only those creditors that actually cast a valid ballot are counted when determining the above totals.

It is not possible to anticipate or describe all services that may be required during the course of a Chapter 11 proceeding. However, Solomon Ward will render legal services and advice with respect to all aspects of the bankruptcy case, disclosure statement and plan of reorganization and necessary motions and complaints. The firm will represent You in motions and adversary proceedings including requests for relief from stay, motions to use cash collateral, motions to sell assets, motions to assume or reject executory contracts or unexpired leases, motions to dismiss the bankruptcy case or convert the case to a Chapter 7, or to appoint a trustee, and litigation relating to the use of cash collateral and confirmation of a plan of reorganization as well as any appeal regarding any of the foregoing matters.

We understand that You will provide us with such factual information and documents as we require to perform the services, will make decisions and determinations as are necessary or appropriate to facilitate the rendering of our services, will be available to assist us in the progress of our representation, and will remit payment of our invoices in accordance with the terms set forth below.

The fee agreement set forth below is applicable, however, to all matters in which our firm may be engaged on Your behalf, unless other specific written arrangements are mutually agreed upon. It is difficult to predict with any reasonable degree of accuracy the nature and extent of legal services to be performed on Your behalf. You agree, however, subject to Bankruptcy Court approval, to pay for all legal services rendered at the hourly rates for attorneys, paralegals and other personnel assigned to your matter as set forth herein.

We find that certain assignments can be more economically performed by paralegals or law clerks. All of our paralegals and law clerks are supervised by attorneys and are able to provide beneficial support. If, in our judgment, a task may be more efficiently performed by delegating it to a paralegal or a law clerk, you agree to such delegation.

The current hourly billing rates for the Firm's attorneys, paralegals, and case assistants are: partners, $345-$600; of-counsel attorneys, $450; associate attorneys, $265-$335; paralegal assistants, $140-$215; case assistants, $110; secretarial– paralegal, $75. I currently bill at $460 an hour, but my hourly rate will increase to $475 per hour as of January 1, 2018. I attach Addendum A, which sets forth the current hourly billing rates for the Firm's attorneys and paralegal assistants. You will also be charged, in all cases consistent with the United States Trustee guidelines, for copy and telecopy services, long distance telephone, postage, electronic research, messenger service, word processing, office clerk services, secretarial overtime, parking expense away from the office, filing fees and other disbursements, court and

EXHIBIT A

Cuker Interactive, LLC
December 12, 2018
Page 7

deposition reporters' fees, jury fees, investigation fees, consultants' fees, expert witness fees, mediator, arbitrator and/or special masters' fees, travel expenses (including parking, mileage, transportation, meals and hotel), and any other costs and charges incurred on your behalf. The hourly rates set forth above and the itemization of costs and in-house charges are subject to change and may not be all inclusive. If our office adopts new hourly rates or adjusts its in-house charges from time to time during the course of our representation, fees and charges will then be billed and payable based on such adjustments. As a general rule, our office adopts new rates and charges annually, usually effective January 1st of each year. Itemization of billing rates on our monthly statements will serve as notice of any such changes. Except for the following items, all costs and charges will be billed at our actual cost: in-house document production charges—$0.15 a page, and $.50 a page for color copies; secretarial overtime—$50 an hour; and automobile travel—the IRS current standard mileage rate. To the extent these sums are in excess of the charges which are allowable pursuant to the United States Trustee's guidelines or by the Bankruptcy Court, we will reduce them to reach conformity with those requirements.

Litigation today now includes stages involving the discovery of electronically stored information ("ESI"): the collection, analysis, reproduction, and exchange of emails, files, and documents created and stored on computers, servers and mobile devices and often never printed out. Our firm has trained personnel and utilizes up-to-date hardware and software to handle these evolutions in an economical manner. The firm will bill at a flat rate of $175 per gigabyte of processed ESI that passes to legal review. We will also charge $15 per gigabyte for ESI we cull from the original data set by filtering or using techniques such as deduplication or deNISTing. We will base billing upon actual uncompressed data size and not upon the size of the compressed ESI delivered to us. However you can direct us to have that work performed by outside vendors if you prefer. If we require extraordinary technical support to process ESI data efficiently, we will bill that at our regular hourly rates.

There is also substantial ESI now stored on mobile devices. We have acquired another technology that allows us to efficiently preserve, collect, process, and control data from over 6800 devices including iPhone ®, iPad ®, Android ™, Blackberry ®, and MTK Chinese. Again we believe our charges are a discount from the fees of outside vendors. Our flat fee for this service is $450 per device. You may however choose to have this data extracted by an outside vendor

Our itemized statements for services rendered and for any costs advanced on Your behalf will be submitted to You monthly for your information although we must make application to the Bankruptcy Court for approval of our fees and reimbursement of our costs. You agree to promptly review each statement and to raise any question or dispute within 10 days of the billing date. Any dispute between You and us with respect to our billings shall be submitted for resolution to the Bankruptcy Court if the Bankruptcy Court has jurisdiction over You or otherwise to mandatory binding arbitration conducted in accordance with rules of the State

EXHIBIT A

Cuker Interactive, LLC
December 12, 2018
Page 8

Bar of California.

You have transferred to us a pre-petition retainer of $46,717.00 for the fees and expenses to be incurred in connection with both preparations for and following the chapter 11 filing, inclusive of the $1,717 filing fee. You've advised me that the retainer is paid from funds owned by the Company and obtained from its ordinary operations. The funds will be placed in our attorney client trust account. You authorize us to draw upon the retainer to satisfy all fees and expenses incurred before the chapter 11 filing, and as incurred by us and allowed by the Bankruptcy Court.

You also grant Solomon Ward a lien in the funds to be held by the firm to secure the payment of all attorneys' fees and costs incurred through our representation. Our possession of the retainer in our trust account will be deemed perfection of our security interest in such funds pursuant to California Commercial Code sections 9312(b)(3) and the 9313(a), and applicable California law.

### Waiver regarding Adverse Security Interest

California law requires that whenever an attorney acquires an interest in the client's property which might be adverse to the client, such as our retention of a security interest in the retainer as set forth above, the following conditions must be satisfied:

> (A)  The transaction and its terms are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which should reasonably have been understood by the client;
>
> (B)  The client is advised in writing that the client may seek the advice of an independent lawyer of the client's choice and is given a reasonable opportunity to seek that advice; and,
>
> (C)  The client thereafter consents in writing to the terms of the transaction.

As such, we must and hereby advise you that before consenting to the security interest in our retainer as described above, You may seek the advice of an independent lawyer of your choosing. You may take whatever time is necessary to do so before signing this Engagement Agreement.

You may discharge us at any time. Additionally, we may withdraw for reasons which include without limitation Your breach of this agreement, Your refusal to cooperate with us or to follow our advice in a material matter, or the occurrence of any fact or circumstance that would render our continuing representation of You unlawful, unethical or otherwise inappropriate in our judgment. We and You each agree to sign any documents reasonably

EXHIBIT A

Cuker Interactive, LLC
December 12, 2018
Page 9

necessary to effect or complete our discharge or withdrawal. We are required by the California Business & Professions Code to inform you that our firm maintains errors and omissions coverage for our legal services in this matter.

Although we will perform our professional services on Your behalf to the best of our ability, we cannot make and have not made any guarantees regarding the outcome of the Bankruptcy Case. Our expressions about the outcome of the Bankruptcy Case are our best professional estimates only, and are limited by our knowledge at the time they are expressed. Solomon Ward will be compensated for the time and efforts it devotes on Your behalf and not for any guaranteed or predicted results.

This letter agreement constitutes the entire understanding between You and Solomon Ward regarding Solomon Ward's employment. By executing this agreement, You acknowledge that You have read this agreement carefully and understand all of its terms. No modification of this agreement shall be valid unless it is in writing, signed by both parties, and approved by the Bankruptcy Court.

### Solomon Ward's disclosure of connections with creditors and other parties in interest

Solomon Ward has searched its data base to identify all prior connections with you, or with creditors, shareholders or other parties in interest. We will supplement this letter to disclose any other connections we uncover after this date. We have uncovered the following connection with such entities:

Solomon Wards' attorneys may have personal relationships with one or more of the following entities, or the principals or partners of such entities which are listed as Your creditors: Pillsbury Winthrop Shaw Pittman, LLP.

One or more of Solomon Ward's partners has acted and may currently act as an arbitrator in unrelated matters administered by your creditor, the American Arbitration Association.

Finally, several of the entities which are listed as creditors have been parties in interest or creditors in other unrelated bankruptcy cases in which we have represented either debtors, trustees or Official Committees. These entities are: Ardent Law Group, Pillsbury Winthrop Shaw Pittman, LLP, Torrey Partners, TekWorks Inc., Jan-Pro, and Wal-Mart Stores, Inc.

We do not deem these non-attorney client relationships or connections in other bankruptcy matters (we never represented the individual interests of any of these entities on matters related to you) to pose conflicts requiring waivers, but do believe it is appropriate to advise you and the court of these facts.

To the extent that our further search of our data base uncovers connections with creditors or

**EXHIBIT A**

Cuker Interactive, LLC
December 12, 2018
Page 10

other parties in interest, I will supplement this letter to advise you of such connections.

To confirm our agreement under the terms and conditions set forth above, please date, sign and return to us the enclosed copy of this letter agreement, indicating your approval of its contents. We look forward to representing your interests.

Sincerely,

Michael D. Breslauer for
Solomon Ward Seidenwurm & Smith, LLP

Approved and agreed to on December 12, 2018

CUKER INTERACTIVE, LLC

By: _____
Name:
Its:        ADEL ATALLA

EXHIBIT A

ADDENDUM A

## CURRENT SCHEDULE OF HOURLY RATES

LAWYER RATES

| | |
|---|---|
| Michael B. Abramson | $440 |
| Mark Angert | $375 |
| Scott Biel | $495 |
| Michael D. Breslauer | $460 |
| Kristin C. Cline | $375 |
| Daniel E. Gardenswartz | $465 |
| David M. Greeley | $390 |
| Aubree L. Green | $365 |
| Amanda L. Harris | $475 |
| Katherine M. Hoffman | $495 |
| William N. Kammer | $475 |
| Lawrence J. Kaplan | $420 |
| Thomas F. Landers | $410 |
| Michael B. Lees | $385 |
| G. Scott Lutz | $450 |
| Richard E. McCarthy | $465 |
| Rodrigo F. Moreira | $360 |
| Harry J. Proctor | $480 |
| Tanya M. Schierling | $425 |
| Stephen L. Schreiner | $460 |
| Lawrence M. Sherman | $595 |
| Levi Y. Silver | $400 |
| Norman L. Smith | $600 |
| Herbert J. Solomon | $495 |
| Lauri J. Stock | $470 |
| Leah S. Strickland | $345 |
| Stephen T. Toohill | $500 |
| William V. Whelan | $475 |
| Matthew T. Arvizu | $265 |
| Andrew D. Brooks | $335 |
| Jeannette V. Filippone | $365 |
| Mei-Ying M. Imanaka | $295 |
| Jing Y. Li | $295 |
| Andrew C. Myers | $295 |
| Darlene Rabena | $275 |
| Priyanka Talukdar | $250 |
| Deborah A. Yates | $325 |
| | |
| PARALEGAL RATES | $140-$215 |
| CASE ASSISTANT RATES | $110 |
| SECRETARIAL – PARALEGAL | $75 |

A different rate for specialized services or relating to a case or matter requiring special
expertise may be charged with client approval.
P:01252859:60665.002

EXHIBIT A

# EXHIBIT B

EXHIBIT A



Solomon
Ward
Seidenwurm &
Smith LLP

Wells Fargo Plaza
401 B Street, Suite 1200
San Diego, California 92101
Telephone (619) 231-0303
Facsimile (619) 231-4755
www.swsslaw.com

## DESCRIPTION OF THE FIRM

Solomon Ward Seidenwurm & Smith, LLP is a law firm, founded in 1977, dedicated to pursuit of excellence on behalf of its clients.

The Firm brings both sophistication and sensitivity to our clients' legal needs.  We believe in accessibility, responsiveness, practical solutions, and reasonable fees.  The extensive expertise and diversity of practice areas of our lawyers enables us to provide a full range of legal services to individuals, as well as to businesses of all sizes.  Our size and staffing allow us to efficiently and effectively handle matters of various levels of complexity, including large, complex matters.  *To become better acquainted with the Firm, please visit our website at www.swsslaw.com.*

Our professional expertise includes the areas of practice and subspecialties described below.

EXHIBIT A

Page 2

# AREAS OF PRACTICE

**ADMINISTRATIVE LAW** – Regulatory and enforcement actions by state agencies can impose significant costs and at times threaten a company's existence. We advise clients before California regulatory agencies, bureaus, and commissions, including trials and evidentiary hearings under the Administrative Practices Act.

**BANKRUPTCY AND INSOLVENCY -** Our team's significant experience in representing debtors, creditors, trustees, and committees in bankruptcy and out-of-court proceedings enables us to achieve strong results for our clients. We counsel clients regarding pre-bankruptcy planning, debt restructuring, reorganizations, bankruptcy and non-bankruptcy liquidations, and collection matters. Our insolvency team's attorneys have both transactional and litigation experience, making them effective across a broad spectrum of bankruptcy and insolvency issues.

**BUSINESS AND CORPORATE LAW -** We advise our clients regarding the formation, operation, and governance of corporations, limited liability companies, partnerships, joint ventures, strategic alliances, and proprietorships. Our skilled team has substantial experience with private placements of securities and venture capital transactions and public offerings, and we advise public clients on compliance and reporting matters under Federal securities laws. Mergers and acquisitions are a particular area of focus for our attorneys. We have represented buyers, sellers, and investment bankers. Additionally we handle state and federal trademark and service mark selection, use, and registration, and intellectual property protection and licensing.

**BUSINESS DISPUTES -** Our clients depend on our skilled attorneys to assert their rights and protect their interest. While many disputes can be resolved without litigation, our trial lawyers are prepared to expertly handle any matter through mediation, arbitration or trial.

**BUSINESS LITIGATION -** As trial lawyers we handle all types of litigation and dispute resolution for plaintiffs or defendants in state and federal courts or arbitration and mediation tribunals. Our expertise ranges from the prosecution of complex intellectual property and commercial cases for national and international corporations to local dispute representation for individuals and small businesses. We use efficient methods to handle disputes from their inception, with the presumption that we are going to try the case. As a result, our clients retain the strongest negotiating positions. While we are prepared to litigate through trial and appeal, where appropriate we encourage the use of early settlement and alternative dispute resolution techniques that best represent our clients' interests. We harness the full expertise of our firm's practice groups to affect litigation avoidance, risk management, and pre-litigation strategy. We use the leading litigation technologies to organize and manage our clients' cases and to plan, control and participate in electronic discovery, which greatly reduces expenses so that the ability to litigate a fair resolution is not unduly impacted by costs.

**CLASS ACTIONS AND UNFAIR COMPETITION -** Our lawyers have substantial experience representing parties, including public and private companies, in state and nationwide class action litigation of many different varieties, including:

EXHIBIT A

Page 3

# AREAS OF PRACTICE

- Consumer class action litigation under various state laws, including under California Business & Professions Code §17200 (the "Unfair Competition Law") and §17500 (False Advertising) and the California Consumer Legal Remedies Act

- "Wage and hour" employment class action litigation

- Securities class action litigation under the federal securities laws

- Class actions under the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act

- Class actions under California's "Proposition 65" concerning failure to warn of environmental exposures

- Class actions arising out of state franchise laws.

Most of our representations have involved defending well-known companies, usually as lead counsel (although we also have significant experience as local counsel).  Many of these matters have resulted in important published decisions.

**COMMERCIAL LANDLORD-TENANT LAW** - When both parties live up to their responsibilities, a commercial lease is a mutually beneficial agreement, but when one party fails to fulfill its obligations, the landlord's bottom line can be severely affected. While California unlawful detainer proceedings provide expedited relief for commercial landlords seeking to evict a tenant, these summary proceedings require strict adherence to the numerous statutory requirements that comprise California landlord-tenant law. Our experienced landlord-tenant law attorneys are intimately familiar with the pitfalls associated with California landlord-tenant law. With our more than 25 years of experience in landlord-tenant law, we efficiently and effectively protect the rights of landlords and businesses involved in commercial lease disputes, providing both plaintiff and defense counsel to landlords and businesses.

**CONSTRUCTION LAW** - We assist general contractors, sub-contractors, design professionals and developers in all aspects of construction, including negotiation and drafting of construction contracts, advice regarding mechanic's liens, stop· notices, and bonding issues, licensing, insurance claims and coverage issues.  Litigation on behalf of our construction clients includes both traditional court proceedings and contractually mandated arbitration.

**ELECTRONIC DISCOVERY & ESI SERVICES** - Our firm has installed applications that allow us to preserve, process and review ESI of all types. Our team of trained and certificated personnel can accomplish those tasks in a legally defensible manner. Our in-house abilities allow us to perform those tasks for clients at a cost markedly below the charges of electronic discovery vendors. Our firm won the Law Technology News National Innovation Award for firms with fewer than 100 lawyers. The Award recognizes outstanding achievement in integrating technology into legal work to help us deliver better, faster, and cheaper services to our clients. We won because of the hardware and software we have installed and operate to deliver essential electronic discovery services to our

EXHIBIT A

Page 4

# AREAS OF PRACTICE

clients. AccessData® published our firm as legal case study regarding use of our e-Discovery suite. These are the applications we use most often:

*Forensic ToolKit® (FTK®)* - We use the full power of FTK®, a court-accepted digital investigations platform built for speed, stability, and ease of use to process forensically and analyze data up-front and then seamlessly view the processed data directly in Summation.

*Summation®*

- Integrated Technology Assisted Review ("TAR" or "Predictive Coding")
- Early case assessment/first pass review through final review and production
- Visual analytics of case data to streamline culling and identify relevant relationships
- Advanced search including concept and "4D"
- Web based with multi user, multi-site support
- Cull data by custodian, data source, document metadata and type
- De-duplicate email and ESI across entire matter or by custodian with a mouse click
- Enhanced email threading engine with cluster (similar document content) analysis
- Enhanced date range filtering of files and email
- Real time transcript review with additional reporting enhancements
- Import of Concordance and Relativity load files

**EMPLOYMENT LAW** - The firm's employment law department is committed to ensuring that our clients' employees remain one of their greatest assets, rather than one of their constant liabilities. In doing so, we advise our clients about current and potential changes in the complex web of employment laws and regulations, and we defend a wide variety of claims that may arise from the employment relationship, in federal and state courts as well as administrative proceedings. Our firm also assists in preparing employment and related contracts, and assists individual employees with respect to their hiring, compensation, and separation from employment. Our expertise in the employment context includes:

- Wage and hour claims and compliance
- Discrimination, retaliation, and related public policy claims and investigations
- Sexual and other forms of unlawful harassment
- Drafting of and litigation related to employment or related incentive compensation agreements
- Trade secret and noncompetition disputes and documentation
- Policies and procedures compliance (i.e. Safety, Background Checks/Drug Testing, Employee Handbooks, Etc.)

EXHIBIT A

Page 5

# AREAS OF PRACTICE

- Independent contractor vs. employee disputes and compliance
- Class action avoidance and defense
- Arbitration agreements and proceedings
- Prosecution and defense of claims before state and federal labor boards and administrative tribunals.

Regardless of their size or industry, clients frequently need flexible, practical approaches to manage their employment relationships and to resolve employment disputes.  We therefore strive to provide not only accurate but also practical advice, allowing our clients to achieve a healthy and productive relationship between employer and employee.

**FAIR CREDIT REPORTING ACT/CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**- Our team has extensive experience defending clients against claims arising under the Fair Credit Reporting Act (FCRA) and the California Credit Reporting Agencies Act (CCRRA). Passed in 1970, FCRA governs how information is furnished to and reported by consumer reporting agencies, as well as the circumstances under which users may lawfully obtain and use consumer report information. Originally enacted in 1975, CCRAA, the California version of the FCRA, governs credit reporting conduct and is not completely preempted by the FCRA. Our attorneys have years of experience defending lawsuits filed under both statutes.

**FAIR DEBT COLLECTION PRACTICES ACT/CALIFORNIA ROSENTHAL ACT**- Our team has extensive experience defending creditors, debt buyers and debt servicers against claims brought under the Fair Debt Collection Practices Act (FDCPA) and the California Rosenthal Act. Introduced by the Federal Trade Commission in 1978, the FDCPA governs debt collectors seeking to collect consumer debt. The Rosenthal Act, enacted the same timeframe as its federal counterpart, the FDCPA, contains many of the same collection agency obligations as the FDCPA and also extends to original creditors. Our experience helps clients navigate the complex nature of these lawsuits to achieve favorable results.

**FAMILY LAW** - With proven expertise, insight, creativity, and compassion, our knowledgeable legal team is well equipped to help you navigate the complex rules and procedures of the family court system.  We are sensitive to the emotional nature of domestic matters and the importance of a results-driven approach in securing the best future for you and for your family.  Our team focuses first on the client's needs and stands ready to guide you through all types of family law proceedings, whether through mediation or traditional litigation, including:

- Divorce
- Dissolution of Domestic Partnerships
- Annulment
- Legal Separation
- Judgment Modifications
- Child Custody & Visitation

EXHIBIT A

Page 6

# AREAS OF PRACTICE

- Child Support & Spousal/Partner Support
- Step-Parent Adoption
- Paternity Actions (Unmarried Parents)
- Property Division
- Domestic Violence & Restraining Orders
- Prenuptial Agreements, Postnuptial Agreements, and Cohabitation Agreements

**GAMING LAW-** The California Gambling Control Act and the numerous regulations propounded under the Act comprise an extraordinarily detailed statutory framework. Even the most diligent owners of gambling establishments risk non-compliance with the rules and regulations governing the California gaming industry. We provide the expertise and experience necessary to master the regulatory scheme. Our services in this area include license applications, compliance advice, negotiation and (when necessary) litigation with the Department of Justice and the Bureau of Gambling Control, and defense of hearings before administrative law judges and the California Gambling Control Commission.

**INDEPENDENT INVESTIGATIONS & REPORTING -** We are experienced in conducting investigations on behalf of both private and public employers into claims of misclassification, wrongful termination, discipline, harassment, retaliation, discrimination and a wide range of other employment based claims, on both the state and federal level. The law requires that the employer investigates employee complaints of discrimination in the workplace. A quality and thorough investigation will protect the employer from disruptive workplace conflict, costly litigation and negative publicity.

**INTELLECTUAL PROPERTY & TECHNOLOGY –** Intellectual property is a key asset of every business; a company's unique brand hopes to convey the quality and reliability of its products and services to both existing and potential customers and users. The intellectual property landscape itself is ever-evolving, presenting new challenges and opportunities across the entire business spectrum. Global is now local, and all businesses in every geographic location are now affected by the evolution of the IP landscape. Our highly-regarded intellectual property lawyers skillfully apply their knowledge and business acumen to address today's unique challenges, and help clients strategically create, manage and exploit their intellectual property assets. Our attorneys have developed a deep knowledge and understanding of domestic and international issues, and we efficiently assist our clients in protecting their valuable intellectual property. Our team protects and defends clients' intellectual property rights effectively and efficiently – avoiding litigation and seeking alternative resolutions. When litigation is necessary or appropriate, our attorneys bring the breadth of experience and resources that only a full service firm can provide:

*Trademark Prosecution* – Our core trademark legal services include domestic and foreign trademark counseling and clearance searches, prosecution of applications, and post-registration maintenance of registrations and recordation of assignments. We counsel our

EXHIBIT A

Page 7

# AREAS OF PRACTICE

clients on the strategic worldwide trademark protection, increasing the value of their businesses.

*Trademark Enforcement and Defense* – We specialize in domestic and foreign trademark disputes, including the prosecution and defense of Opposition and Cancellation proceedings before the courts, the United States Trademark Trial and Appeal Board, and its foreign jurisdictional equivalents. Our objective is to resolve these disputes through settlement whenever appropriate, in a manner that most efficiently protects our clients' trademark assets.

*Copyrights* – Our attorneys counsel clients to plan for maximum copyright protection by registration of copyrights in the United States and worldwide, and we represent clients in dispute and litigation matters involving the enforcement and defense of copyright issues. We specialize in Internet copyright issues, where infringement has increased substantially due to the ease with which third parties can copy and derive commercial benefit from the intellectual property created – and exclusively owned – by our clients.

*Trade Secrets* – Our attorneys have vast experience handling an array of trade secrets issues, including developing internal procedures and security measures for our clients; managing all aspects of trade secrets litigation; and the evaluation and transfer of trade secrets in mergers and acquisitions. We counsel our clients on how to prevent the theft of valuable trade secrets before their unauthorized disclosure, which often results in losing intellectual property that cannot be remedied.

**INTERNATIONAL LAW** - Our international law practice utilizes a cross-section of attorneys from our diverse practice groups who collectively possess substantial experience in matters such as multi-jurisdictional litigation, international arbitration, recovery of foreign judgments, and litigation against governments and governmental instrumentalities. Our team supports and represents individuals and business entities involved in the structuring of inbound and outbound transactions including mergers, acquisitions, and reorganization of entities as well as related cross-border tax, estate planning, and dispute resolution matters.  Our casework typically consist of:

- Public and privately held national and multi-national entities in relation to mergers, acquisitions and recapitalizations

- National and multi-national manufacturers and distributors concerning a broad spectrum of transactions and disputes

- Public companies in the formation of major strategic international relationships.

**LEGAL ETHICS AND PROFESSIONAL RESPONSIBILITY** - We have unique experience and expertise advising and representing other lawyers and their firms on issues of professional responsibility and claimed professional misconduct.  Team members have served on the California State Bar's Statewide Committee on Professional Responsibility and Conduct (COPRAC), are members of the San Diego County Bar Association's Legal Ethics

EXHIBIT A

Page 8

# AREAS OF PRACTICE

Committee and the American Bar Association's Committee on Professional Responsibility. They advise other lawyers and their firms as ethics and potential malpractice questions arise in order to forestall potential claims and possible disqualification or discipline. They also represent lawyers and firms against whom clients have made claims, and serve as expert witnesses to trial counsel.

**REAL ESTATE** - Our real estate practice includes a full range of real estate matters for a diverse group of clients and encompasses all phases of real estate investment, financing (including workouts and restructurings), development, and ownership and operation. We regularly assist our clients in purchases and sales, construction and permanent financing, joint ventures, limited and general partnerships, limited liability companies, co-tenancy arrangements, development agreements, and construction contracts. We handle leasing transactions on behalf of landlords and tenants including ground leases, retail, industrial, and office leases, and build-to-suit leases. Our real estate attorneys are active in assisting general business clients in facilities leasing and acquisition, land use and zoning matters, operational and property management issues, and all aspects of forming and operating common interest developments such as condominium projects and planned developments. Additionally our team has built specialized expertise in the representation of developers of projects financed by credit-enhanced municipal bonds, particularly multifamily housing bonds.

**TAXATION** - We are highly experienced in structuring transactions and providing general tax counsel to individuals and all forms of business entities including existing clients of other practice groups and clients of certified public accountants and other law firms. Additionally, we have significant experience in the representation of taxpayers before taxing authorities in connection with disputed tax issues. Our tax practice is closely integrated with our real estate, corporate/ business and business litigation practices in order to provide the highest level of service to our clients.

**TRUSTS AND ESTATE PLANNING** - Our trusts and estates planning team represents individuals in the drafting of wills, trusts, and other estate planning documents. We also advise our clients with respect to estate tax, gift tax, and generation-skipping tax planning and resolution of tax controversies.

EXHIBIT A

Page 9

# BIOGRAPHIES

## PARTNERS

**MICHAEL B. ABRAMSON** *(General Business, Corporate Law, Real Estate, and Estate Planning)* - Mr. Abramson practices general business, corporate law, real estate, and estate planning. He received his Juris Doctor from the University of San Diego School of Law and graduated with honors from University of California at Santa Barbara. He received a Master of Laws (LL.M.) in Taxation from the University of San Diego School of Law and became a certified mediator by the Isla Vista Mediation Center. Mr. Abramson is a member of the State Bar of California, and the business, tax, and estate planning sections of the San Diego County Bar Association. Prior to practicing law, Mr. Abramson co-founded the leading computer ergonomics company, where he later served as Vice President of Business Development.

**MARK ANGERT** *(Business Litigation, Corporate and Business Law)* – Mr. Angert represents various clients in business disputes ranging from breach of contract and breach of fiduciary duties to intentional interference with business and fraud. He represents parties in both State and Federal courts and relies on his business and legal backgrounds to present the most effective, efficient, and beneficial results for all of his cases. In addition to litigating cases in California, he also oversees litigations abroad for some of his corporate clients. He works with his clients on set up and maintenance of various corporate entities and advises his clients in strategies and techniques to ensure continued success of these entities. Mr. Angert was born in Odessa, Ukraine. He pursued his Bachelor of Science in Neuroscience and Mammalian Physiology with a Minor in Russian Studies from the University of California, San Diego. After obtaining his undergraduate degree, Mark traveled all over the world working for M&M International Trading Corporation. While at M&M International, Mr. Angert led the development of M&M International's subsidiary, Golden Brazil, a coffee manufacturing and trading company. He made Golden Brazil a multi-million dollar success, which was eventually spun-off. While at M&M International, Mr. Angert was promoted to Vice President and eventually became a co-owner of both companies. Mr. Angert received his J.D. from the University of San Diego, School of Law in 2005.

**SCOTT BIEL** *(Business & Corporate Law, Construction Law, and Real Estate)* Mr. Biel is nationally-recognized as an expert on commercial lease transactions and lease-related issues, particularly involving research & development (R&D) and manufacturing facilities of technology-based companies. His clients include both landlords and tenants of office, medical, retail, industrial and mixed-use projects. Scott's record of transactions involve some of the largest single-tenant projects in the U.S., with insight from both sides of the negotiating table from working with institutional investors and landlords, as well as tenants (including several Fortune 500 companies), in leases, sale-leasebacks and joint venture transactions. Scott's background in operational engineering informs his approach to documenting leases as both legal agreements, allocating rights and obligations between the parties, and as "operating manuals" with clear provisions and processes for administrative efficiency and avoiding costly and time-consuming lease disputes. His structuring and

EXHIBIT A

Page 10

# BIOGRAPHIES

negotiation efforts are focused on providing clear advice and reasoned recommendations based on a pragmatic balancing of the parties' priorities in order to expedite the completed transaction. In doing so, Scott is proactive in recommending when additional input is appropriate. For example, in representing one of the first developers of multi-tenant internet hosting data centers in the development of its colocation services agreements, in addition to input from the client's engineering and construction advisors on the technical aspects of services, he consulted with the client's sales and marketing team  and with its risk managers and insurance advisors to verify that the technical input to those agreements conformed to customer expectations and the client's underwriting policies.

**MICHAEL D. BRESLAUER** *(Bankruptcy, Insolvency, and Related Litigation)* - Mr. Breslauer is the managing partner of Solomon Ward.  He represents debtors, creditors, trustees, official committees and other interested parties in bankruptcy and out-of-court restructurings and reorganizations.  He also represents parties in state and federal receiverships and collection proceedings.  Mr. Breslauer graduated from the University of Wisconsin before graduating Cum Laude from the University of San Diego School of Law. He was previously a member of Gray Cary Ware & Freidenrich in San Diego and has lectured on bankruptcy, debtor/creditor and related topics to both lay and lawyer audiences.  He has served as a mediator and arbitrator for the Mediation Panel of the United States Bankruptcy Court for the Southern District of California.

**KRISTIN C. CLINE** *(Corporate, Securities, General Business)* – Ms. Cline's practice encompasses a wide range of general business, corporate and securities transactional matters.  Ms. Cline is a native of San Diego and she received her Juris Doctor from the University of San Diego School of Law.  She received her undergraduate degree from the University of California at Los Angeles, where she graduated *cum laude* with a degree in Communication Studies and a minor in Spanish. Ms. Cline is a member of the State Bar of California and the San Diego County Bar Association.

**DANIEL E. GARDENSWARTZ** *(Employment Law, Civil Litigation)* - Mr. Gardenswartz has a diversified practice involving both litigation and business transactions, with a particular specialty in issues surrounding the employment relationship.  He was born in Albuquerque, New Mexico, and received his undergraduate degree in International Affairs from George Washington University's Elliot School of International Affairs, where he graduated *cum laude* and was selected to be in the Phi Beta Kappa National Honor Society.  Mr. Gardenswartz attended law school at Emory University in Atlanta, Georgia, was ranked in the top 8% of his law school class, and was admitted into the Order of the Coif law honor society.  Mr. Gardenswartz has represented employers and employees alike in almost all aspects of employment, including providing advice and representation concerning wage and hour, wrongful termination, discrimination and harassment, whistle blowing, executive compensation, and other state and federal laws governing the employment relationship.  He likewise has participated in trials, arbitrations, and mediations involving various construction, breach of contract, real estate and other commercial disputes.  Among his community service activities, Mr. Gardenswartz currently

EXHIBIT A

Page 11

# BIOGRAPHIES

serves as the Regional Board Chair for the San Diego Anti-Defamation League. Mr. Gardenswartz has also taught advanced legal drafting as an adjunct professor for California Western Law School, and frequently gives seminars on a variety of employment law and other litigation related topics.

**AUBREE L. GREEN** *(Real Estate)* -- Ms. Green has extensive experience in all aspects of commercial real estate transactions, including acquisitions, dispositions, leasing and financing of casinos, hotels, industrial, retail, office, multi-family and other commercial properties. Ms. Green also represents clients with respect to land use and other regulatory matters relating to real estate development. She has a strong background in corporate and other business matters. Ms. Green has served as regional counsel to a public home builder and general counsel to a privately held conglomeration of companies consisting of homebuilding, mining and agribusiness. Her depth of experience allows her to diligently and efficiently achieve client's objectives. Ms. Green graduated from the University of San Diego, School of Law in 2005 and was a member of the San Diego Law Review.

**AMANDA L. HARRIS** *(Family Law)* – Ms. Harris is certified by the State Bar of California as a Specialist in Family Law. Her practice focuses exclusively on family law matters, with an emphasis on complex, high net-worth marital dissolutions. Prior to joining the firm, Ms. Harris was a shareholder at the law firm of Seltzer Caplan McMahon Vitek, where she served as the Chairperson of the Family Law Practice Group. She began her legal career in 1995 at the San Francisco law firm of Sucherman & Collins, representing high net-worth clients, then continued to build on her experience at the Law Offices of Lawrence H. Stotter, where she worked on several high-profile cases. While attending Hastings, she worked as a law clerk for Bernard N. Wolf and as an extern for the Superior Court of California Family Law Department in San Francisco.

**KATHERINE M. HOFFMAN** *(Intellectual Property )* – Ms. Hoffman practices domestic and international intellectual property law, encompassing protection and enforcement of trademarks, copyrights, trade dress and trade secrets, including clearance and infringement opinions and trademark prosecution before the United States Patent and Trademark Office. She has expertise in trademark, copyright, domain name and trade dress infringement and ownership disputes, and has substantial experience in administrative litigation before the United States Trademark Trial and Appeal Board. Her transactional expertise includes domestic and international intellectual property licensing and distribution agreements, technology transfer transactions related to software, medical technology and biotechnology, joint research and development agreements, confidentiality agreements, consulting agreements, publishing agreements, and development and marketing licenses. Ms. Hoffman also advises attorneys and clients on intellectual property acquisition, protection and enforcement strategies and procedures.

**LAWRENCE J. KAPLAN** *(Tax Law, Estate Planning, General Business, and Real Estate)* - Mr. Kaplan's practice focuses on tax law and estate planning. He additionally handles a wide variety of related business and real estate matters. His tax practice includes

EXHIBIT A

Page 12

# BIOGRAPHIES

representation of individual and business clients in the resolution of disputes with taxing authorities. Mr. Kaplan received his undergraduate degree from the University of California at Los Angeles and graduated Cum Laude from the University of San Diego School of Law. Mr. Kaplan also received an LL.M. in Taxation from the University of San Diego School of Law, Cum Laude, and is a Certified Specialist in Taxation Law. He has lectured frequently to lawyers and other professionals on taxation and related subjects. In addition to being a member of the California Bar, Mr. Kaplan is also a Certified Public Accountant (inactive). He also serves frequently as an arbitrator for the American Arbitration Association and is a member of its Large Complex Case Panel.

**WILLIAM N. KAMMER** *(Commercial Litigation)* - Mr. Kammer is an experienced business trial lawyer, particularly in the areas of telecommunications and technology, environmental matters, unfair business practices, alternative dispute resolution, and federal and complex litigation. He is an associate member of the American Board of Trial Advocates and a mediator and arbitrator for the American Arbitration Association. Mr. Kammer graduated from Fordham University and obtained a Master of Arts degree from Duke University and his law degree from Tulane University. He was formerly a partner in Gray Cary Ware & Freidenrich LLP and chaired its Litigation Department. He is a past-president-elect of the Tulane Alumni Association and of the San Diego chapter of the Federal Bar Association, and an officer, director or committee chair of numerous professional and non-profit organizations. He teaches Communications Law & Policy at the University of San Diego School of Law. Mr. Kammer retired as a Captain in the United States Naval Reserve.

**THOMAS F. LANDERS** *(Civil Litigation)* - Mr. Landers practices civil litigation, with an emphasis on business, commercial and bankruptcy litigation. He graduated from the University of Southern California Law School where he was a Legion Lex Scholar and champion of the Hale Moot Court Honors Program. Mr. Landers graduated from Duke University, cum laude, with a Bachelor's Degree in English. He also studied at the University of New South Wales in Sydney, Australia. Mr. Landers is licensed to practice before all courts of the State of California, and is a member of the American, Los Angeles County, and San Diego County bar associations.

**MICHAEL B. LEES** *(Tax, General Business, Corporate/LLC/Partnership Law, Real Estate and Estate Planning)* – Mr. Lees regularly advises businesses, business owners, individuals and professionals with tax, business and real estate matters, including entity formation, purchase and sale transactions, general contract preparation/negotiation and estate planning. He graduated double major in accounting and finance from the University of Arizona, received his Juris Doctor from the University of San Diego School of Law, and his Masters of Laws (LL.M.) in Taxation, with distinction, from Georgetown University Law Center. Mr. Lees has been admitted to the U.S. Tax Court, the State Bar of California, and is a member of the business and tax sections of the San Diego County Bar Association.

**RODRIGO F. MOREIRA** *(Corporate and Business Law, Real Estate and Construction Law)* - Mr. Moreira's practice includes representing clients in a wide range of corporate and real

EXHIBIT A

# BIOGRAPHIES

estate matters, including corporate structuring and finance, mergers and acquisitions, private equity, securities, licensing and real estate purchases, sales and leases. Mr. Moreira's practice also includes advising clients on intellectual property matters, including trademark, copyright and trade secret matters. Mr. Moreira also has extensive experience negotiating and drafting construction contracts and advising and representing clients on state and federal government procurements, including small business structuring and procurements. Mr. Moreira is admitted to practice before all California state courts, the United States District Court for the Southern District of California and the United States Court of Federal Claims. He received his Juris Doctor from the University of San Diego School of Law where he was a member of the San Diego Law Review. Mr. Moreira received his Bachelor of Arts in Political Science from the University of Arizona.

**HARRY J. PROCTOR** *(Corporate, General Business, Securities and Real Estate)* - Mr. Proctor's practice concentrates on transactional, financing, and securities law aspects of corporate, partnership, business, real estate, franchises, domestic and international commercial matters, emerging growth and technology related companies.  His clients range from retailers and developers to companies involved in software development, telecommunications, and biotechnology.  Mr. Proctor graduated from San Diego State University in 1971 and received his Juris Doctor from the University of California (Boalt Hall) in 1977.  Mr. Proctor serves as a panel member of the American Arbitration Association in commercial, real estate and securities law matters.  He has been admitted to the U.S. Tax Court and is a member of the California State Bar (Business and Real Estate Sections) and the San Diego County Bar Association.   Mr. Proctor also served as a Probation Master of the California State Bar and on the Education Committee of the State Bar Business Law Section.   He has lectured on corporate and securities law for the Continuing Education of the Bar and the State Bar Business Law Section.

**TANYA M. SCHIERLING** *(Business Litigation)* - Ms. Schierling practices general business litigation, with an emphasis in employment law.   She graduated *cum laude* from Dartmouth College in 1992, with a degree in Government, and then earned her Juris Doctor *with honor*s from George Washington University National Law Center in 1995. Upon graduating from law school, Ms. Schierling was admitted to the Maryland Bar, and immediately gained extensive trial and advisory experience during her four-year service as an officer in the U.S. Army Judge Advocate General's Corps where she achieved the rank of Captain.  After being admitted to the California Bar in 2000, Ms. Schierling relocated to San Diego where she has practiced in civil litigation, providing clients pre-litigation and dispute resolution advice, as well as representing clients through all phases of litigation, including numerous trials and arbitration proceedings. Ms. Schierling was elected partner in January 2006.  Ms. Schierling is a member of the Lawyers Club of San Diego, and volunteers for an animal rescue organization and as an alumni interviewer for Dartmouth College Admissions.

**STEPHEN L. SCHREINER** *(Business Litigation)* – Mr. Schreiner has extensive experience representing business owners in complex trials, arbitrations, and appeals.  His practice has

EXHIBIT A

Page 14

# BIOGRAPHIES

encompassed a broad range of real estate, products liability, and employment lawsuits. Mr. Schreiner has prosecuted and defended numerous contract, business tort, and unfair competition claims among corporate shareholders, officers, and directors, general and limited partners, and limited liability company members. In addition, he has handled litigation – including dissolution, wind-up, and accounting claims – among owners of legal, medical, and accounting practices. Mr. Schreiner received his undergraduate degree from the University of California at San Diego, and has served as President of the UCSD Alumni Association and as Chair of Chancellor's Associates. He received his law degree from Boalt Hall at the University of California at Berkeley, where he was selected as a member of the Appellate Advocacy Board and as a Judicial Extern to the Honorable J. Clifford Wallace on the United States Court of Appeals for the Ninth Circuit. Before joining Solomon, Ward, Seidenwurm & Smith, Mr. Schreiner practiced with Gray Cary Ware & Freidenrich, and was a founding member of the San Diego business law firm Barnhorst, Schreiner & Goonan. He currently serves as moderator of the annual seminar on "Recent Developments in Civil Litigation" offered by California Continuing Education of the Bar. In July of 2005, Mr. Schreiner started a two-year term as a member of the Board of Regents of the University of California.

**LAWRENCE M. SHERMAN** *(Real Estate, Corporate, Business Law)* – Mr. Sherman is a native of New York, received his undergraduate degree from New York University in 1962, and his LLB degree from New York University School of Law in 1965. Mr. Sherman practices in the areas of real estate, including structured real estate finance, corporate and business law. Prior to joining the firm, he was the senior partner of Sherman & Lapidus LLP, a boutique law firm in San Diego.

**LEVI Y. SILVER** *(Business Litigation)* – Mr. Silver practices complex business litigation, with a particular focus on commercial, securities and shareholder disputes. He was born in Brooklyn, New York, and received his undergraduate degree in Philosophy and Law from Brooklyn College, where he graduated *summa cum laude* and was selected to be in the Phi Beta Kappa National Honor Society. Mr. Silver attended law school at Columbia University School of Law, where he was a Harlan Fiske Stone Scholar and Articles Editor of the *Columbia Journal of Environmental Law*. Mr. Silver has represented individuals and businesses of all sizes in state and federal court, including on matters involving breach of contract, commercial torts, non-compete agreements, trade secrets, securities litigation, shareholder derivative litigation, class action litigation, construction litigation, and regulatory investigations.

**NORMAN L. SMITH** *(International, General Business, and Commercial Litigation)* – Mr. Smith handles a wide range of both transactional and litigation matters. His corporate and commercial practice encompasses a broad spectrum of general business transactions related to the representation of numerous public and multi-national entities, including in relation to mergers, acquisitions and recapitalizations. Mr. Smith's litigation practice focuses on commercial litigation, including extensive experience in the areas of commercial, corporate and multi-national disputes in many jurisdictions including litigation

EXHIBIT A

Page 15

# BIOGRAPHIES

and arbitration of complex disputes relating to manufacturing, distribution, franchising and general commercial transactions. Mr. Smith graduated from the University of South Africa in 1976. Mr. Smith has been practicing law in San Diego since 1982. Before moving to San Diego, he was a partner in a law firm in Johannesburg, South Africa.

**HERBERT J. SOLOMON** *(Real Estate and General Business)* – Mr. Solomon has extensive experience in various aspects of business and real estate transactions including loan workouts and restructurings. He provides a wide range of advice and counseling to both individual and business clients and assists clients in strategic and tactical business planning. He was president for seven years of a nationwide real estate development firm and a mortgage banking company and also served as court-appointed Reorganization Trustee in a nationally prominent bankruptcy of a diversified real estate and insurance company. His extensive experience provides him with a unique understanding of the practical, as well as the legal, concerns of his clients. Mr. Solomon is a graduate of San Diego State University and UCLA Law School, where he was Associate Editor of the Law Review and was elected to membership in the Order of the Coif. He was selected as the UCLA Law School Alumnus of the Year in 1988. Mr. Solomon has served as Vice Chairman of the California State Bar Committee of Bar Examiners, Chairman of the City of San Diego Housing Commission and President of the San Diego Symphony Orchestra Association.

**LAURI J. STOCK** *(Family Law)* - Ms. Stock's client-first focus and passionate commitment to community service have helped make her one of San Diego's most trusted advocates for over 23 years. With an AV rating from Martindale-Hubbell's respected Peer Review, signifying the highest level in legal ability and ethical standards, experience representing clients in dozens of jury trials and regularly litigating cases in Family Court, Lauri is well qualified to be your advocate. In addition, she is a formally trained and experienced Mediator, serves as a settlement judge (pro tem) in Family Court, and has served as court-appointed Minor's Counsel. With a J.D. from University of San Diego, and after seven years in the Navy, Ms. Stock began her career at the San Diego City Attorney's office as a Deputy City Attorney and then Police Legal Advisor. She moved into private practice and applied skills acquired as a prosecutor to her criminal defense practice, which she still maintains. Her trial experience provided a natural transition to family law as a second practice area. She served for two years on the board of directors for the Tom Homann Law Association, served on the Police Chief's Advisory Board, is a charter member and past president of the San Diego Uptown Sunrise Rotary Club, and an accomplished athlete.

**LEAH S. STRICKLAND** *(Business Litigation)* – Leah Strickland is a Partner in the firm's litigation practice group. Her practice focuses on business litigation, employment litigation, and intellectual property disputes, and she has substantial experience defending against claims under the state and federal Fair Debt Collection Practices Act. She advises individuals and businesses in resolving disputes prior to the commencement of litigation, and represents clients after litigation has begun in both federal and state court actions. Ms. Strickland received her Juris Doctor from the College of William & Mary School of Law,

EXHIBIT A

Page 16

# BIOGRAPHIES

and was a recipient of the merit-based Graduate Research Fellowship. While at William &
Mary, Ms. Strickland also served as a member of Law Review, was admitted into the
William & Mary Chapter of Order of the Coif, and earned CALI Awards in Philosophy of
the Law and Patent Law. Before law school, she earned her undergraduate degree from the
University of Texas at Austin, where she graduated with high honors and was admitted into
the Phi Beta Kappa Society. Ms. Strickland is currently a member of the SDCBA Legal
Ethics Committee and the Appellate Practice Section, and she frequently writes and
lectures on legal topics

**STEPHEN T. TOOHILL** (*Real Estate*) Stephen Toohill has over 30 years of broad
commercial real estate experience with a focus on representation of commercial, retail,
hospitality, industrial and biotech developers, owners and tenants, with respect to
acquisition, development, leasing and sale of improved and unimproved property. Mr.
Toohill has particular experience in mixed-use high-rise commercial development,
representing landlords and tenants in commercial leasing transactions, hotel acquisitions
and representation of borrowers in complex loan and loan workout transactions. He is a
frequent speaker on commercial leasing issues. In addition to contributions to the CEB
Office Leasing and Ground Lease Practice Treatises, Mr. Toohill has authored various
articles and updates on commercial leasing matters. Mr. Toohill was a certified public
accountant in Illinois in 1983.

**WILLIAM V. WHELAN** (*Labor and Employment, Business Litigation*) – Mr. Whelan has
extensive experience representing companies in labor and employment matters and
business disputes.  In addition to advising clients on employment issues and providing
training, Mr. Whelan has extensive litigation experience.  This experience ranges from
advising clients how to avoid litigation all the way through taking matters to trial when
necessary.  He has successfully handled many wrongful termination, discrimination, wage
and hour class actions, employee compensation cases, ADA access cases, civil rights, and
other cases for a wide range of companies, including medical groups, manufacturers,
retailers, non-profit employers, religious institutions, a school of law, golf equipment
companies, and financial institutions.  Mr. Whelan received his undergraduate degree from
Pomona College.  He received his law degree from the University of California at Los
Angeles, during which time he served as a judicial extern to the Honorable Lawrence J.
Irving of the United States District Court for the Southern District of California.  Before
joining Solomon Ward Seidenwurm & Smith LLP, Mr. Whelan was a partner with
Sheppard, Mullin, Richter & Hampton, LLP, and before that, was with Gray Cary Ames &
Frye.  Mr. Whelan currently serves on the Board of Directors for St. Vincent de Paul
Villages.  He is a member of the San Diego Tennis and Racquet Club.  Mr. Whelan
previously served a three-year term on the California State Bar's Committee on Professional
Responsibility and Conduct.  Mr. Whelan has received an "AV" rating by Martindale-
Hubbell, which is the highest rating an attorney can receive for legal quality and ethics.
He was named one of San Diego's "Super Lawyers" in labor and employment in 2007,
2008, 2009, and 2010.

EXHIBIT A

Page 17

# BIOGRAPHIES

## SENIOR COUNSEL

**ANDREW D. BROOKS** (Business, Corporate, and Securities Law) – Mr. Brooks concentrates on business and corporate law, including forming, buying, operating and selling businesses, and trademark and copyright issues. His securities experience includes exempt offerings, Section 16 and Schedule 13 reporting, and preparing and filing periodic and current reports for publicly traded companies. His clients range from solo entrepreneurs to publicly traded companies, including real estate developers, medical device manufacturers, physician groups, and manufacturing companies. He is a San Diego native. He received his undergraduate Economics degree from U.C. Berkeley in 1983, and his Juris Doctor from the University of Southern California in 1986. He is a member of the State Bar of California (Business Law Section), the District of Columbia Bar (Inactive) and is a Solicitor before the Supreme Court of England and Wales (Inactive).

**JEANNETTE V. FILIPPONE** (*Corporate, Securities, General Business and Intellectual Property)*Ms. Filippone provides strategic, client-focused legal advice and services to companies in a wide variety of industries, including life sciences, technology, software, services and consumer products. She specializes in business transactions, business formation and planning, contract drafting and review, intellectual property licensing, federal and state securities law compliance and corporate governance matters. She has significant expertise in federal securities law compliance, periodic reporting requirements under federal securities laws and advising boards of directors on corporate governance matters. Prior to joining the firm, Ms. Filippone was an attorney in the corporate group of a leading international law firm and had her own private law practice specializing in business law and transactional matters. She also served as general counsel and corporate secretary of a Nasdaq-listed specialty pharmaceutical company. Prior to embarking on her legal career, Ms. Filippone worked in the securities industry, where she held FINRA Series 7, 63 and 24 licenses. . Ms. Filippone graduated Magna Cum Laude and Order of the Coif from the University of San Diego School of Law.

**G. SCOTT LUTZ** (*Corporate, General Business and Real Estate*) - Mr. Lutz handles a wide range of general business and real estate transactional matters, including sophisticated finance transactions, licensing agreements, mergers and acquisitions, equipment sales, and international joint ventures. Mr. Lutz graduated *magna cum laude* from Furman University in 1986, and then graduated *cum laude* from the University of South Carolina School of Law in 1989, where he was the Symposium Editor of the South Carolina Law Review, a member of the American Bar Association Moot Court Team, a Legal Writing Instructor and a member of the Order of the Coif. Mr. Lutz is the former General Counsel of Ericsson Wireless, Inc. and is a member of the State Bar of California.

EXHIBIT A

Page 18

# BIOGRAPHIES

## ASSOCIATES

**MATTHEW T. ARVIZU** *(Business Litigation)* Matthew Arvizu is an attorney in the firm's litigation practice group. Mr. Arvizu is a seasoned business litigator and has advised clients on a wide variety of issues including contract disputes, securities litigation, mergers and acquisitions, partnership disputes, and shareholder litigation.  Mr. Arvizu is licensed in both Delaware and California and has experience in both state and federal court.  Mr. Arvizu is also an experienced transactional attorney and has served in a general counsel role for numerous small and mid-size companies advising his clients on issues that arise from start up to dissolution.  He is dedicated to partnering with each of his clients in order to achieve the best possible outcome for each situation.

Mr. Arvizu received his Bachelor of Science with a concentration in Finance from California State University, Long Beach.  Following CSULB, he earned his Juris Doctor from the Syracuse University College of Law, graduating *magna cum laude*.  While at Syracuse, Mr. Arvizu was awarded the highest grade distinction in business valuations law, property law, banking law, accounting, and legal writing.  Mr. Arvizu also was an editorial member of the *Syracuse Law Review* and gained practical experience representing companies seeking to bring new technologies to the market through the Technology Transfers Clinic. He also worked in the Securities Arbitration Clinic.

**MEI-YING M. IMANAKA** *(Business Litigation)* – Ms. Imanaka's primary practice areas include general business litigation, employment law, and class and collective actions.  She completed her undergraduate education at the University of California, San Diego, where she graduated with a Bachelors of Arts in International Studies and a Minor in Political Science.  Following UCSD, Ms. Imanaka attended the University of California, Hastings College of the Law and earned her Juris Doctor in May of 2011. While at Hastings, Ms. Imanaka was awarded the highest grade distinction for Trial Advocacy and externed for the Honorable Bernard Zimmerman (Ret.), United States Magistrate Judge of the United States District Court for the Northern District of California.  Upon graduating from law school, Ms. Imanaka was admitted to the California Bar and began working for a boutique civil litigation firm in downtown San Diego.  Ms. Imanaka has extensive experience in a wide array of litigation matters, both on the plaintiff and defense side.  She has successfully represented individuals, corporations, and certified classes in plaintiff matters, obtaining numerous multi-million dollar settlements for her clients.  When defending cases, Ms. Imanaka has a terrific record for disposing of issues during all stages of litigation, prior to trial.  Ms. Imanaka has successfully reduced or eliminated her clients' exposure by prevailing on motion work during the pleading stage, through demurrers and motions to dismiss, and during discovery, through motions for summary judgment and summary adjudication.  Ms. Imanaka thrives on providing her clients aggressive, efficient, and thorough representation, including candid case assessments and detailed legal advice.

EXHIBIT A

Page 19

# BIOGRAPHIES

**JING Y. LI** *(Employment Law, Business Litigation)* In his counsel to California employers, Jing Y. Li has extensive experience defending claims of race/disability discrimination, sexual harassment, wage and hour disputes, class actions, government liability, and other litigation issues. The unique strategies Li has developed for his clients emphasize the use of efficient and creative solutions, resulting in successful resolutions and settlements on a number of employment, business and tort claims. Li's practice strengths include defending race/disability discrimination claims and wage and hour disputes. He has written extensively on ADA and FEHA "interactive process" requirements. Li also has a broad range of real estate experience, including unlawful detainers, commercial and residential property management, and real estate leasing issues. Li is also focused on attracting foreign business to California and assisting them with their legal needs in the state. His experience with foreign companies includes the representation of international clients in all areas of their legal needs, including trademark registration and employment advice and counseling. He is also fluent in Mandarin, Chinese. Li is very active in his local community. He participates in events through the Pan Asian Lawyers of San Diego (PALSD). He also mentors local law students through the PALSD mentor/mentee program and advises law students on how to succeed both in school and in their first legal position. He was also recently listed as one of the finalists for the San Diego Daily Transcript's "Top Young Attorneys for 2013."

**ANDREW C. MYERS** *(Employment Law, Business Litigation)* Mr. Myers joined the SWSS family in 2017 as a seasoned employment and business litigator. In every matter that Mr. Myers handles, he successfully partners with his client to develop forward-thinking legal and business strategies which advance the objectives of his client both in and out of the courtroom. Mr. Myers' practice focuses on representing a diverse corporate client base in business and employment related matters. He is admitted to practice before the California Superior Court, the US District Courts for the Southern and Central Districts of California, and the Ninth Circuit Court of Appeals. Experienced in all phases of civil litigation, Mr. Myers has litigated extensively in both state and federal courts. In 2005, Mr. Myers obtained his Bachelors of Arts degree from the University of California, Santa Cruz. In 2011, he obtained his law degree from the University of San Diego School of Law where he excelled in employment and ERISA studies. During his law school career, Mr. Myers was admitted to the National Honors Fraternity and worked as a research assistant for Professor Orly Lobel, Professor of Employment Law. Mr. Myers began his legal training as a judicial extern for the Honorable Judge Michael Orfield (Ret.) in the San Diego Superior Court, North County Division. Following his work with the Superior Court, he participated in a judicial externship with the Honorable Judge Michael Anello of the United States District Court, Southern District Court of California. Mr. Myers concluded his legal training while in law school as a judicial extern with the United States House of Representatives, Committee on the Judiciary. He was assigned to the Subcommittee on Courts and Competition Policy which has jurisdiction over antitrust law, monopolies, restraints of trade, administration of U.S. Courts, Federal Rules of Evidence, Civil and Appellate Procedure, and judicial ethics.

EXHIBIT A

Page 20

# BIOGRAPHIES

**DARLENE Y. RABENA** *(General Business, Securities, and Corporate Law)* – Ms. Rabena practices general business, securities and corporate law. She represents start-ups, middle-market companies, venture capital funds, and other investors on various corporate and transactional matters, including equity and debt financing transactions, mergers and acquisitions, initial public offerings and general corporate matters. She received her Juris Doctor from the University of San Diego School of Law with a concentration in International Law and her Bachelor of Arts in Rhetoric and Social Welfare from the University of California at Berkeley. Ms. Rabena is a member of the State Bar of California. Prior to practicing law, Ms. Rabena co-founded a non-profit that opens mini libraries throughout impoverished areas of the Philippines.

**PRIYANKA TALUKDAR** *(General Business, Corporate Law, and Real Estate)* – Ms. Talukdar's practice encompasses general business, corporate law, and real estate transactional matters. She received her law degree from Bangalore University (India) and her LLM in comparative law from University of San Diego School of Law. Ms. Talukdar is a member of the State Bar of California, and the business and real estate sections of the San Diego County Bar Association. Ms. Talukdar is also licensed in India, and she has worked in law firms in India and Singapore before moving to the United States.

**DEBORAH A. YATES** *(Business Litigation, Intellectual Property Litigation)* Ms. Yates has years of experience serving a wide range of business clients, from small private schools to international pharmaceutical companies. Ms. Yates handles litigation from case development through resolution. She has extensive experience litigating in both states and federal courts, with cases ranging from breach of contract to patent infringement. Ms. Yates coordinates closely with clients to develop strategy, manage, and execute cases.

## PARALEGALS

**WADE A. FISHER** *(Corporate, Business and Real Estate Transactions, and Estates)* - Mr. Fisher has been a paralegal for over 19 years specializing in corporate and business transactions as well as estate planning and estate administration. Mr. Fisher graduated Cum Laude from The University of Pittsburgh.

**NICOLE FULLER** *(Civil Litigation)* - Ms. Fuller has been a civil litigation paralegal for over 20 years specializing in business litigation, municipality and public agency law. These include the fields of employment law, contract law and risk management. Ms. Fuller graduated from Chapman University School of Law (JD) and California State Polytechnic University, Pomona (MBA/BS). She earned a paralegal certificate from Southern California College of Business and Law.

**JOY K. KIRKMAN** *(Civil Litigation)* - Ms. Kirkman in eDiscovery and business litigation. Before joining the firm, Ms. Kirkman worked as an in-house paralegal, specializing in distribution and supply agreements, for a public company. Ms. Kirkman graduated from

EXHIBIT A

Page 21

# BIOGRAPHIES

California State University, San Marcos (BA) and earned a paralegal certificate from the University of San Diego.

**CALIFORNIA C. LOPEZ** (*Intellectual Property*) - Ms. Lopez has more than 20 years of experience in the legal industry and specializes in trademark prosecution, copyright, and litigation support. Ms. Lopez graduated from the University of the Philippines (BA), and earned her paralegal certificate at the University of San Diego.

**LANEY SCHATZ** (*Civil Litigation*) - Ms. Schatz has been a civil litigation paralegal for over 25 years specializing in eDiscovery, employment, business, construction, unfair competition, trade secrets and product liability litigation. Ms. Schatz graduated from Southwest Texas State University (BS) and earned a paralegal certificate from Southwest School of Court Reporting and Paralegal Studies.

**SHAWN C. VASICH** (*Family Law*) - Mr. Vasich has worked as a paralegal for six years specializing predominantly in family law, with additional experience in general civil litigation. Mr. Vasich graduated from the University of California at Berkeley and earned his paralegal certificate under the supervision of Attorneys Mattheus E. Stephens and Lauri J. Stock.

P:00185365:99999.999

EXHIBIT A

# EXHIBIT C

EXHIBIT A



EXHIBIT A

Exhibit C
Page 1

# EXHIBIT D

EXHIBIT A

CSD 1001A [11/15/04]
Name, Address, Telephone No. & I.D. No.
Michael D. Breslauer, Esq.  SBN 110259
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone (619) 231-0303
mbreslauer@swsslaw.com
Counsel for Debtor Cuker Interactive, LLC

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.
Cuker Interactive, LLC,

BANKRUPTCY NO. 18-07363-LA11

Date of Hearing: n/a
Time of Hearing: n/a
Name of Judge: Louise DeCarl Adler

                                                         Debtor.

## ORDER ON EX PARTE APPLICATION TO EMPLOY SOLOMON WARD SEIDENWURM & SMITH, LLP AS GENERAL COUNSEL FOR DEBTOR-IN-POSSESSION, CUKER INTERACTIVE, LLC

**IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through

2 with exhibits, if any, for a total of 2 pages, is granted. Motion/Application Docket Entry No. _____

//

//

//

//

//

//

DATED:

_____
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the relief
granted by the court.

Submitted by:
SOLOMON WARD SEIDENWURM & SMITH, LLP
_____
(Firm name)

By: /s/ Michael D. Breslauer
_____
Attorney for ☒ Movant ☐ Respondent
Debtor Cuker Interactive, LLC

P:01114488-2:60627.002 **CSD 1001A**

**EXHIBIT A**

American LegalNet, Inc.
www.USCourtForms.com

Exhibit D
Page 1

CSD 1001A [11/15/04] (Page 2)
ORDER ON EX PARTE APPLICATION TO EMPLOY SOLOMON WARD SEIDENWURM & SMITH, LLP AS GENERAL
COUNSEL FOR DEBTOR-IN-POSSESSION, CUKER INTERACTIVE, LLC
DEBTOR: Cuker Interactive, LLC                                          CASE NO: 18-07363-LA11

---

Upon the foregoing Ex Parte Application to Employ Solomon Ward Seidenwurm & Smith ("Solomon Ward") as Attorneys for Cuker Interactive, LLC, praying for approval of the employment of Solomon Ward as its attorney herein and upon the Declaration of Disinterest; and it appearing that no hearing on said application need to be given; and the Court being satisfied that said attorneys hold and represent no interest adverse to the individual creditors herein, the debtor or the estate of the debtor, and that the employment of said attorneys is necessary for Cuker Interactive, LLC to employ attorneys skilled in bankruptcy law and that Solomon Ward is such a firm, and that Solomon Ward represents no adverse interest which would prohibit or impair the employment of the firm and that the employment of Solomon Ward is in the best interest of this estate; and good cause otherwise appearing;

IT IS HEREBY ORDERED:

1.  That consistent with the terms set forth in the Ex Parte Application to Employ Solomon Ward as Attorneys for Cuker Interactive, LLC and the Declaration of Disinterest in Support thereof, Cuker Interactive, LLC is authorized to employ Solomon Ward as general Chapter 11 counsel for the Debtor, effective as of December 13, 2018.

2.  That any fees paid to Solomon Ward in connection with this proceeding are subject to approval of this court.

IT IS SO ORDERED.

EXHIBIT A

American LegalNet, Inc.
www.USCourtForms.com

P:01114488-2:60627.002 CSD 1001A

Exhibit D
Page 2

# PROOF OF SERVICE

I, Wendy A. Yones, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, CA 92101, in said County and State. On January 9, 2019, I served the following document(s):

**EX PARTE APPLICATION TO EMPLOY SOLOMON WARD SEIDENWURM & SMITH, LLP AS GENERAL COUNSEL FOR DEBTOR-IN-POSSESSION, CUKER INTERACTIVE, LLC;**

**DECLARATION OF DISINTEREST OF MICHAEL D. BRESLAUER ON BEHALF OF HIMSELF AND THE LAW FIRM OF SOLOMON WARD SEIDENWURM & SMITH, LLP AS COUNSEL FOR THE DEBTOR-IN-POSSESSION, CUKER INTERACTIVE, LLC**

on each of the interested parties as follows:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 9, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    **Michael D. Breslauer  mbreslauer@swsslaw.com; wyones@swsslaw.com**
    **Jonathan S. Dabbieri  dabbieri@sullivanhill.com; hill@sullivanhill.com;**
        **bkstaff@sullivanhill.com; vidovich@ecf.inforuptcy.com;**
        **dabbieri@ecf.inforuptcy.com**
    **Heather L. Rosing  HRosing@Klinedinstlaw.com**

**SERVED BY U.S. MAIL:** On January 9, 2019, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows:

**TO BE SERVED BY EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 9, 2019, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

    **Office of the United States Trustee – ustp.region15sop@usdoj.gov**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  January 9, 2019       By: /s/ Wendy A. Yones
                        WENDY A. YONES    **EXHIBIT A**

1  MICHAEL D. BRESLAUER [SBN 110259]
   mbreslauer@swsslaw.com
2  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
3  San Diego, California 92101
   Telephone: (619) 231-0303
4  Facsimile: (619) 231-4755

5  Proposed Counsel for Debtor-in-Possession,
   CUKER INTERACTIVE, LLC

6

7

8              UNITED STATES BANKRUPTCY COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  In re                          CASE NO. 18-07363-LA11

11  CUKER INTERACTIVE, LLC,        **DECLARATION OF DISINTEREST
                                   OF MICHAEL D. BRESLAUER ON**
12                                 **BEHALF OF HIMSELF AND THE
                                   LAW FIRM OF SOLOMON WARD**
13           Debtor in Possession. **SEIDENWURM & SMITH, LLP AS
                                   COUNSEL FOR THE DEBTOR-IN-**
14                                 **POSSESSION, CUKER
                                   INTERACTIVE, LLC**
15

16                                 **[No hearing Required]**

17

18      I, MICHAEL D. BRESLAUER, declare:

19      1.     I am an attorney at law, duly licensed and qualified to practice before

20  the United States Bankruptcy Court in the Central and Southern Districts of

21  California.

22      2.     I am a partner in the law firm of Solomon Ward Seidenwurm & Smith

23  ("Solomon Ward" or the "Firm"), and am authorized to make this Declaration on

24  behalf of Solomon Ward. The information contained in this declaration is of my

25  own personal knowledge or derived from my review of the file in this case. This

26  Declaration of Disinterest is provided pursuant to Bankruptcy Rule of Procedure

27  2014.                                              EXHIBIT A

28

1      3.     The Debtor-in-Possession, Cuker Interactive, LLC ("Debtor") seeks to

2 retain Solomon Ward by the accompanying Application to Employ Solomon Ward

3 as Counsel, to represent it in this bankruptcy case, Case No. 11-10497-B11. Prior to

4 the filing, the Debtor provided Solomon Ward with payment of $46,717.00 as and

5 for (i) payment of all prepetition services rendered by the firm (ii) reimbursement

6 for a chapter 11 filing fee and (iii) as a retainer and an advance against actual fees

7 and costs to be incurred in the chapter 11 case. Following payment for items (i) and

8 (ii) above, the balance of the retainer was placed into the firm's Client Trust account

9 and the firm by its engagement agreement with the Debtor.

10      4.    <u>Pre-petition Services and Payments.</u> Solomon Ward's initial

11 engagement with the Debtor began in November 2018. Fees of $972.90 for legal

12 services provided during the month of November were billed to Cuker and Cuker on

13 December 10, 2018 paid the November invoiced amount of $972.90 in full.

14 Thereafter, fees were incurred in December 2018 in the sum of $4,876.00. On

15 December 12, 2018, prior to the Petition Date, Solomon Ward received a payment

16 of $46,702.00, and the firm applied such funds to cover fees and expenses of

17 $4,876.00 incurred in December 2018 and up to the Petition Date of December 13,

18 2018 and for the Chapter 11 filing fee of $1,717. These transactions have left

19 Solomon Ward holding a retainer balance of $40,109.00, which remains in Solomon

20 Ward's trust account as of the Petition Date. Except for the forgoing sums described

21 in this paragraph, Solomon Ward has neither billed nor received any other sums

22 from the Debtor. The source of the retainer was Cuker Interactive, LLC. Solomon

23 Ward will comply with all appropriate Fee and Employment Guidelines in

24 withdrawing funds from the retainer. The retainer is <u>not</u> a limit on the fees and costs

25 to be charged by Solomon Ward.

26      5.    <u>Source of Retainer.</u> I am informed, based on my conversations with the

27 Debtor's representatives, that the retainer is the Debtor's property from the Debtor's

28

P:01257161:60665.001              2

EXHIBIT A

1  own accounts.

2  6.    Solomon Ward, its partners and its associates, are experienced in
3  matters of bankruptcy, insolvency, corporate reorganization and debtor/creditor law
4  and in the representation of debtors, creditors, creditors' committees and trustees in
5  cases under the Bankruptcy Code, and are well qualified to represent debtors,
6  creditors, creditors' committees and trustees in such matters.

7  7.    Solomon Ward has reviewed its database of clients and other related
8  parties in order to determine whether Solomon Ward represents any creditor whose
9  interests are adverse to Debtor. Except as described below, this effort revealed that
10 Solomon Ward does currently not hold or represent any interest adverse to that of
11 the Debtor's bankruptcy estate.

12 a.    <u>Current Clients.</u> The following individuals and entities are
13 **current clients** of the firm regarding matters wholly separate and distinct from
14 Cuker or its affairs. In each instance, the Firm has obtained or will obtain a written
15 waiver from such clients, providing that Solomon Ward will not undertake any
16 matters on their behalf regarding Cuker Interactive, LLC or its affairs; conversely,
17 should the need arise for Cuker Interactive, LLC to undertake action directly
18 adverse to these entities, Cuker Interactive, LLC will engage the services of special
19 counsel for such matters. These individuals and entities are: None.

20 b.    <u>Former Clients.</u> The following individuals and entities who are
21 creditors or otherwise parties in interest in this Chapter 11 case are **former clients**
22 of the firm on matters wholly unrelated to Cuker Interactive, LLC or its affairs:
23 None.

24 c.    <u>Connections with Parties in Interest (Other Insolvency Cases).</u>
25 Solomon Ward has previously represented the interests of Debtors, Creditors
26 Committees or Trustees in bankruptcy proceedings where the following entities who
27 are parties in interest in the Debtor's estate have been creditors or parties in interest

EXHIBIT A

28

1  in such other unrelated estates. Except as through the Firm's representation of a
2  Creditor's Committee, Solomon Ward has never represented any of these entities:
3  Jan-Pro, Wal-Mart Stores, Inc.

4          d.      Connections with Parties in Interest (Other Connections).
5  Certain of Solomon Ward's lawyers (or the Firm itself) have/has business, personal
6  or financial relationships with the following parties in interest in this Chapter 11
7  case.  In each instance, those relationships are wholly unrelated to the Debtor or to
8  this Chapter 11 case. Those other parties in interest are: Pillsbury Winthrop Shaw
9  Pittman, LLP, TekWorks, Inc., Wal-Mart Stores, Inc. and American Arbitration
10  Association (AAA). With respect to the AAA, one or more of Firm's partners has
11  previously appeared or currently does appear on the AAA list of available
12  arbitrators, and one of the Firm's partners currently serves as a neutral arbitrator in a
13  matter wholly unrelated to Cuker or any of its affairs.

14          8.      Solomon Ward does not represent any clients regarding matters adverse
15  to the estate, nor does the firm represent the estate with respect to matters adverse to
16  current clients. Accordingly, notwithstanding the circumstances or connections set
17  forth above, I believe that Solomon Ward is "disinterested" within the meaning of
18  Bankruptcy Code section 101(14). Solomon Ward does not have any other
19  connections with the Debtor, creditors, any other party-in-interest, their respective
20  attorneys and accountants, the United States Trustee, or any person employed in the
21  Office of the United States Trustee.

22          9.      Neither I, Solomon Ward, nor its members or associates have any pre-
23  petition claims against the Debtor's bankruptcy estate. I believe the Debtor has
24  satisfied all its pre-petition obligations owed to Solomon Ward by payments made in
25  the ordinary course of its business and according to the business terms between the
26  Firm and the Debtor.

27                                                                      EXHIBIT A

28

1         10.    No agreement or understanding exists between Solomon Ward and

2    Debtor for the sharing of compensation to be received for services rendered in or in

3    connection with this matter.

4         11.    I am familiar with the Bankruptcy Code and the Bankruptcy Rules, the

5    Local Rules, and the United States Trustee Guides and Notices, and shall comply

6    with them.

7        I declare under penalty of perjury under the laws of the State of California

8    and the United States of America that the foregoing is true and correct and this

9    declaration is executed on the 8th day of January 2019, at San Diego, California.

/s/ Michael D. Breslauer
MICHAEL D. BRESLAUER

EXHIBIT A

1  MICHAEL D. BRESLAUER [SBN 110259]
   mbreslauer@swsslaw.com
2  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
3  San Diego, California 92101
   Telephone: (619) 231-0303
4  Facsimile: (619) 231-4755

5  Proposed Counsel for Debtor-in-Possession,
   CUKER INTERACTIVE, LLC

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10 | In re                          | CASE NO. 18-07363-LA11

11 | CUKER INTERACTIVE, LLC,        | **DECLARATION OF DISINTEREST**
                                       **OF MICHAEL D. BRESLAUER ON**
12                                     **BEHALF OF HIMSELF AND THE**
                                       **LAW FIRM OF SOLOMON WARD**
13 |           Debtor in Possession. | **SEIDENWURM & SMITH, LLP AS**
                                       **COUNSEL FOR THE DEBTOR-IN-**
14                                     **POSSESSION, CUKER**
                                       **INTERACTIVE, LLC**
15

16                                     **[No hearing Required]**

17

18      I, MICHAEL D. BRESLAUER, declare:

19      1.    I am an attorney at law, duly licensed and qualified to practice before

20 the United States Bankruptcy Court in the Central and Southern Districts of

21 California.

22      2.    I am a partner in the law firm of Solomon Ward Seidenwurm & Smith

23 ("Solomon Ward" or the "Firm"), and am authorized to make this Declaration on

24 behalf of Solomon Ward. The information contained in this declaration is of my

25 own personal knowledge or derived from my review of the file in this case. This

26 Declaration of Disinterest is provided pursuant to Bankruptcy Rule of Procedure

27 2014.                                                    EXHIBIT A

28

3.    The Debtor-in-Possession, Cuker Interactive, LLC ("Debtor") seeks to retain Solomon Ward by the accompanying Application to Employ Solomon Ward as Counsel, to represent it in this bankruptcy case, Case No. 11-10497-B11. Prior to the filing, the Debtor provided Solomon Ward with payment of $46,717.00 as and for (i) payment of all prepetition services rendered by the firm (ii) reimbursement for a chapter 11 filing fee and (iii) as a retainer and an advance against actual fees and costs to be incurred in the chapter 11 case. Following payment for items (i) and (ii) above, the balance of the retainer was placed into the firm's Client Trust account and the firm by its engagement agreement with the Debtor.

4.    <u>Pre-petition Services and Payments.</u> Solomon Ward's initial engagement with the Debtor began in November 2018. Fees of $972.90 for legal services provided during the month of November were billed to Cuker and Cuker on December 10, 2018 paid the November invoiced amount of $972.90 in full. Thereafter, fees were incurred in December 2018 in the sum of $4,876.00. On December 12, 2018, prior to the Petition Date, Solomon Ward received a payment of $46,702.00, and the firm applied such funds to cover fees and expenses of $4,876.00 incurred in December 2018 and up to the Petition Date of December 13, 2018 and for the Chapter 11 filing fee of $1,717. These transactions have left Solomon Ward holding a retainer balance of $40,109.00, which remains in Solomon Ward's trust account as of the Petition Date. Except for the forgoing sums described in this paragraph, Solomon Ward has neither billed nor received any other sums from the Debtor. The source of the retainer was Cuker Interactive, LLC. Solomon Ward will comply with all appropriate Fee and Employment Guidelines in withdrawing funds from the retainer. The retainer is <u>not</u> a limit on the fees and costs to be charged by Solomon Ward.

5.    <u>Source of Retainer.</u> I am informed, based on my conversations with the Debtor's representatives, that the retainer is the Debtor's property from the Debtor's

EXHIBIT A

1  own accounts.

2      6.    Solomon Ward, its partners and its associates, are experienced in

3  matters of bankruptcy, insolvency, corporate reorganization and debtor/creditor law

4  and in the representation of debtors, creditors, creditors' committees and trustees in

5  cases under the Bankruptcy Code, and are well qualified to represent debtors,

6  creditors, creditors' committees and trustees in such matters.

7      7.    Solomon Ward has reviewed its database of clients and other related

8  parties in order to determine whether Solomon Ward represents any creditor whose

9  interests are adverse to Debtor. Except as described below, this effort revealed that

10 Solomon Ward does currently not hold or represent any interest adverse to that of

11 the Debtor's bankruptcy estate.

12      a.    Current Clients. The following individuals and entities are

13 **current clients** of the firm regarding matters wholly separate and distinct from

14 Cuker or its affairs. In each instance, the Firm has obtained or will obtain a written

15 waiver from such clients, providing that Solomon Ward will not undertake any

16 matters on their behalf regarding Cuker Interactive, LLC or its affairs; conversely,

17 should the need arise for Cuker Interactive, LLC to undertake action directly

18 adverse to these entities, Cuker Interactive, LLC will engage the services of special

19 counsel for such matters. These individuals and entities are: None.

20      b.    Former Clients. The following individuals and entities who are

21 creditors or otherwise parties in interest in this Chapter 11 case are **former clients**

22 of the firm on matters wholly unrelated to Cuker Interactive, LLC or its affairs:

23 None.

24      c.    Connections with Parties in Interest (Other Insolvency Cases).

25 Solomon Ward has previously represented the interests of Debtors, Creditors

26 Committees or Trustees in bankruptcy proceedings where the following entities who

27 are parties in interest in the Debtor's estate have been creditors or parties in interest

28

EXHIBIT A

P:01257161:60665.001                    3

1  in such other unrelated estates. Except as through the Firm's representation of a
2  Creditor's Committee, Solomon Ward has never represented any of these entities:
3  Jan-Pro, Wal-Mart Stores, Inc.

4          d.    Connections with Parties in Interest (Other Connections).
5  Certain of Solomon Ward's lawyers (or the Firm itself) have/has business, personal
6  or financial relationships with the following parties in interest in this Chapter 11
7  case.  In each instance, those relationships are wholly unrelated to the Debtor or to
8  this Chapter 11 case. Those other parties in interest are: Pillsbury Winthrop Shaw
9  Pittman, LLP, TekWorks, Inc., Wal-Mart Stores, Inc. and American Arbitration
10 Association (AAA). With respect to the AAA, one or more of Firm's partners has
11 previously appeared or currently does appear on the AAA list of available
12 arbitrators, and one of the Firm's partners currently serves as a neutral arbitrator in a
13 matter wholly unrelated to Cuker or any of its affairs.

14     8.    Solomon Ward does not represent any clients regarding matters adverse
15 to the estate, nor does the firm represent the estate with respect to matters adverse to
16 current clients. Accordingly, notwithstanding the circumstances or connections set
17 forth above, I believe that Solomon Ward is "disinterested" within the meaning of
18 Bankruptcy Code section 101(14). Solomon Ward does not have any other
19 connections with the Debtor, creditors, any other party-in-interest, their respective
20 attorneys and accountants, the United States Trustee, or any person employed in the
21 Office of the United States Trustee.

22     9.    Neither I, Solomon Ward, nor its members or associates have any pre-
23 petition claims against the Debtor's bankruptcy estate. I believe the Debtor has
24 satisfied all its pre-petition obligations owed to Solomon Ward by payments made in
25 the ordinary course of its business and according to the business terms between the
26 Firm and the Debtor.

27                                                EXHIBIT A
28

1    10.    No agreement or understanding exists between Solomon Ward and

2  Debtor for the sharing of compensation to be received for services rendered in or in

3  connection with this matter.

4    11.    I am familiar with the Bankruptcy Code and the Bankruptcy Rules, the

5  Local Rules, and the United States Trustee Guides and Notices, and shall comply

6  with them.

7    I declare under penalty of perjury under the laws of the State of California

8  and the United States of America that the foregoing is true and correct and this

9  declaration is executed on the 8th day of January 2019, at San Diego, California.

10

11    /s/ Michael D. Breslauer
      MICHAEL D. BRESLAUER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                                              EXHIBIT A

28

CSD 1001A {11/15/04}
Name, Address, Telephone No. & I.D. No.
Michael D. Breslauer, Esq.  SBN 110259
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone (619) 231-0303
mbreslauer@swsslaw.com
Attorneys for Debtor-In-Possession Cuker Interactive, LLC

Order Entered on
January 24, 2019
by Clerk U.S. Bankruptcy Court
Southern District of California

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.
Cuker Interactive, LLC,

                                                          Debtor.

BANKRUPTCY NO. 18-07363-LA11

Date of Hearing: n/a
Time of Hearing: n/a
Name of Judge: Louise DeCarl Adler

## ORDER ON EX PARTE APPLICATION TO EMPLOY SOLOMON WARD SEIDENWURM & SMITH, LLP AS GENERAL COUNSEL FOR DEBTOR-IN-POSSESSION, CUKER INTERACTIVE, LLC

        **IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through

2 with exhibits, if any, for a total of 2 pages, is granted. Motion/Application Docket Entry No. 29

//

//

//

//

//

//

DATED:        January 23, 2019

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the relief
granted by the court.

Submitted by:
SOLOMON WARD SEIDENWURM & SMITH,
LLP
(Firm name)

EXHIBIT A

By: /s/ Michael D. Breslauer
    Attorney for ☒ Movant ☐ Respondent
    Debtor-In-Possession Cuker Interactive, LLC

P:01114488-2:60627.002 CSD 1001A

American LegalNet, Inc.
www.USCourtForms.com

CSD 1001A [11/15/04] (Page 2)

ORDER ON EX PARTE APPLICATION TO EMPLOY SOLOMON WARD SEIDENWURM & SMITH, LLP AS GENERAL COUNSEL FOR DEBTOR-IN-POSSESSION, CUKER INTERACTIVE, LLC

DEBTOR: Cuker Interactive, LLC                                    CASE NO: 18-07363-LA11

---

Upon the foregoing Ex Parte Application to Employ Solomon Ward Seidenwurm & Smith ("Solomon Ward") as Attorneys for Debtor-In-Possession Cuker Interactive, LLC ("Debtor"), praying for approval of the employment of Solomon Ward as its attorney herein and upon the Declaration of Disinterest; and it appearing that no hearing on said application need to be given; and the Court being satisfied that said attorneys hold and represent no interest adverse to the individual creditors herein, the Debtor or the estate of the Debtor, and that the employment of said attorneys is necessary for Debtor to employ attorneys skilled in bankruptcy law and that Solomon Ward is such a firm, and that Solomon Ward represents no adverse interest which would prohibit or impair the employment of the firm and that the employment of Solomon Ward is in the best interest of this estate; and good cause otherwise appearing;

IT IS HEREBY ORDERED:

1.   That consistent with the terms set forth in the Ex Parte Application to Employ Solomon Ward as Attorneys for Cuker Interactive, LLC and the Declaration of Disinterest in Support thereof, Cuker Interactive, LLC is authorized to employ Solomon Ward as general Chapter 11 counsel for the Debtor, effective as of December 13, 2018.

2.   That any fees paid to Solomon Ward in connection with this proceeding are subject to approval of this court; and that no compensation will be paid by the Debtor or any other person or entity for services rendered to the estate, or by the Chapter 11 trustee, except upon application and bankruptcy court approval.

IT IS SO ORDERED.

EXHIBIT A

American LegalNet, Inc.
www.USCourtForms.com

Signed by Judge Louise DeCarl Adler January 23, 2019

# EXHIBIT B

** PRE-BILL **                                    Page 1

**Matter ID: 60665-001**
**Matter: Chapter 11 Bankruptcy Admin**

Originating Atty:         MDB
Billing Atty:             MDB
Supervising Atty:         MDB

Cuker Interactive, LLC
Attn: Adel Atalla
5600 Avenida Encinas #175
Carlsbad, CA  92008

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 04/02/20 | MDB | Follow up telephone conference with R. Prata regarding special counsel/injunction litigation counsel | 0.30 | 147.00 |
| 04/03/20 | MDB | Attention to and revise applications for employment of Larson O'Brien and Prata Daley as special counsel; telephone conference with S. Larson; telephone conference with R. Prata regarding same (.7) | 0.70 | 343.00 |
| 04/06/20 | MDB | Draft order authorizing employment of Larson O'Brien & Prata Daley; telephone conference with R. Prata regarding same | 0.40 | 196.00 |
| 04/06/20 | MDB | Attention to final edits to application to employ Larson O'Brien and Prata Daley as special counsel | 0.40 | 196.00 |
| 04/15/20 | MDB | Telephone conference with clients to discuss strategy and issues (.9); letter to IRS to discuss claim (.4); draft insert for notice of intended action to settle Ardent claim (.5) | 1.80 | 882.00 |
| 04/20/20 | MDB | Exchange emails with clients; review monthly operating report | 0.40 | 196.00 |
| 04/26/20 | MDB | Review Robins Kaplan F&F Fee Application; email to clients | 0.30 | 147.00 |
| 05/11/20 | MDB | Telephone conferences with clients regarding game plan (.5); lengthy email to clients regarding short-term issues (1.1); further analysis regarding HLF claim (.5); analyze whether additional objection under 502(b)(4) is warranted (.5) | 2.60 | 1,274.00 |
| 05/15/20 | MDB | Review monthly operating report | 0.20 | 98.00 |
| 05/18/20 | MDB | Attention to emails and brief review of injunction proceedings in Arkansas (.3) | 0.30 | 147.00 |
| 05/28/20 | MDB | Exchange emails with A. Atalla | 0.30 | 147.00 |
| 06/04/20 | MDB | Review opposition to Hashem settlement (.2); discuss same and lengthy telephone conference with client (.6) | 0.80 | 392.00 |

EXHIBIT B

1/26/2021 2:17:58 PM                    ** PRE-BILL **                                    Page 2

**Matter ID: 60665-001**
**Matter: Chapter 11 Bankruptcy Admin**

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 06/25/20 | MDB | Prepare for and attend status conference; telephone conference with A. Atalla before and after the status conference | 0.60 | 294.00 |
| 06/29/20 | MDB | Lengthy telephone conference with A. Atalla regarding strategy | 0.80 | 392.00 |
| 07/17/20 | MDB | Telephone conference with R. Prata regarding Arkansas litigation; telephone conference with A. Atalla to discuss HLF and Arkansas | 0.50 | 245.00 |
| 08/25/20 | MDB | Draft email response to D. Ortiz regarding Broken Bench employment | 0.40 | 196.00 |
| 09/14/20 | MDB | Review monthly operating report; finalize for filing | 0.20 | 98.00 |
| 09/22/20 | MDB | Follow on telephone conference with R. Barnes to discuss strategy (NO CHARGE) (.6); review case management questionnaire and provide text for R. Prata (.5) | 0.50 | 245.00 |
| 10/19/20 | MDB | Review operating report | 0.20 | 98.00 |
| 12/17/20 | MDB | Telephone conference with R. Prata regarding status of arbitration proceedings (.1) | 0.10 | 49.00 |
| | | **Total Fees:** | **11.80** | **5,782.00** |

## FEE RECAP

| Timekeeper | | Hours | Rate | Amount |
|------------|------|-------|------|--------|
| MDB | Michael D. Breslauer | 11.80 | 490.00 | 5,782.00 |
| | **Total Fees:** | **11.80** | | **5,782.00** |

## COST DETAIL

| Date | Description/Payee | Amount |
|------|-------------------|--------|
| | Document Production | 1,564.50 |
| | Pacer U.S. Court Electronic Search | 926.00 |
| | Color Copies | 43.50 |
| | **Total Costs:** | **2,534.00** |

## BILLING SUMMARY

EXHIBIT B

1/26/2021 2:17:58 PM                                   ** PRE-BILL **                                          Page 3

**Matter ID: 60665-001**
**Matter: Chapter 11 Bankruptcy Admin**

|                        |           |                             |          |
|------------------------|-----------|-----------------------------|----------|
| Last Invoice Date:     | 05/31/20  | **Total Current Period:**   | 8,316.00 |
| Last Payment Date:     | 05/31/20  | Interest:                   | 0.00     |
| Last Payment Amount:   | 29,984.65 | Previous Balance Due:       | 0.00     |
|                        |           | **Balance Due:**            | 8,316.00 |
|                        |           | Trust Balance:              | 0.00     |
|                        |           | Advance Deposit Balance:    | 0.00     |

|        | **Bill** | **Hold WIP** | **Adjust** | **Trust** | **Other** | **HOLD STMT** |
|--------|----------|--------------|------------|-----------|-----------|---------------|
| Fees   | _____  | _____      | _____    | _____   | _____   | _____       |
| Costs  | _____  | _____      | _____    | _____   | _____   |               |

Billing Instructions                                    Internal Comments

DO NOT finalize.                                         DO NOT finalize.

Keep in WIP.                                             Keep in WIP.

EXHIBIT B

1/26/2021 2:18:02 PM                           ** PRE-BILL **                                    Page 1

**Matter ID: 60665-002**
**Matter: Litigation**

Originating Atty:        MDB
Billing Atty:            MDB
Supervising Atty:        MDB

Cuker Interactive, LLC
Attn: Adel Atalla
5600 Avenida Encinas #175
Carlsbad, CA  92008

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 04/13/20 | MDB | Draft adversary proceeding for declaratory relief against PWSP (1.5); additional research regarding attorneys' liens in California; interface with D. Yates (.9) | 1.40 | 686.00 |
| 04/13/20 | DAY | Confer with M. Breslauer re choice of law research required (.3); research California law regarding establishing an attorney lien (1.5); review and analyze draft complaint (.2) | 2.00 | 690.00 |
| 04/14/20 | MDB | Review research compiled by D. Yates (.3); email instructions to D. Yates regarding research and theories of choice of law and attorney liens (.8) | 1.10 | 539.00 |
| 04/14/20 | DAY | Research precedent on attorney lien issue / Pillsbury claim | 6.20 | 2,139.00 |
| 04/15/20 | DAY | Research related to summary judgment motion / Pillsbury claim (6.9); confer with M. Breslauer re summary judgment strategy (.2) | 7.10 | 2,449.50 |
| 04/16/20 | DAY | Research legal precedents related to summary judgment motion - Pillsbury assertion of lien | 7.30 | 2,518.50 |
| 04/17/20 | DAY | Draft motion for summary judgment (Pillsbury lien) | 7.10 | 2,449.50 |
| 04/17/20 | MDB | Review draft of motion for summary judgment brief | 1.10 | 539.00 |
| 04/18/20 | DAY | Draft motion for summary judgment (Pillsbury claim) | 4.30 | 1,483.50 |
| 04/19/20 | MDB | Review and revise memorandum of points and authorities in support of motion for summary judgment re PWSP | 0.80 | 392.00 |
| 04/19/20 | MDB | Draft, review and revise Adel's declaration to support settlement with Ardent | 0.30 | 147.00 |
| 04/20/20 | DAY | Confer with M. Breslauer re summary judgment draft (.3); research issue on Arkansas rules for M. Breslauer (.2); research treatises per M. Breslauer (.5) | 1.00 | 345.00 |

EXHIBIT B

** PRE-BILL **

**Matter ID: 60665-002**
**Matter: Litigation**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 04/20/20 | MDB | Review and edit brief in support of motion for summary judgment re PWSP; review and conduct additional research regarding standards in choice of law analysis (1.7); telephone conference with and discuss analysis of legal argument with D. Yates (1.0 NO CHARGE) | 1.70 | 833.00 |
| 04/20/20 | MDB | Review and edit brief in support of motion for summary judgment re PWSP | 0.70 | 343.00 |
| 04/21/20 | DAY | Confer with M. Breslauer re summary judgment argument (Pillsbury lien) (.4) | 0.40 | 138.00 |
| 04/21/20 | DAY | Draft summary judgment motion / related research (Pillsbury lien) | 1.30 | 448.50 |
| 04/21/20 | MDB | Attention to continued research regarding choice of law and attorneys' fee lien issues (1.0); review applicable case law; discuss strategy with D. Yates and client (.5) | 1.50 | 735.00 |
| 04/22/20 | DAY | Confer with M. Breslauer re summary judgment research (Pillsbury claim) (.3); draft summary judgment motion / related research (Pillsbury claim) 3.2 | 3.50 | 1,207.50 |
| 04/23/20 | DAY | Confer with M. Breslauer re summary judgment strategy (.4); draft summary judgment brief / related research (Pillsbury lien) (4.2) | 4.60 | 1,587.00 |
| 04/23/20 | MDB | Review and extensively revise brief in support of motion for summary judgment (3.0); additional research regarding choice of law issues (.7); several telephone conferences with D. Yates regarding brief and additional sections and structure of existing arguments (.8) | 4.50 | 2,205.00 |
| 04/24/20 | DAY | Confer with M. Breslauer re summary judgment brief strategy (.3); finalize edits in brief (.1) | 0.40 | 138.00 |
| 04/24/20 | MDB | Review and edit draft of brief (.6); telephone conference with D. Yates regarding same(.2); exchange emails with clients regarding same (.2) | 1.00 | 490.00 |
| 04/26/20 | MDB | Review district court dockets re HLF and WalMart to review Atalla declarations (.3); draft, review and revise Atalla's declaration in support of summary judgment; email to group regarding same (.8) | 1.10 | 539.00 |
| 04/27/20 | DAY | Confer with M. Breslauer re Pillsbury assertions in district court and their relevance to summary judgment motion (.6); edit motion for summary judgment and supporting declaration, research into Pillsbury prior positions to support same (4.2) | 2.80 | 966.00 |

EXHIBIT B

1/26/2021 2:18:02 PM                              ** PRE-BILL **                                    Page 3

**Matter ID: 60665-002**
**Matter: Litigation**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 04/27/20 | MDB | Attention to motion for summary judgment (.8); lengthy telephone conference with client to discuss edits to brief (.5); telephone conference with D. Yates to discuss choice of law arguments and re characterizing aspects of Cuker's brief (1.2); telephone conference with B. Prata regarding strategy and issues pertaining to injunctive relief/Wal-Mart (.3) | 2.80 | 1,372.00 |
| 04/28/20 | DAY | Review and analyze redline to motion for summary judgment / email M. Breslauer re same (.2) | 0.20 | 69.00 |
| 04/28/20 | MDB | Review HLF's motion to dismiss (1.0); analyze issues raised under California and federal law and prior issues in Chapter 11 case (.6); analyze potential response (.4); telephone conference with M. Mann and client regarding same (.6); conference call with R. Prata and client regarding approach to defense of motion to dismiss (.8); review and revise memo regarding choice of law and adversary proceeding against PWSP (.8) | 4.20 | 2,058.00 |
| 04/29/20 | DAY | Confer with M. Breslauer re finalization of summary judgment brief (.7); prepare legal and factual citations for motion for summary judgment (1.9); legal research for summary judgment motion per M. Breslauer (2.1) | 1.80 | 621.00 |
| 04/29/20 | MDB | Further review of motion to dismiss complaint HLF (.4); lengthy telephone conference with clients regarding strategy (1.1); telephone conference with R. Prata (.6) | 2.10 | 1,029.00 |
| 04/30/20 | DAY | Review and analyze Pillsbury complaint for finalization | 0.10 | 34.50 |
| 04/30/20 | MDB | Review and analyze whether cause of action pursuant to Section 544 should be included; final research and discussion regarding choice of law issues in PWSP adversary proceeding | 0.90 | 441.00 |
| 04/30/20 | MDB | Attention to and further review of HLF's motion for relief stay (1.2); telephone conference with P. Duncan regarding same (.3); attention to emails regarding timing and hearing dates (.3) | 1.80 | 882.00 |
| 05/01/20 | MDB | Lengthy telephone conference with client to discuss status, strategy and options in light of motion to dismiss HLF adversary proceeding and likely pursuit of adversary proceeding and summary judgment against PWSP and plan issues  (1.1); follow on conference regarding same (.4) | 1.50 | 735.00 |
| 05/01/20 | DAY | Advise as to summary judgment motion finalization | 0.40 | 138.00 |
| 05/04/20 | MDB | Telephone conference to discuss strategy with J. | 3.40 | 1,666.00 |

EXHIBIT B

**\*\* PRE-BILL \*\***

**Matter ID: 60665-002**
**Matter: Litigation**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | Morning (.9); conference call with clients regarding strategy and issues in motion to dismiss HLF and in motion for summary judgment PWSP (.8); telephone conference with client regarding proposed edits to PWSP's brief regarding motion for summary judgment (.6); edit and finalize brief PWSP (.7); telephone conference and discussion with D. Yates regarding sections of brief to eliminate (.4) | | |
| 05/04/20 | DAY | Confer with M. Breslauer re citation to Ropes and Gray case (.2); research prior case law to distinguish per M. Breslauer (.2); confer with M. Breslauer re professional rules (.2) | 0.60 | 207.00 |
| 05/05/20 | MDB | Research regarding jurisdictional issues raised by HLF's motion to dismiss; review Supreme court authorities (1.6); review and revise motion for summary judgment re PWSP; attention to exhibits and issues regarding PWSP's earlier motions to withdraw in district court action (.5); telephone conference with R. Prata regarding PWSP's action and possible overlap (.2); emails to client regarding same (.2) | 2.50 | 1,225.00 |
| 05/06/20 | MDB | Lengthy telephone conference with R. Prata regarding adversary proceeding and AAA (.6); review and revise summary judgment brief (.8); review and revise adversary complaint (.7); lengthy telephone conference with A. Atalla regarding same and HLF claim (.7) | 2.80 | 1,372.00 |
| 05/07/20 | MDB | Exchange emails with P. Duncan regarding Robins Kaplan fee application and underlying facts (.3) | 0.30 | 147.00 |
| 05/13/20 | MDB | Draft supporting papers for Hashem notice of settlement; email to client regarding same (.9) | 0.90 | 441.00 |
| 05/18/20 | MDB | Outline and begin analysis of opposition to relief from stay proceedings filed by HLF (.8) | 0.80 | 392.00 |
| 05/19/20 | MDB | Begin drafting opposition to relief from stay motion | 0.70 | 343.00 |
| 05/20/20 | MDB | Draft opposition to relief from stay (2.3); continued research regarding bankruptcy jurisdiction (1.1); emails with co-counsel; telephone conference with A. Atalla regarding HLF's motion (.5) | 3.90 | 1,911.00 |
| 05/21/20 | MDB | Telephone conference with A. Atalla regarding strategy regarding same | 0.60 | 294.00 |
| 05/22/20 | MDB | Review and edit opposition papers to motion to dismiss (1.4); lengthy telephone conference with J. Morning to discuss strategy and emphasis in | 2.00 | 980.00 |

EXHIBIT B

**PRE-BILL**

**Matter ID: 60665-002**
**Matter: Litigation**

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | opposition to motion to dismiss (.6); telephone conference with A. Atalla regarding strategy regarding same (.6) | | |
| 05/24/20 | MDB | Telephone conference with client regarding issues in responding to motion to dismiss | 0.50 | 245.00 |
| 05/25/20 | MDB | Review, edit and revise brief in opposition to HLF's motion to dismiss | 1.50 | 735.00 |
| 05/26/20 | MDB | Review PWSP's brief and finalize for filing; review PWSP interest calculations | 0.50 | 245.00 |
| 05/27/20 | MDB | Review and revise opposition to motion to dismiss & review and revise opposition to HLF relief from stay (1.0); lengthy telephone conference with A. Atalla regarding strategy and upcoming issues (,5) | 1.50 | 735.00 |
| 05/28/20 | MDB | Review and revise brief in opposition to relief from stay motion (.8); edit, review and revise opposition to motion to dismiss (.6); exchange emails with clients (.2) | 1.60 | 784.00 |
| 05/29/20 | MDB | Several telephone conferences with clients to make final edits on papers/complaint (.4); edit and make final revisions and draft introductory paragraph for motion to dismiss (.6); draft opposition to motion to oppose relief from stay (.8) | 1.80 | 882.00 |
| 06/02/20 | MDB | Attention to Atalla declaration regarding motion for summary judgment against PWSP | 0.20 | 98.00 |
| 06/03/20 | MDB | Final edits and revisions to motion for summary judgment (PWSP) | 0.20 | 98.00 |
| 06/05/20 | MDB | Review PWSP's opposition to NOIA to exchange releases with Hashem (.6); lengthy telephone conference with A. Atalla regarding same & discuss strategy and opposition/reply (.8) | 1.40 | 686.00 |
| 06/09/20 | MDB | Review HLF reply to Motion to Dismiss and Motion for Relief from Stay | 0.50 | 245.00 |
| 06/09/20 | MDB | Research regarding attorneys' fees on HLF claim | 0.80 | 392.00 |
| 06/10/20 | MDB | Telephone conference with A. Atalla regarding Hashem settlement and PWSP opposition (NO CHARGE) | 0.70 | 0.00 |
| 06/11/20 | MDB | Draft and prepare reply to PWSP's opposition to Hashem settlement (.7); draft initial opposition (.6); additional review of adversary proceeding and feasibility of arbitration in 9th Circuit (.6); exchange emails with M. Walker regarding same (.2) | 2.10 | 1,029.00 |

EXHIBIT B

**Matter ID: 60665-002**
**Matter: Litigation**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 06/12/20 | MDB | Review, revise and redraft declaration of Adel Atalla and reply brief to PWSP's opposition to settlement with Hashem | 1.30 | 637.00 |
| 06/15/20 | MDB | Prepare for and participate in conference call with R. Prata, J. Morning, A Atalla and A. Cuker regarding strategy and issues in connection with the hearing on HLF's motion to dismiss (.8); follow on review and modification of declaration regarding absence of exhibits (.2) | 1.00 | 490.00 |
| 06/16/20 | MDB | Attention to issues regarding service of complaint and plan and amended Declaration of Adel Atalla (.3); review court's tentative decisions regarding dismissal and RFS by HLF (.4); discuss same with client and with special counsel (.7); discuss alternatives available and related issues (.8); telephone conference with prospective expert/consultant regarding PWSP matter; discuss background and referral to R. Prata (no charge) | 1.80 | 882.00 |
| 06/17/20 | MDB | Continued analysis regarding court's tentative decisions in motion to dismiss and relief from stay matter (1.2); conference calls with client and R. Prata regarding same; telephone conference with prospective expert (PWSP); email to R. Prata regarding same (.6) | 1.80 | 882.00 |
| 06/18/20 | MDB | Review and discuss proposed form of orders submitted regarding dismissal and relief from stay (.5); revise and edit proposed orders (.3); telephone conference and emails with P. Duncan regarding same (.2); telephone conferences with co-counsel and client regarding proposed and agreed orders (.6) | 1.60 | 784.00 |
| 06/23/20 | MDB | Emails with M. Walker regarding arbitration provisions (.2); attention to stipulation regarding service of adversary proceeding and motion for summary judgment; emails with M. Walker regarding same (.2) | 0.40 | 196.00 |
| 06/23/20 | DAY | Confer with M. Breslauer re summary judgment reply brief strategy (PWSP) and potential motion to compel arbitration (.2); research law on arbitration and bankruptcy (.3) | 0.50 | 172.50 |
| 06/23/20 | MDB | Attention to order and finalization of orders lifting stay and dismissing adversary proceeding; emails to P. Duncan | 0.20 | 98.00 |
| 06/24/20 | DAY | Research law on arbitration in bankruptcy proceedings | 0.40 | 138.00 |
| 06/24/20 | MDB | Telephone conference with A. Atalla regarding | 0.70 | 343.00 |

EXHIBIT B

1/26/2021 2:18:02 PM                    **\*\* PRE-BILL \*\***                    Page 7

**Matter ID: 60665-002**
**Matter: Litigation**

| Date | | Description | Hours | Amount |
|------|-----|-------------|-------|--------|
| | | strategy in connection with motion to compel arbitration and motion for summary judgment PWSP | | |
| 06/25/20 | MDB | Review PWSP's opposition to motion for summary judgment; review PWSP's motion to compel arbitration | 1.00 | 490.00 |
| 06/25/20 | DAY | Review and analyze opposition to summary judgment motion filed by PWSP | 0.50 | 172.50 |
| 06/26/20 | DAY | Confer with M. Breslauer re strategy for reply on summary judgment (PWSP) (.3); research related to reply on summary judgment (PWSP) (6.2) | 4.50 | 1,552.50 |
| 06/26/20 | MDB | Review and analyze opposition to motion for summary judgment filed by PWSP (1.8); lengthy telephone conference with D. Yates to discuss format and content of reply (.9); lengthy telephone conference with clients regarding strategy (.5) | 3.20 | 1,568.00 |
| 06/27/20 | DAY | Draft reply brief for summary judgment (PWSP) (4.3) | 3.30 | 1,138.50 |
| 06/28/20 | DAY | Draft reply brief for summary judgment (PWSP) (3.9) | 2.90 | 1,000.50 |
| 06/29/20 | DAY | Draft reply brief for summary judgment (PWSP) (5.4); confer with M. Breslauer re summary judgment reply brief strategy (.2); review and analyze motion to compel arbitration / related cases (1.9) | 4.00 | 1,380.00 |
| 06/29/20 | MDB | Review reply and draft memorandum; draft additional section for inclusion in brief (1.3); telephone conference with D. Yates regarding strategy and reply (.5) | 1.80 | 882.00 |
| 06/30/20 | MDB | Review and revise and further edits to reply memo | 1.20 | 588.00 |
| 06/30/20 | DAY | Edit reply brief (summary judgment / PWSP) (1.2) | 1.20 | 414.00 |
| 07/01/20 | DAY | Edit reply brief (Motion for summary judgment / PWSP) (.8); confer with M. Breslauer re arbitration issue (.3); research case law regarding arbitrability (1.1) | 2.20 | 759.00 |
| 07/01/20 | MDB | Attention to and continued analysis of petition to compel arbitration and usefulness of 544 argument (1.2); telephone conference with A. Atalla regarding reply memo (.4); review, revise, and finalize reply memo regarding summary judgment motion (.8); analyze motion to compel arbitration; telephone conference to discuss strategy and work up of opposition with D. Yates (.4) | 2.90 | 1,421.00 |
| 07/02/20 | DAY | Confer with M. Breslauer re legal issue for reply brief (MSJ / PWSP) (.2); edit reply brief / finalize for filing (1.4); research motion to compel arbitration (2.3) | 3.90 | 1,345.50 |

EXHIBIT B

**\*\* PRE-BILL \*\***

**Matter ID: 60665-002**
**Matter: Litigation**

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 07/05/20 | DAY | Research related to opposition to motion to compel arbitration (PWSP) (2.1); draft opposition to motion to compel arbitration (PWSP) (1.1) | 3.20 | 1,104.00 |
| 07/06/20 | MDB | Review and revise opposition to motion to compel arbitration | 0.80 | 392.00 |
| 07/06/20 | DAY | Research related to opposition to motion to compel arbitration (PWSP) (1.1); draft opposition to motion to compel arbitration (PWSP) (5.1) | 6.20 | 2,139.00 |
| 07/06/20 | MDB | Lengthy call with R. Prata regarding HLF litigation in Arkansas (.8) | 0.80 | 392.00 |
| 07/07/20 | DAY | Confer with M. Breslauer re case research for opposition to motion to compel (.2); perform case research re opposition to motion to compel (1.4) | 1.60 | 552.00 |
| 07/07/20 | MDB | Review and edit brief in opposition to motion to compel arbitration (1.3); continued revisions to opposition brief (.8) | 2.10 | 1,029.00 |
| 07/08/20 | MDB | Review and revise opposition to motion to compel arbitration | 1.50 | 735.00 |
| 07/08/20 | DAY | Legal research for opposition to motion to compel / edit opposition brief (1.9); analyze tentative decision and decisions cited by judge therein (.7) | 2.60 | 897.00 |
| 07/09/20 | DAY | Confer with M. Breslauer re hearing strategy (.1); research rules relating to hearing schedule (.1); attend court hearing on motion for summary judgment (1.0); edit and finalize opposition to motion to compel arbitration (PWSP) (.9) | 2.10 | 724.50 |
| 07/09/20 | MDB | Prepare oral argument connection with motion for summary judgment (1.2); discuss strategy and tactics with client and R. Barnes; appear at and argue MSJ (1.1) | 3.30 | 1,617.00 |
| 07/10/20 | MDB | Telephone conference with P. Duncan regarding potential settlement discussions (.4) | 0.40 | 196.00 |
| 07/16/20 | MDB | Finalize reply brief regarding arbitration (.8) | 0.80 | 392.00 |
| 07/17/20 | MDB | Email regarding potential settlement to HLF's counsel (.4); discuss strategy and briefly review PWSP's reply regarding motion to compel arbitration (.3) | 0.70 | 343.00 |
| 07/20/20 | MDB | Telephone conference with HLF's counsel (.5); emails to client and contingency counsel regarding HLF settlement (.4) | 0.90 | 441.00 |
| 07/21/20 | MDB | Review proposed stipulation (.5) | 0.50 | 245.00 |
| 07/22/20 | MDB | Telephone conference with G. Sims regarding HLF | 0.90 | 441.00 |

EXHIBIT B

**\*\* PRE-BILL \*\***

**Matter ID: 60665-002**
**Matter: Litigation**

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | payment (.2); review and revise stipulation for relief from automatic stay by HLF regarding settlement (.7) | | |
| 07/23/20 | MDB | Review and revise HLF stipulation (.3); telephone conference with G. Sims regarding same (2); emails with A. Vanderhoff regarding dove tailing A. Atalla individual matter into a stipulation for relief from stay (.2) | 0.70 | 343.00 |
| 07/29/20 | MDB | Attention to HLF settlement; telephone conference with A. Vanderhoff; multiple telephone conferences with A. Atalla (.7); revise HLF stipulation for payment of HLF secured claim; continue drafting disclosure statement (.8) | 1.50 | 735.00 |
| 07/30/20 | MDB | Telephone conference with G. Sims regarding same | 0.30 | 147.00 |
| 07/31/20 | MDB | Discuss and revise HLF stipulation for relief from automatic stay to address R. Prata's issues and concerns (.8); emails with G. Sims regarding edits to HLF stipulation (.6) | 1.40 | 686.00 |
| 08/03/20 | MDB | Attend to stipulation with HLF; lengthy telephone conference with clients re stipulation | 1.20 | 588.00 |
| 08/04/20 | MDB | Telephone conference with G. Sims re stipulation and settlement | 0.30 | 147.00 |
| 08/04/20 | MDB | Continued discussions with HFL counsel regarding HLF stipulation (.5); 3 telephone conferences with A. Atalla regarding HLF (.7)(1.0 NO CHARGE); review AAA record (.4) | 1.60 | 784.00 |
| 08/05/20 | DAY | Review and analyze tentative ruling; draft talking points outline including case analysis in preparation for oral hearing | 2.30 | 793.50 |
| 08/06/20 | MDB | Prepare for and argue PWSP petition to compel arbitration of adversary proceeding; follow on discussion with client | 3.20 | 1,568.00 |
| 08/07/20 | MDB | Attention to issues regarding HLF NOIA (.2); telephone conference with A. Atalla regarding proposed declaration (.3); telephone conference with HLF's counsel regarding same (.2) | 0.70 | 343.00 |
| 08/17/20 | MDB | Attention to and review proposed HLF order (.3); telephone conference with G. Sims regarding form of order (.1); exchange emails with client (.1) | 0.50 | 245.00 |
| 08/18/20 | MDB | Attention to issues regarding submission of proposed order to BK court re HLF settlement (.3); lengthy telephone conference with A. Atalla regarding same and other outstanding issues (.7) | 1.00 | 490.00 |

EXHIBIT B

** PRE-BILL **

**Matter ID: 60665-002**
**Matter: Litigation**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 08/19/20 | MDB | Attention to issues regarding entry of order regarding HLF (.2); review Judge Adler's letter decision regarding petition to compel arbitration (.2) | 0.50 | 245.00 |
| 08/19/20 | MDB | Telephone Conference with A Atalla to discuss strategy .5 (NO CHARGE) | 0.50 | 0.00 |
| 08/20/20 | MDB | Review court's letter opinion regarding arbitration; telephone conference with A. Atalla re same | 0.30 | 147.00 |
| 08/20/20 | MDB | Telephone conference with G. Sims status of payment | 0.20 | 98.00 |
| 08/24/20 | MDB | Draft orders granting motion for summary judgment and denying petition to compel arbitration | 0.70 | 343.00 |
| 08/24/20 | DAY | Confer with M. Breslauer re drafting orders and judgment (.1); draft final judgment (.4) | 0.50 | 172.50 |
| 08/26/20 | MDB | Finalize and review notice of lodgment | 0.30 | 147.00 |
| 08/28/20 | DAY | Review and analyze draft order and judgment (PWSP summary judgment) | 0.10 | 34.50 |
| 08/28/20 | MDB | Review and revise notice of lodgment regarding orders | 0.20 | 98.00 |
| 09/08/20 | MDB | Revise order and judgment regarding PWSP motion for summary judgment (.2); emails with M. O'Halloran and finalize notice of lodgment for order regarding NOIA to settle with Shults (.2) | 0.40 | 196.00 |
| 11/23/20 | MDB | Emails with A. Atalla regarding PWSP motion to dismiss AAA matter | 0.20 | 98.00 |
| 11/25/20 | MDB | Telephone conference with R. Prata; attention to emails and request for information | 0.30 | 147.00 |
| 01/03/21 | MDB | Lengthy telephone conference with A. Atalla regarding necessity for filing adversary proceeding to preserve claim objection against WLG (1.2); telephone conference with R. Barnes regarding necessity for adversary proceeding and claim objection (.8 NO CHARGE) | 1.20 | 594.00 |
| 01/04/21 | MDB | Draft review and revise adversary proceeding brought against WLG regarding transfer of funds out of trust and claim objection; discuss with client | 1.80 | 891.00 |

|  | | | **Total Fees:** | **203.40** | **85,593.50** |

## FEE RECAP

| Timekeeper | | Hours | Rate | Amount |
|-----------|---|-------|------|--------|
| MDB | Michael D. Breslauer | 1.20 | 0.00 | 0.00 |
| MDB | Michael D. Breslauer | 106.10 | 490.00 | 51,989.00 |

EXHIBIT B

1/26/2021 2:18:02 PM                      ** PRE-BILL **                                    Page 11

**Matter ID: 60665-002**
**Matter: Litigation**

| Timekeeper | | Hours | Rate | Amount |
|---|---|---|---|---|
| MDB | Michael D. Breslauer | 3.00 | 495.00 | 1,485.00 |
| DAY | Deborah A. Yates | 93.10 | 345.00 | 32,119.50 |
| | **Total Fees:** | **203.40** | | **85,593.50** |

### BILLING SUMMARY

| | | | |
|---|---|---|---|
| Last Invoice Date: | 05/31/20 | **Total Current Period:** | 85,593.50 |
| Last Payment Date: | 05/31/20 | Interest: | 0.00 |
| Last Payment Amount: | 1,274.00 | Previous Balance Due: | 0.00 |
| | | **Balance Due:** | **85,593.50** |
| | | Trust Balance: | 0.00 |
| | | Advance Deposit Balance: | 0.00 |

| | Bill | Hold WIP | Adjust | Trust | Other | HOLD STMT |
|---|---|---|---|---|---|---|
| Fees | _____ | _____ | _____ | _____ | _____ | _____ |
| Costs | _____ | _____ | _____ | _____ | _____ | |

<u>Billing Instructions</u>

Do not bill until Wendy says so

<u>Internal Comments</u>

EXHIBIT B

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

Originating Atty:       MDB
Billing Atty:           MDB
Supervising Atty:       MDB

Cuker Interactive, LLC
Attn: Adel Atalla
5600 Avenida Encinas #175
Carlsbad, CA  92008

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 04/02/20 | MDB | Research regarding impairment and via statute versus via plan; review cases and analyze issues pertaining to plan (3.5); telephone conference with M. Mann to discuss research and potential avenue toward for unimpaired plan (1.1); follow up telephone conference with R. Prata regarding special counsel/injunction litigation counsel (.3) | 4.60 | 2,254.00 |
| 04/03/20 | MDB | Lengthy email to clients regarding analysis of cash and unimpairment | 1.50 | 735.00 |
| 04/09/20 | MDB | Telephone conference with M. Mann to discuss strategy | 0.70 | 343.00 |
| 04/10/20 | MDB | Lengthy call with clients regarding Chapter 11 plan and strategy | 0.80 | 392.00 |
| 04/13/20 | MDB | Exchange emails with A. Atalla and team regarding plan issues, claim objections and overall confirmation requirements (.6); draft and revise spreadsheet for cash needed at confirmation (.5); email and telephone conferences with M. Mann regarding issues of cash needed on effective date and IRS claim (.3) | 1.40 | 686.00 |
| 04/14/20 | MDB | Telephone conference with M. Mann regarding confirmation issues | 0.30 | 147.00 |
| 05/04/20 | MDB | Email to client regarding issues in reorganization process | 0.70 | 343.00 |
| 05/07/20 | MDB | Continued analysis regarding full payment plan regarding unimpaired classes (.6) | 0.60 | 294.00 |
| 05/11/20 | MDB | Telephone conference with S. Elledge-Chang regarding liquidation analysis and feasibility analysis requirements (.5) | 0.50 | 245.00 |
| 05/12/20 | MDB | Lengthy telephone conference with clients to discuss impairment and relationship to plan and voting (NO CHARGE) | 1.00 | 0.00 |

EXHIBIT B

** PRE-BILL **

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

| Date | | Description | Hours | Amount |
|------|--|-------------|-------|--------|
| 05/13/20 | MDB | Emails and telephone conference with A. Atalla regarding confirmation issues | 0.50 | 245.00 |
| 05/13/20 | MDB | Review and revise plan; review and revise disclosure statement (.9); analyze issues regarding impairment and insiders relationship to voting/(a)(10) issues (1.2); research regarding same (.8) | 2.90 | 1,421.00 |
| 05/13/20 | PT | Research regarding ███████████████████ ███████████████████████████████ | 3.10 | 837.00 |
| 05/14/20 | MDB | Further analysis regarding impairment and structure of plan (.9); emails with clients regarding plan structure (.5); lengthy conference call with clients regarding effects of and consequences of confirmation and possible closure of Chapter 11 estate (1.4) | 2.80 | 1,372.00 |
| 05/14/20 | PT | Review research and draft email to M. Breslauer | 0.70 | 189.00 |
| 05/15/20 | MDB | Continued review and analysis of confirmation criteria and confirmation requirements (.7); additional research regarding impairment (.6); lengthy telephone conference with A. Atalla regarding change in direction and full repayment of all creditor claims and background regarding D. Wolfe and Torrey Partner claims (1.4) | 2.70 | 1,323.00 |
| 05/18/20 | MDB | Draft forbearance agreements for P. Atalla, A. Atalla and A. Cuker (.8) analyze further issues regarding confirmation requirements and the necessity of contractually getting modification of insiders' rights (.9); edit and modify Chapter 11 plan (.2) | 1.90 | 931.00 |
| 05/18/20 | PT | Research for cases ███████████████████ ███████████████████████████ | 1.50 | 405.00 |
| 05/18/20 | MDB | Respond to request for information from M. Walker (.2) | 0.20 | 98.00 |
| 05/19/20 | MDB | Continued research and analysis regarding ████ ████████████████ (1.0); review and revise disclosure statement (1.2); draft email status report and letter to clients explaining ████████████ ████████████████ (1.0); begin drafting opposition to relief from stay motion (.7) | 3.20 | 1,568.00 |
| 05/21/20 | MDB | Telephone conference with A. Atalla regarding non-impairment of insider claims (NO CHARGE) | 0.50 | 0.00 |
| 05/25/20 | MDB | Review and revise plan of reorganization; final edits and revisions for finalizing (1.6); lengthy telephone conference with client regarding strategy and | 2.40 | 1,176.00 |

EXHIBIT B

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | confirmation issues (.8) | | |
| 05/26/20 | MDB | Revisions to plan; analyze and review filing deadlines and scheduling for plan confirmation proceedings | 0.70 | 343.00 |
| 05/26/20 | MDB | Email confirmation checklist to client | 0.40 | 196.00 |
| 05/26/20 | MDB | Lengthy telephone conference with clients regarding plan process and interest rate issues (NO CHARGE) | 1.10 | 0.00 |
| 05/27/20 | MDB | Detailed memo to clients regarding confirmation issues | 1.00 | 490.00 |
| 05/28/20 | MDB | Compute cash necessary for effective date payments (.3); review, revise and finalize plan dated 5/29/20 (1.2) | 1.50 | 735.00 |
| 06/01/20 | MDB | Begin preparation of memorandum in support of Motion to confirm plan (1.9); telephone conference with clients regarding same and timing issues (.8) | 2.70 | 1,323.00 |
| 06/02/20 | MDB | Continue drafting and research to assemble brief in support of confirmation | 3.50 | 1,715.00 |
| 06/03/20 | MDB | Draft declaration of Adel Atalla; review and revise same regarding confirmation of plan and proceedings | 1.80 | 882.00 |
| 06/04/20 | MDB | Review and revise first amended plan, motion to approve and confirm plan, and declaration of Adel Atalla | 1.60 | 784.00 |
| 06/08/20 | MDB | Review and revise Atalla Declaration in support of confirmation (.7); lengthy telephone conference with Adel Atalla regarding same (.7); revise plan and finalize confirmation brief (.4) | 1.80 | 882.00 |
| 06/11/20 | MDB | Attention to filing and overall review of amended plan and declaration of Adel Atalla | 1.50 | 735.00 |
| 06/15/20 | MDB | Telephone conference with creditors regarding plan | 0.20 | 98.00 |
| 06/18/20 | MDB | Draft, review, revise and finalize Atalla declaration regarding revised plan disbursement items | 0.50 | 245.00 |
| 06/25/20 | MDB | Telephone conference with A. Atalla regarding interest calculations for secured creditors | 0.20 | 98.00 |
| 06/26/20 | MDB | Telephone conference with S. Elledge to discuss interest rate calculations and necessity for additional work up regarding interest (.5); follow on telephone conferences with creditors (.4) | 0.90 | 441.00 |
| 06/29/20 | MDB | Telephone conference with client regarding strategy and open items | 0.80 | 392.00 |
| 07/06/20 | MDB | Review calculations for interest accrual (.5); conference call with S. Elledge and R. Barnes regarding calculation of post-petition interest to | 3.70 | 1,813.00 |

EXHIBIT B

** PRE-BILL **

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | secured creditors (1.1); revise analysis and follow on telephone conference with R. Barnes regarding impairment issues under Chapter 11 plan (.8); telephone conference with A. Vanderhoff regarding plan issues (.2); analyze and discuss plan confirmation objections (1.1) | | |
| 07/07/20 | MDB | Lengthy telephone conference with A. Atalla regarding plan issues (1.1); conference call with S. Elledge and R. Barnes regarding interest calculations; email to client regarding same (1.1) | 2.20 | 1,078.00 |
| 07/10/20 | MDB | Review oppositions to first amended plan filed by HLF and Wolf (.7); telephone conference with A. Atalla regarding strategy (.5) (.4 NO CHARGE) | 1.20 | 588.00 |
| 07/11/20 | MDB | Continued analysis of objections (.5); telephone conference with R. Barnes to discuss and analyze response (.5 NO CHARGE) | 0.50 | 245.00 |
| 07/12/20 | MDB | Lengthy telephone conference with R. Barnes to discuss strategy and tactics for plan confirmation 1.3 (.7 NO CHARGE) | 0.60 | 294.00 |
| 07/13/20 | MDB | Lengthy telephone conference with A. Atalla, A. Cuker and R. Barnes to discuss necessary changes to the plan, status of matters involving HLF and PWSP (1.5); create second amended draft of plan (1.8); telephone conference with S. Elledge-Chiang to discuss issues of interest calculations necessary for plan (.8); separate telephone conferences regarding strategy with R. Barnes (.6) (1.0 NO CHARGE) | 4.70 | 2,303.00 |
| 07/16/20 | MDB | Review and revise to second amended plan; draft, review and revise declarations of Stacy Elledge-Chiang, A. Atalla, and A. Cuker (1.8); review and revise same (.7); discuss strategy with R. Barnes (.8); telephone conferences with A. Atalla and S. Elledge-Chiang regarding final edits (.7) | 4.00 | 1,960.00 |
| 07/16/20 | MDB | Draft, review and revise ex parte application for order regarding confirmation schedules & status conference report | 0.80 | 392.00 |
| 07/20/20 | MDB | Analyze impairment issues (.4); attention to potential settlement; lengthy telephone conferences with client regarding settlement terms; email regarding same (1.2) | 1.60 | 784.00 |
| 07/21/20 | MDB | Telephone conference with M. Walker regarding potential resolution (.3); review PWSP's response to ex parte application regarding confirmation schedule | 1.20 | 588.00 |

EXHIBIT B

**** PRE-BILL ****

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | (.2); analyze structure of argument; telephone conference with R. Barnes regarding same (.7); review proposed stipulation (.5) | | |
| 07/22/20 | MDB | Attention to Judge's tentative decision requiring a disclosure statement (.4); multiple telephone conferences with R. Barnes and A. Atalla to discuss tentative and response (1.2); follow on telephone conferences to Judge's clerk (.1); follow on telephone conference with M. Walker regarding Judge's tentative decision and acceptance (.2) | 1.90 | 931.00 |
| 07/23/20 | MDB | Telephone conference with R. Barnes regarding structure of reorganization plan and treatment of interest to creditors (.4) (.4 NO CHARGE) | 0.40 | 196.00 |
| 07/24/20 | MDB | Telephone conference with A. Atalla regarding update and prepare for status conference | 0.20 | 98.00 |
| 07/24/20 | MDB | Telephone conference regarding strategy with R. Barnes (1.0); lengthy telephone conference regarding strategy regarding claim objection and plan issues with client (1.5) | 2.50 | 1,225.00 |
| 07/25/20 | MDB | Follow on telephone conference with A. Atalla regarding plan and disclosure statement strategy (NO CHARGE) | 1.00 | 0.00 |
| 07/29/20 | MDB | continue drafting disclosure statement | 0.80 | 392.00 |
| 07/30/20 | MDB | Lengthy telephone conference with R. Prata regarding HLF settlement and stipulation (.5); revisions to draft disclosure statement (1.3) | 1.80 | 882.00 |
| 07/31/20 | MDB | Discuss plan DS strategy and R. Barnes (NO CHARGE) | 0.60 | 0.00 |
| 08/02/20 | MDB | Draft, review and revise forbearance and tolling agreements for Aaron & Patricia and draft email to clients regarding same (1.0); review edits to plan from R. Barnes (.5) | 1.50 | 735.00 |
| 08/03/20 | MDB | D.S. revisions (.8); telephone conference with clients re strategy (.2) | 1.00 | 490.00 |
| 08/03/20 | MDB | Telephone conference with R. Barnes re PWSP/D.S. revisions (NO CHARGE) | 0.50 | 0.00 |
| 08/04/20 | MDB | Telephone conference with R. Barnes to analyze disclosure statement issues (.6 NO CHARGE); review Chiang projections for plan (.7); attention to request for discovery facility from M. Walker (.7) | 1.40 | 686.00 |
| 08/06/20 | MDB | Final revisions to disclosure statement (.6); review final projections prepared by S. Elledge-Chiang (.3); | 1.60 | 784.00 |

EXHIBIT B

**\*\* PRE-BILL \*\***

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | discuss final edits with R. Barnes (.2); discuss final edits with clients (.5) | | |
| 08/12/20 | MDB | Attention to exchange emails regarding PWSP discovery requests | 0.20 | 98.00 |
| 08/14/20 | MDB | Review request for production of documents served by PWSP; email to clients regarding same | 0.20 | 98.00 |
| 08/26/20 | MDB | Telephone conference with A. Atalla to discuss plan strategy (.5); telephone conference with A. Vanderhoff regarding discovery to Patricia Atalla and insider claims (.3) | 0.80 | 392.00 |
| 08/31/20 | MDB | Review briefing in PG&E | 0.60 | 294.00 |
| 08/31/20 | MDB | Telephone conference with A. Atalla to discuss strategy | 0.30 | 147.00 |
| 09/01/20 | MDB | Telephone conference with R. Barnes to discuss strategy (NO CHARGE) | 0.60 | 0.00 |
| 09/03/20 | DAY | Draft objections and responses to PWSP requests for production (2.2) | 2.20 | 759.00 |
| 09/04/20 | DAY | Draft objections and responses to document requests from PWSP | 0.50 | 172.50 |
| 09/08/20 | MDB | Prepare for and participate in conference call with R. Barnes and client regarding strategy for disclosure statement reply and plan confirmation proceedings (.5) (.5 NO CHARGE); draft sections for reply memorandum regarding PWSP objections and bad behavior (.7); draft Prata declaration regarding alleged delay in prosecution of AAA matter (.8) | 2.00 | 980.00 |
| 09/09/20 | MDB | Revise reply brief section regarding PWSP's conduct (.8); attention to PWSP fee incurred (.5); review and revise Prata declaration (.3); telephone conference with A. Atalla regarding plan process (.4); telephone conference with S. Elledge-Chiang regarding potential edits to projections (.4) | 2.40 | 1,176.00 |
| 09/09/20 | DAY | Confer with M. Breslauer re objections and responses to document requests from PWSP | 0.70 | 241.50 |
| 09/11/20 | MDB | Telephone conference with A. Atalla regarding PWSP documents production and propriety (NO CHARGE) | 0.60 | 0.00 |
| 09/14/20 | MDB | Attention and revise plan terms to redefine treatment of PWSP (.3); telephone conference with A. Atalla regarding same (.1); analyze with R. Barnes (.5 NO CHARGE) | 0.40 | 196.00 |
| 09/14/20 | DAY | Confer with M. Breslauer re objections to PWSP | 0.50 | 172.50 |

EXHIBIT B

**\*\* PRE-BILL \*\***

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | document requests (.2); edit objections to PWSP document requests (.3) | | |
| 09/16/20 | MDB | Discuss status with A. Atalla (.7); discuss tentative ruling and strategy for hearing with R. Barnes (.5 NO CHARGE); discuss Patricia Atalla's deposition with A. Vanderhoff (.2) | 0.90 | 441.00 |
| 09/17/20 | MDB | Attention to discovery production to PWSP (.7) | 1.60 | 784.00 |
| 09/21/20 | MDB | Exchange emails regarding form of order approving disclosure statement (.3); conference call with Stacy Elledge-Chiang and A. Atalla regarding revisions to projections (1.0) | 1.30 | 637.00 |
| 09/24/20 | MDB | Review projections compiled by S. Chiang (.5); conference call with client and S. Chiang regarding projections and plan related issues (.7);  analysis of plan issues regarding WLG and impairment issues (.9) | 2.10 | 1,029.00 |
| 10/01/20 | MDB | Attention to information issues; exchange emails with client regarding plan | 0.30 | 147.00 |
| 10/03/20 | MDB | Attention to and revise declaration of A. Atalla (.5); emails with client (.4); discuss strategy with R. Barnes (.5 NO CHARGE) | 0.90 | 441.00 |
| 10/05/20 | MDB | Attention to fourth amended plan, motion and supporting documents (.8); review and revise brief in support of confirmation (.8); telephone conference with S. Elledge Chiang regarding updated schedules to attach to motion (.3); telephone conference and emails with client regarding confirmation package and declarations (.2) | 2.10 | 1,029.00 |
| 10/28/20 | MDB | Telephone conference with R. Barnes regarding same (NO CHARGE) | 0.20 | 0.00 |
| 10/29/20 | MDB | Telephone conference with R. Barnes regarding logistics for Chapter 11 confirmation hearing | 0.20 | 98.00 |
| 11/01/20 | MDB | Review new Texas bankruptcy decision regarding impairment/interest rates (.8) | 0.80 | 392.00 |
| 11/05/20 | MDB | Review oppositions to plan confirmation filed by PWSP & WLG (.8); prepare for and attend conference call with A. Atalla and R. Barnes (.7); draft spreadsheet identifying opposition points and tentative response (.6); begin drafting reply brief (1.1) | 3.20 | 1,568.00 |
| 11/09/20 | MDB | Discuss tactics and strategy with R. Barnes regarding reply (.2); review and revise reply brief (.7) | 0.90 | 441.00 |
| 11/10/20 | MDB | Lengthy telephone conference with client to discuss strategy and confirmation hearing (.6); review and | 0.90 | 441.00 |

EXHIBIT B

** PRE-BILL **

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | revise reply brief (.3); discuss strategy with R. Barnes (.5 NO CHARGE) | | |
| 11/11/20 | MDB | Review and revise reply brief (.3); review R. Barnes insert regarding Impairment and interest rates (.4); telephone conference with A. Atalla regarding reply (.5) | 1.20 | 588.00 |
| 11/13/20 | MDB | Attention to and prepare for confirmation hearing; telephone conference with A. Atalla regarding same | 0.70 | 343.00 |
| 11/15/20 | MDB | Review documents produced to prepare for possible cross-examination | 1.70 | 833.00 |
| 11/16/20 | MDB | Lengthy telephone conferences with S. Chiang and A. Atalla regarding witness preparation and general preparation for confirmation hearing (.7); continued preparation for hearing; review case law and briefs (.8); discuss strategy with A. Atalla and R. Barnes (1.0) | 2.50 | 1,225.00 |
| 11/17/20 | MDB | Prepare for confirmation hearing (1.1); several telephone conferences with A. Atalla (.5) (.5 NO CHARGE); final edits to Torrey Partners claim objection (.4); review court's tentative decision (.2); prepare and finalize promissory note for A. Cuker's loan (.3) | 2.50 | 1,225.00 |
| 11/18/20 | MDB | Prepare for and attend confirmation hearing; follow up telephone conferences with A. Atalla | 3.50 | 1,715.00 |
| 11/19/20 | MDB | Review next steps needed for order and findings of fact and conclusions of law regarding plan with R. Barnes | 0.30 | 147.00 |
| 11/22/20 | MDB | Telephone conference with A. Atalla construction and next steps (NO CHARGE) | 0.50 | 0.00 |
| 12/02/20 | MDB | Review and edit order and findings and conclusions (.6); emails with R. Barnes regarding edits (.3 NO CHARGE); telephone conference with A. Atalla regarding same (.2) | 0.80 | 392.00 |
| 12/03/20 | MDB | Review Judge Adler's written memorandum decision for publication regarding Cuker interest rate/impairment analysis (.4); telephone conference with A. Atalla regarding same (.5); review and finalize notices of lodgment of order confirming plan and findings and conclusions (.6); email to M. Walker regarding objections and changes regarding order (.4) | 1.90 | 931.00 |
| 12/10/20 | MDB | Telephone conference with R. Barnes regarding plan effective date and possible request for stay | 0.60 | 294.00 |
| 12/15/20 | MDB | Attention to entry of order confirming plan and findings and conclusions; email to clients regarding same (.2); | 0.20 | 98.00 |

EXHIBIT B

1/26/2021 2:18:10 PM                    ** PRE-BILL **                                    Page 9

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | email and telephone conference with Husch Blackwell regarding MODUS claim information for follow up declaration (.5) | | |
| 12/17/20 | MDB | Attention to issues regarding early effective date; exchange emails with clients regarding same (.6); telephone conference with R. Barnes regarding same (.3 NO CHARGE) | 0.60 | 294.00 |
| 12/30/20 | MDB | Several telephone conferences with A. Atalla regarding claim objection and absence of appeal to confirmation order (.8) | 0.80 | 392.00 |
| 01/04/21 | MDB | Telephone conference with A. Atalla regarding plan effective date and Wolfe objection (NO CHARGE) | 0.90 | 0.00 |
| | | **Total Fees:** | **136.50** | **61,478.50** |

## FEE RECAP

| Timekeeper | | Hours | Rate | Amount |
|-----------|---|-------|------|--------|
| MDB | Michael D. Breslauer | 7.50 | 0.00 | 0.00 |
| MDB | Michael D. Breslauer | 119.80 | 490.00 | 58,702.00 |
| DAY | Deborah A. Yates | 3.90 | 345.00 | 1,345.50 |
| PT | Priyanka Talukdar | 5.30 | 270.00 | 1,431.00 |
| | **Total Fees:** | **136.50** | | **61,478.50** |

## BILLING SUMMARY

| | | | | |
|---|---|---|---|---|
| Last Invoice Date: | 05/31/20 | **Total Current Period:** | | **61,478.50** |
| Last Payment Date: | 05/31/20 | Interest: | | 0.00 |
| Last Payment Amount: | 14,108.50 | Previous Balance Due: | | 0.00 |
| | | **Balance Due:** | | **61,478.50** |
| | | Trust Balance: | | 0.00 |
| | | Advance Deposit Balance: | | 0.00 |

EXHIBIT B

**Matter ID: 60665-007**
**Matter: Plan/Disclosure Statement**

|  | Bill | Hold WIP | Adjust | Trust | Other | HOLD STMT |
|---|---|---|---|---|---|---|
| Fees | _____ | _____ | _____ | _____ | _____ | _____ |
| Costs | _____ | _____ | _____ | _____ | _____ | |

<u>Billing Instructions</u>                                   <u>Internal Comments</u>

EXHIBIT B

1/26/2021 2:18:16 PM                    ** PRE-BILL **                                      Page 1

**Matter ID: 60665-008**
**Matter: Fee Applications**

Originating Atty:        MDB
Billing Atty:            MDB
Supervising Atty:        MDB

Cuker Interactive, LLC
Attn: Adel Atalla
5600 Avenida Encinas #175
Carlsbad, CA  92008

| Date | | Description | Hours | Amount |
|------|--|-------------|-------|--------|
| 04/15/20 | MDB | Review and edit third interim fee application | 0.80 | 392.00 |
| 04/17/20 | MDB | Attention to fee application issues | 0.30 | 147.00 |
| 04/21/20 | MDB | Telephone conference with S. Gautier to discuss timing of Robins Kaplan fee application | 0.30 | 147.00 |
| 05/26/20 | MDB | Review, edit and attention to order allowing R&K fees (.2); telephone conference with E. Magnussen regarding same (.2); exchange emails with Wal-Mart's counsel (.1); draft changes to order (.2) | 0.70 | 343.00 |
| | | **Total Fees:** | **2.10** | **1,029.00** |

### FEE RECAP

| Timekeeper | | Hours | Rate | Amount |
|------------|--|-------|------|--------|
| MDB | Michael D. Breslauer | 2.10 | 490.00 | 1,029.00 |
| | **Total Fees:** | **2.10** | | **1,029.00** |

### BILLING SUMMARY

| | | | |
|--|--|--|--|
| Last Invoice Date: | 05/31/20 | **Total Current Period:** | **1,029.00** |
| Last Payment Date: | 05/31/20 | Interest: | 0.00 |
| Last Payment Amount: | 475.00 | Previous Balance Due: | 0.00 |
| | | **Balance Due:** | **1,029.00** |
| | | Trust Balance: | 0.00 |
| | | Advance Deposit Balance: | 0.00 |

EXHIBIT B

|        | Bill | Hold WIP | Adjust | Trust | Other | HOLD STMT |
|--------|------|----------|--------|-------|-------|-----------|
| Fees   | _____ | _____ | _____ | _____ | _____ | _____ |
| Costs  | _____ | _____ | _____ | _____ | _____ |           |

Billing Instructions                    Internal Comments

EXHIBIT B

1/26/2021 2:18:19 PM                    ** PRE-BILL **                                    Page 1

**Matter ID: 60665-009**
**Matter: Claims & Claims Objections**

Originating Atty:       MDB
Billing Atty:           MDB
Supervising Atty:       MDB

Cuker Interactive, LLC
Attn: Adel Atalla
5600 Avenida Encinas #175
Carlsbad, CA  92008

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 04/10/20 | MDB | Telephone conference with clients regarding game plan and issues regarding disputed creditor claims by Hashem | 0.40 | 196.00 |
| 04/21/20 | MDB | Telephone conference with Husch Blackwell's counsel regarding claim and discussion with client regarding resolution of claim | 0.40 | 196.00 |
| 04/24/20 | MDB | Telephone conference with M. Benedict regarding potential resolution of Husch Blackwell claim; email to client regarding same | 0.50 | 245.00 |
| 04/30/20 | MDB | Draft settlement agreement with Hashem; email to clients regarding same | 0.50 | 245.00 |
| 05/07/20 | MDB | Telephone conference with M. Mann regarding settlement of IRS claim settlement of Husch Blackwell claim (.3); telephone conference with Husch Blackwell regarding same (.2) | 0.50 | 245.00 |
| 05/11/20 | MDB | Telephone conference with Husch Blackwell counsel (.2); follow on telephone conference with clients regarding potential settlement (.3); email to D. Donovan regarding Hashem settlement (.2) | 0.70 | 343.00 |
| 05/14/20 | MDB | Review and revise/finalize Hashem settlement; revise declaration | 0.30 | 147.00 |
| 05/15/20 | MDB | Review email regarding treatment of Husch Blackwell claim (.2) | 0.20 | 98.00 |
| 06/03/20 | MDB | Telephone conference and emails regarding Wolfe Legal Group claim (.3); emails and telephone conference with T. Curry regarding same (.3) | 0.60 | 294.00 |
| 06/04/20 | MDB | Emails and telephone conference with T. Curry regarding Wolfe Legal Group claim and potential settlement | 0.60 | 294.00 |
| 06/12/20 | MDB | Telephone conference with T. Curry regarding Wolfe Law Group's amended claim; telephone conference | 0.50 | 245.00 |

EXHIBIT B

**Matter ID: 60665-009**
**Matter: Claims & Claims Objections**

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | with client regarding Wolfe claim | | |
| 06/15/20 | MDB | Telephone conference regarding Wolfe Legal Group claim | 0.20 | 98.00 |
| 06/22/20 | MDB | Continued attention to Torrey Partners billings; review and analyze same regarding existence of underlying budget (.7); attention to email from P. Kennedy (.1); lengthy telephone conference with clients regarding relationship of budget to creditor's claim for payment (1.1); review underlying engagement agreement and analyze potential for Torrey Partners' assertion that they have a contract with Cuker signed by PWSP (.8) | 2.70 | 1,323.00 |
| 06/24/20 | MDB | Telephone conference with Pat Kennedy (Torrey Partners) regarding plan and claim objection issues | 0.20 | 98.00 |
| 06/25/20 | MDB | Lengthy telephone conference with T. Curry regarding Wolf claim and possible objections; telephone conference with A. Atalla regarding same | 1.00 | 490.00 |
| 07/09/20 | MDB | Discussion with A. Atalla regarding Shultz claim and prepare for Shultz discussion | 1.10 | 539.00 |
| 07/10/20 | MDB | Telephone conference with S. Shultz and D. Adams regarding settlement of claims | 0.50 | 245.00 |
| 07/13/20 | MDB | Telephone conference with MODUS' counsel (.3) | 0.30 | 147.00 |
| 07/17/20 | MDB | Review email from counsel for MODUS | 0.20 | 98.00 |
| 07/22/20 | MDB | Telephone conference with A. Atalla regarding Shultz's objection and background | 0.70 | 343.00 |
| 07/23/20 | MDB | Telephone conference with A. Atalla regarding Shultz claim and discussion (.4); exchange emails with T. Curry regarding Wolfe claim (.3) | 0.70 | 343.00 |
| 07/27/20 | MDB | Prepare for and conduct settlement conference call with S. Shults and D. Adams; follow on telephone conference with A. Atalla | 0.80 | 392.00 |
| 07/29/20 | MDB | Telephone conference with S. Shults regarding settlement (.2); follow on telephone conference with A. Atalla regarding Shults settlement (.6) | 0.80 | 392.00 |
| 07/31/20 | MDB | Draft settlement agreement (Shults) | 0.80 | 392.00 |
| 07/31/20 | MDB | Attention to email regarding settlement with Shults and draft stipulation for relief from automatic stay and settlement agreement for Shults (1.2); email to clients regarding same (.4) | 1.60 | 784.00 |
| 08/03/20 | MDB | Review and revise settlement agreement (Shults) | 0.40 | 196.00 |
| 08/10/20 | MDB | Telephone conference regarding Shults settlement (NO CHARGE) | 0.60 | 0.00 |

EXHIBIT B

**Matter ID: 60665-009**
**Matter: Claims & Claims Objections**

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 08/11/20 | MDB | Revise and finalize notice of intended action re Shults | 0.40 | 196.00 |
| 08/12/20 | MDB | Exchange emails with client regarding claims objection re Debra Wolfe | 0.20 | 98.00 |
| 08/14/20 | MDB | Telephone conference with M. O'Halloran regarding Shults settlement | 0.10 | 49.00 |
| 08/18/20 | MDB | Draft proposed email to T. Curry regarding WLG claim objection | 0.30 | 147.00 |
| 08/18/20 | MDB | Lengthy telephone conference regarding claim objections and overall strategy with A. Atalla | 1.00 | 490.00 |
| 08/19/20 | MDB | Continued discussion with A. Atalla regarding strategy .5 NO CHARGE | 0.50 | 0.00 |
| 08/21/20 | MDB | Telephone conference with P. Kennedy regarding claim resolution | 0.50 | 245.00 |
| 08/21/20 | MDB | Telephone conference with A. Atalla regarding payment of HLF claim and regarding strategy | 0.50 | 245.00 |
| 08/24/20 | MDB | Draft declaration of A. Atalla regarding WLG claim objection | 0.80 | 392.00 |
| 08/25/20 | MDB | Draft, review and revise declaration for objection to Wolfe Legal Group claim (.8); telephone conference with A. Atalla regarding status (.4) | 1.20 | 588.00 |
| 08/26/20 | MDB | Review and revise declaration in support of claim objection to WLG claim | 0.60 | 294.00 |
| 08/27/20 | MDB | Review and revise declaration regarding objection to WLG Claim No. 5 | 0.30 | 147.00 |
| 08/28/20 | MDB | Attention to and discuss edits to Atalla declaration regarding objection to Wolfe's claim | 0.50 | 245.00 |
| 08/31/20 | MDB | Draft brief regarding objection to WLG Claim No. 5 | 0.70 | 343.00 |
| 09/01/20 | MDB | Finalize objection to Claim No. 5 WLG; telehpone conference with A. Atalla regarding same | 0.80 | 392.00 |
| 09/02/20 | MDB | Attention to email and draft stipulation to resolve placeholder claim objection for PWSP; draft stipulation | 0.70 | 343.00 |
| 09/02/20 | MDB | Draft/prepare order approval NOIA to settle with Shults; emails with Shults' counsel | 0.60 | 294.00 |
| 09/08/20 | MDB | Draft notice of intended action regarding settlement and Atalla declaration regarding Husch Blackwell; emails regarding same | 1.30 | 637.00 |
| 09/09/20 | MDB | Email to M. Benedict regarding Husch Blackwell settlement and attention to entry of order regarding Shultz settlement (.6) | 0.60 | 294.00 |

EXHIBIT B

**\*\* PRE-BILL \*\***

**Matter ID: 60665-009**
**Matter: Claims & Claims Objections**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 09/16/20 | MDB | Attention to and draft objection to MODUS claim (1.1) | 1.10 | 539.00 |
| 09/17/20 | MDB | Telehpone conference with R. Prata regarding status of AAA proceeding and related topics (.3); telephone conferene with A. Atalla regarding AAA background to claims by PWSP (.7 NO CHARGE) | 0.30 | 147.00 |
| 09/22/20 | MDB | Draft, review and revise placeholder objection to Claim No. 13 by PWSP | 0.30 | 147.00 |
| 09/24/20 | MDB | Review, revise and finalize Modus claim objection (.4); begin preparation of Torrey Partners claim objection (.5) | 0.90 | 441.00 |
| 09/29/20 | MDB | Telephone conference with A. Atalla to discuss claim objection and issues regarding claim objection with D. Wolf (.5); telephone conference with T. Curry regarding same; review quickbooks and prior emails sent by Wolf (.2) | 0.70 | 343.00 |
| 10/23/20 | MDB | Review statement and reply filed by PWSP; emails with client regarding intentions and plan to reply | 0.50 | 245.00 |
| 10/28/20 | MDB | Draft reply memo to PWSP's response to placeholder objection to Claim No. 13 (.7) | 0.70 | 343.00 |
| 10/29/20 | MDB | Finalize reply to placeholder objection; telephone conference with A. Atalla regarding status and Torrey Partners claim objection | 0.60 | 294.00 |
| 11/01/20 | MDB | Discuss claim objection with A. Atalla (Sunday afternoon) (.3); telephone conference with T. Curry regarding reply to claim objection WLG (.2) | 0.50 | 245.00 |
| 11/05/20 | MDB | Review response to MODUS claim objection; email to client regarding same; telephone conference with MODUS' counsel regarding deadlines | 0.60 | 294.00 |
| 11/16/20 | MDB | Review, revise and finalize objection to Torrey Partners Claim No. 11 (.5); emails with A. Atalla regarding same (.5) | 1.00 | 490.00 |
| 11/28/20 | MDB | Review opposition to Objection to Claim No. 6 Modus; prepare outline for reply | 0.40 | 196.00 |
| 11/29/20 | MDB | Draft reply in support of Objection to Claim No. 6 Modus | 1.70 | 833.00 |
| 11/30/20 | MDB | Finalize reply regarding objection to Claim No. 6 Modus (.5); attention to court's tentative ruling regarding PWSP objection (.2); telephone conference with A. Atalla regarding Modus and PWSP (.5) | 1.20 | 588.00 |
| 12/07/20 | MDB | Review court's tentative decision regarding MODUS claim | 0.10 | 49.00 |

EXHIBIT B

**\*\* PRE-BILL \*\***

**Matter ID: 60665-009**
**Matter: Claims & Claims Objections**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 12/08/20 | MDB | Review materials regarding Wolfe's claim objection and response; develop strategy for reply (.5); review dockets in District Court; draft Declaration of Michael D. Breslauer (.8); begin drafting reply brief (.8); discussion with A. Atalla regarding strategy in reply (.4) | 2.50 | 1,225.00 |
| 12/09/20 | MDB | Draft additional sections of brief (1.7); research regarding standards for employment (.3); telephone conference with A. Atalla regarding same (.3) | 2.30 | 1,127.00 |
| 12/10/20 | MDB | Review and revise reply brief; revise declarations of M. Breslauer and A. Atalla (.3); telephone conference with A. Atalla to discuss strategy and revisions to reply brief (.5); review objections to entry of findings and conclusions (.3) | 1.10 | 539.00 |
| 12/15/20 | MDB | Email and telephone conference with Husch Blackwell regarding MODUS claim information for follow up declaration (.5) | 0.50 | 245.00 |
| 12/17/20 | MDB | Emails to client regarding entry of confirmation order and effective date analysis (.2) | 0.20 | 98.00 |
| 12/18/20 | MDB | Review November operating report (.2) | 0.20 | 98.00 |
| 12/18/20 | MDB | Review November operating report (.2) | 0.20 | 98.00 |
| 12/18/20 | MDB | Review motion for nunc pro tunc authorization to retain WLG (.7); email to client (.2); review case cite by WLG (.4); analyze response and outline email to D. Ortiz, United States | 1.10 | 539.00 |
| 12/21/20 | MDB | Telephone conference with A. Atalla (.3); draft, review and revise opposition to WLG's Motion (.4); attention to declaration for Husch Blackwell (.6); exchange emails with Husch Blackwell regarding additional information in efforts to unlock MODUS data (.2) | 1.50 | 735.00 |
| 12/22/20 | MDB | Attention to MODUS supplemental declaration; exchange calls and review materials received from M. Benedict (.4); telephone conference with A. Atalla regarding same (.2) | 0.60 | 294.00 |
| 12/23/20 | MDB | Telephone conference with A. Atalla regarding objections to WLG motion for employment (.7); telephone conference with M. Benedict regarding modifications to Husch Blackwell declaration (MODUS) (.2); draft Atalla declaration regarding WLG Motion for employment (.7) | 1.60 | 784.00 |
| 12/23/20 | MDB | Draft Atalla declaration regarding WLG Motion for Employment (.7) | 0.70 | 343.00 |
| 12/29/20 | MDB | Revise and further work drafting brief and opposition | 3.40 | 1,666.00 |

EXHIBIT B

1/26/2021 2:18:19 PM                    ** PRE-BILL **                                  Page 6

**Matter ID: 60665-009**
**Matter: Claims & Claims Objections**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | to Wolfe's motion for retroactive employment (1.8); review and revise Atalla declaration (.7); telephone conferences with A. Atalla to discuss strategy and background facts (.9) | | |
| 12/30/20 | MDB | Continued work on and revise declarations for A. Atalla and M. Breslauer (1.6); review and revise brief in opposition to WLG's Motion (.8); telephone conference with D. Ortiz, (United States) regarding WLG's nunc pro tunc employment (.3) | 2.70 | 1,323.00 |
| 12/31/20 | MDB | Final research and revisions to opposition brief re WLG | 0.80 | 392.00 |
| | | **Total Fees:** | **59.40** | **28,567.00** |

### FEE RECAP

| Timekeeper | | Hours | Rate | Amount |
|-----------|---|-------|------|--------|
| MDB | Michael D. Breslauer | 1.10 | 0.00 | 0.00 |
| MDB | Michael D. Breslauer | 58.30 | 490.00 | 28,567.00 |
| | **Total Fees:** | **59.40** | | **28,567.00** |

### BILLING SUMMARY

| | | | |
|---|---|---|---|
| Last Invoice Date: | 05/31/20 | **Total Current Period:** | **28,567.00** |
| Last Payment Date: | 05/31/20 | Interest: | 0.00 |
| Last Payment Amount: | 10,391.00 | Previous Balance Due: | 0.00 |
| | | **Balance Due:** | **28,567.00** |
| | | Trust Balance: | 0.00 |
| | | Advance Deposit Balance: | 0.00 |

| | Bill | Hold WIP | Adjust | Trust | Other | HOLD STMT |
|------|------|----------|--------|-------|-------|-----------|
| Fees | _____ | _____ | _____ | _____ | _____ | _____ |
| Costs | _____ | _____ | _____ | _____ | _____ | _____ |

EXHIBIT B

1/26/2021 2:18:24 PM                    ** PRE-BILL **                                      Page 1

**Matter ID: 60665-013**
**Matter: ESI Discovery**

Originating Atty:        MDB
Billing Atty:            MDB
Supervising Atty:        MDB

Cuker Interactive, LLC
Attn: Adel Atalla
5600 Avenida Encinas #175
Carlsbad, CA  92008

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 08/31/20 | EES | Conference with M. Breslauer re assignment relating to requests for production collection of ESI (.1); communications with W. Shrum re same (.1); research, communications, email M. Breslauer (.3); draft list of search terms to run in M. Breslauer mailbox, draft email with instructions to SWSS IT (.4) | 0.90 | 193.50 |
| 09/01/20 | EES | Tend to communications from SWSS IT support re searching M. Breslauer mailbox (.1); conference and email exchanges with S-C Fort re search terms (.2) | 0.30 | 64.50 |
| 09/02/20 | EES | Review PSTs containing search results from M. Breslauer mailbox, transfer files to DWR server, ingest data, run de duplication, analyze results | 1.60 | 344.00 |
| 09/03/20 | EES | Continue searching ESI harvested from M. Breslauer mailbox for relevant / responsive communications between P. Kennedy, Torrey Partners, Wolfe Legal Group, Modus eDiscovery, B. Worthington, B. Maskell, T. Curry, D. Wolfe, analyze results, mark for production and export | 1.80 | 387.00 |
| 09/04/20 | EES | Conduct searches of ESI from M. Breslauer mailbox for communications regarding The Wolfe Legal Group, Torrey Partners and Modus eDiscovery, analyze search results, flag relevant data for export | 2.10 | 451.50 |
| 09/08/20 | EES | Telephone conference with M. Breslauer re status (.1); resume searching and analysis of results for relevance of data collected from M. Breslauer email for all communications with P. Kennedy, Torrey Partners, Modus eDiscovery, B. Maskell, Wolfe Legal Group, T. Curry, D. Wolfe and B. Worthington, mark records for production, generate and export production sets for M. Breslauer review (4.0); email to M. Breslauer re P. Kennedy, Torrey Partners communications (.1) | 2.20 | 473.00 |
| 09/08/20 | MDB | Attention to and edit discovery responses; review | 0.80 | 392.00 |

EXHIBIT B

**\*\* PRE-BILL \*\***

**Matter ID: 60665-013**
**Matter: ESI Discovery**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | documents produced by ESI internally | | |
| 09/09/20 | EES | Finalize searches of ESI from M. Breslauer SWSS mailbox for all communications with P. Kennedy, Torrey Partners, Modus eDiscovery, B. Maskell, Wolfe Legal Group, T. Curry, D. Wolfe and B. Worthington, analyze search results, mark records for production, generate and export production sets for M. Breslauer final review | 2.30 | 494.50 |
| 09/09/20 | MDB | Meeting with D. Yates regarding discovery responses to PWSP (.2) | 0.20 | 98.00 |
| 09/10/20 | EES | Review set of communications between M, Breslauer and Modus eDiscovery, B. Maskell, edit and forward to M. Breslauer for review (.9); final review and edit of communications between The Wolfe Legal Group, T. Curry, D. Wolfe and M. Worthington, revise set and forward to M. Breslauer for review (2.1); begin searches communications re forbearance and tolling agreements, salaries, analyze results, exclude non-responsive data and prepare for production next week (1.3); email to M. Breslauer re status (.1) | 2.40 | 516.00 |
| 09/11/20 | EES | Targeted searches of M. Breslauer emails re communications related to secured v. unsecured claims, salary authorizations, forbearance agreement and tolling agreement, analyze results, select documents for export and production next week | 2.10 | 451.50 |
| 09/14/20 | EES | Run searches re communications re forbearance and tolling agreements, salaries, analyze results, remove non-responsive data in preparation for production this week (3.2); telephone conference with M. Breslauer re status (.1); export and email documents to M. Breslauer (.6) | 1.90 | 408.50 |
| 09/14/20 | MDB | Further attention to response to PWSP's discovery requests; review and revise responses; telephone conference with A. Atalla regarding same | 1.20 | 588.00 |
| 09/14/20 | MDB | Attention to document production issues; telephone conference with L. Schatz | 0.30 | 147.00 |
| 09/15/20 | EES | Conference with M. Breslauer re production (.2); resume preparing documents for export and production in response to PWSP request for production (3.8) | 1.00 | 215.00 |
| 09/15/20 | MDB | Review documents and edit for attorney/client privilege for production to PWSP | 0.50 | 245.00 |
| 09/16/20 | EES | Conference with M. Breslauer, receive additional | 1.00 | 215.00 |

EXHIBIT B

1/26/2021 2:18:24 PM    ** PRE-BILL **    Page 3

**Matter ID: 60665-013**
**Matter: ESI Discovery**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | materials for production, review and process (.8); continue work on document production (2.2) | | |
| 09/17/20 | EES | Resume and complete preparation of Cuker and SquarMilner documents for production to Pillsbury (4.3); several communications with M. Breslauer re status and preparation of privilege log (.1); communications with Pillsbury re uploading production to their site, create account, upload production (.2); email to M. Breslauer re production complete and uploaded (.1) | 1.70 | 365.50 |
| 09/17/20 | MDB | Attention to discovery production to PWSP (.7) | 0.70 | 343.00 |
| 09/18/20 | EES | Draft privilege log of withheld and redacted documents (3.1); email exchanges with L. Siron at Pillsbury re receipt of Cuker Interactive production (.1) | 1.20 | 258.00 |
| 09/21/20 | EES | Resume preparation of Cuker first privilege log of withheld and redacted documents | 1.30 | 279.50 |
| 09/23/20 | EES | Draft privilege log, create binder with redacted and withheld documents for M. Breslauer review | 1.40 | 301.00 |
| 09/30/20 | EES | Edit privilege log, organize withheld and redacted documents, email to M. Breslauer | 0.40 | 86.00 |
| 11/13/20 | EES | Tend to communications fro M. Breslauer re production to Pillsbury, move files for access, forward new link | 0.10 | 21.50 |
| | | **Total Fees:** | **29.40** | **7,338.50** |

## FEE RECAP

| Timekeeper | | Hours | Rate | Amount |
|-----------|---|-------|------|--------|
| MDB | Michael D. Breslauer | 3.70 | 490.00 | 1,813.00 |
| EES | Laney E. Schatz | 25.70 | 215.00 | 5,525.50 |
| | **Total Fees:** | **29.40** | | **7,338.50** |

## COST DETAIL

| Date | Description/Payee | Amount |
|------|-------------------|--------|
| 09/30/20 | ESI: Filtering, Deduplication, and/or DeNISTing of Data Processed; Native file ingestion/processing, indexing and deduplication. Native, image, PDF and text file production and creation of OPT and DAT Load File: Kennedy Email Production, Modus / | 175.53 |

EXHIBIT B

1/26/2021 2:18:24 PM                        ** PRE-BILL **                                    Page 4

**Matter ID: 60665-013**
**Matter: ESI Discovery**

                    Maskell Email Production, Wolfe Legal Group Email
                    Production, Brelauer-Patricia Email Production,
                    SWSS & Cuker Files Production

| | |
|---|---:|
| Document Production | 508.50 |
| Color Copies | 7.50 |
| **Total Costs:** | **691.53** |

## BILLING SUMMARY

| | | | |
|---|---:|---|---:|
| Last Invoice Date: | | **Total Current Period:** | **8,030.03** |
| Last Payment Date: | | Interest: | 0.00 |
| Last Payment Amount: | 0.00 | Previous Balance Due: | 0.00 |
| | | **Balance Due:** | **8,030.03** |
| | | Trust Balance: | 0.00 |
| | | Advance Deposit Balance: | 0.00 |

| | Bill | Hold WIP | Adjust | Trust | Other | HOLD STMT |
|---|---|---|---|---|---|---|
| Fees | _____ | _____ | _____ | _____ | _____ | _____ |
| Costs | _____ | _____ | _____ | _____ | _____ | |

<u>Billing Instructions</u>                                        <u>Internal Comments</u>

EXHIBIT B

1/26/2021 2:18:28 PM  **\*\* PRE-BILL \*\***  Page 1

**Matter ID: 60665-014**
**Matter: Appeals**

Originating Atty:    MDB
Billing Atty:    MDB
Supervising Atty:    MDB

Cuker Interactive, LLC
Attn: Adel Atalla
5600 Avenida Encinas #175
Carlsbad, CA  92008

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 04/28/20 | LSS | Conference with M.Breslauer re federal court litigation and options (.5), research re appellate deadlines and review docket (1.6) | 2.10 | 829.50 |
| 09/21/20 | MDB | Attention to notice of appeal filed by PWSP (.1); telephone conference with A. Atalla regarding strategy (.4) | 0.50 | 245.00 |
| 09/22/20 | MDB | Telephone conference with A. Atalla (.3); attention to and telephone conference with M. Herreira (PWSP) regarding emergency motion for stay pending appeal (.2) | 0.50 | 245.00 |
| 09/23/20 | MDB | Review PWSP emergency motion for stay pending appeal (.8); telephone conference with R. Barnes regarding responses (.6 NO CHARGE); telephone conference with A. Atalla regarding strategy for dealing with motion (.3); telephone conference with court staff (.1); review and revise preliminary opposition (.7); draft declaration of MDB; emails with PWSP (.3) | 2.30 | 1,127.00 |
| 10/02/20 | LSS | Review appellate filings and upcoming deadlines, issues for potential immediate action (.5); analysis of MSJ tentative and letter opinion (.3); analysis of arbitration tentative and letter opinion (.4) | 1.20 | 474.00 |
| 10/03/20 | MDB | Draft ex parte request to continue status conference in appeal (.5) | 0.50 | 245.00 |
| 10/05/20 | LSS | Reviewing applicable rules and next steps | 0.60 | 237.00 |
| 10/07/20 | LSS | Revising appeal budget and email to M.Breslauer with discussion of factors (.3) | 0.30 | 118.50 |
| 10/07/20 | DAY | Create budget for appeals | 0.30 | 103.50 |
| 10/10/20 | LSS | Phone call with M.Breslauer to confer re staying appeal and related issues (.2) | 0.20 | 79.00 |
| 10/19/20 | MDB | Review and revise appellee's additional items of record (.2); review, revise and finalize status | 1.00 | 490.00 |

EXHIBIT B

**Matter ID: 60665-014**
**Matter: Appeals**

| Date | | Description | Hours | Amount |
|------|--|-------------|-------|--------|
| | | conference report and requests regarding briefing (.8) | | |
| 10/21/20 | MDB | Review PWSP's statement and response to debtor's status conference report and request to postpone briefing schedule | 0.20 | 98.00 |
| 11/01/20 | MDB | 10/22/20 Email to client regarding PWSP response to status conference request for briefing scheduling | 0.50 | 245.00 |
| 11/03/20 | MDB | Prepare for/attend status conference regarding appeals; email to client regarding briefing schedule | 0.70 | 343.00 |
| 11/03/20 | LSS | Attend status conference | 0.30 | 118.50 |
| 11/24/20 | LSS | Discussion with D.Yates re writing responsibilities (.1); review filings and follow up re notice of appearance (.1) | 0.20 | 79.00 |
| 12/01/20 | LSS | Review next steps and filings (.3) | 0.30 | 118.50 |
| 12/02/20 | DAY | Legal research on appeal (motion to compel arbitration) | 3.90 | 1,345.50 |
| 12/02/20 | LSS | Analysis of issues pertaining to record on appeal (.5) | 0.50 | 197.50 |
| 12/03/20 | DAY | Legal research on appeal (motion to compel arbitration) | 2.90 | 1,000.50 |
| 12/04/20 | DAY | Analyze PWSP opening brief (1.2) | 1.20 | 414.00 |
| 12/04/20 | MDB | Attention to appellate brief; briefly review emails regarding general arguments raised in appellant's opening brief; exchange emails with team | 0.20 | 98.00 |
| 12/07/20 | LSS | Review budget (.1); review cases in brief (.2) | 0.30 | 118.50 |
| 12/10/20 | DAY | Confer with M. Breslauer re appeal brief (.2); draft opposition brief (arbitration issue) (5.2) | 5.40 | 1,863.00 |
| 12/11/20 | DAY | Draft appeal brief | 1.80 | 621.00 |
| 12/14/20 | DAY | Draft opposition brief (MTC) | 2.20 | 759.00 |
| 12/15/20 | DAY | Draft appellate brief (MTC) | 8.10 | 2,794.50 |
| 12/16/20 | DAY | Draft appellate brief (MTC) | 1.60 | 552.00 |
| 12/21/20 | MDB | Begin review of appellate brief (Motion to Compel Arbitration) | 0.40 | 196.00 |
| 12/22/20 | MDB | Review and edit first draft of brief; emails and telephone conference with L. Strickland regarding brief | 1.20 | 588.00 |
| 12/22/20 | LSS | Revising appeal brief and legal research in support of same | 4.80 | 1,896.00 |
| 12/23/20 | MDB | Discuss potential edits to appellate brief with L. Strickland; revise sections to brief relating to bankruptcy | 1.00 | 490.00 |

EXHIBIT B

1/26/2021 2:18:28 PM                         ** PRE-BILL **                                    Page 3

**Matter ID: 60665-014**
**Matter: Appeals**

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 12/23/20 | LSS | Revising appellate brief re petition to compel arbitration | 9.50 | 3,752.50 |
| 12/27/20 | LSS | Review/analysis of suggested edits, revising appellate brief (3.2) | 3.20 | 1,264.00 |
| 12/28/20 | DAY | Research related to appeal brief (.4); prepare supplemental excerpts of records / insert citations (1.2); conduct final proofing and editing of brief and record excerpts (.9) | 2.50 | 862.50 |
| 12/28/20 | LSS | Revising answering brief per comments from co-counsel and MDB (3.6) | 3.60 | 1,422.00 |
| | | **Total Fees:** | **66.00** | **25,430.00** |

## FEE RECAP

| Timekeeper | | Hours | Rate | Amount |
|------------|---|-------|------|--------|
| LSS | Leah S. Strickland | 27.10 | 395.00 | 10,704.50 |
| MDB | Michael D. Breslauer | 9.00 | 490.00 | 4,410.00 |
| DAY | Deborah A. Yates | 29.90 | 345.00 | 10,315.50 |
| | **Total Fees:** | **66.00** | | **25,430.00** |

## BILLING SUMMARY

| | | | | |
|---|---|---|---|---|
| Last Invoice Date: | | **Total Current Period:** | | **25,430.00** |
| Last Payment Date: | | Interest: | | 0.00 |
| Last Payment Amount: | 0.00 | Previous Balance Due: | | 0.00 |
| | | **Balance Due:** | | **25,430.00** |
| | | Trust Balance: | | 0.00 |
| | | Advance Deposit Balance: | | 0.00 |

| | Bill | Hold WIP | Adjust | Trust | Other | HOLD STMT |
|---|------|----------|--------|-------|-------|-----------|
| Fees | _____ | _____ | _____ | _____ | _____ | _____ |
| Costs | _____ | _____ | _____ | _____ | _____ | _____ |

EXHIBIT B

**Matter ID: 60665-014**
**Matter: Appeals**

Billing Instructions                                    Internal Comments

# EXHIBIT C

CSD 1143 [04/28/96]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEBTOR: Cuker Interactive, LLC                                    DATE PETITION FILED: 12/13/18
CASE NO.: 18-07363-LA11

**FEE APPLICATION SUMMARY**

APPLICANT: Solomon Ward Seidenwurm & Smith, LLP        , REPRESENTING Debtor, Cuker Interactive, LLC

ORDER APPROVING EMPLOYMENT: January 24, 2019

| CATEGORIES[1] | FINAL PERIOD 04/01/20    TO 01/05/21 | |
|---|---|---|
| | HOURS | AMOUNT REQUESTED |
| Chapter 11 Representation | 11.8 | 5,782.00 |
| Litigation | 203.4 | 85,593.50 |
| Plan/Disclosure Statement | 136.5 | 61,478.50 |
| Fee Applications | 2.1 | 1,029.00 |
| Claims & Claims Objections | 59.4 | 28,567.00 |
| ESI Discovery | 29.4 | 7,338.50 |
| Appeals | 66.0 | 25,430.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTALS: | 508.6 | 215,218.50 |

NOTE: Attach all fee application summaries for prior interim hearings.

**Page 1 of 1**

---

[1] See categories suggested in UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES.

CSD 1143                                    **EXHIBIT "C"**

American LegalNet, Inc.
www.FormsWorkflow.com

CSD 1143  [04/28/96]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEBTOR:     Cuker Interactive, LLC                                    DATE PETITION FILED: 12/13/18
CASE NO.:   18-07363-LA11

## FEE APPLICATION SUMMARY

APPLICANT: Solomon Ward Seidenwurm & Smith, LLP          , REPRESENTING Debtor, Cuker Interactive, LLC

ORDER APPROVING EMPLOYMENT: January 24, 2019

| CATEGORIES[1] | THIRD INTERIM PERIOD 11/1/19 TO 3/31/20 | |
|---|---|---|
| | HOURS | AMOUNT REQUESTED |
| Chapter 11 Representation | 62.6 | 29,460.00 |
| Litigation Matters | 2.6 | 1,274.00 |
| Relief From Stay | 16.8 | 8,086.50 |
| Plan/Disclosure Statement | 28.9 | 14,108.50 |
| Fee Applications | 1.0 | 475.00 |
| Claims & Claims Objections | 24.4 | 10,391.00 |
| Hashem Sanctions | 7.5 | 3,675.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTALS: | 143.8 | 67,470.00 |

NOTE: Attach all fee application summaries for prior interim hearings.

**Page 1 of 1**

---

[1] See categories suggested in UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES.

CSD 1143                                    EXHIBIT "C"

American LegalNet, Inc.
www.FormsWorkflow.com

CSD 1143 [04/28/96]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEBTOR: Cuker Interactive, LLC                               DATE PETITION FILED: 12/13/18

CASE NO.: 18-07363-LA11

## FEE APPLICATION SUMMARY

APPLICANT: Solomon Ward Seidenwurm & Smith, LLP            , REPRESENTING Debtor, Cuker Interactive, LLC

ORDER APPROVING EMPLOYMENT: January 24, 2019

| CATEGORIES[1] | SECOND INTERIM PERIOD 4/1/19 TO 10/31/19 | |
|---|---|---|
| | HOURS | AMOUNT REQUESTED |
| Chapter 11 Representation | 53.0 | 23,978.00 |
| Litigation Matters | 18.0 | 8,550.00 |
| Assumption/Rejection of Leases | 7.6 | 3610. |
| Plan/Disclosure Statement | 41.5 | 19,082.50 |
| Fee Applications | 1.1 | 522.50 |
| Claims & Claims Objections | 2.9 | 1,377.50 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTALS: | 124.1 | 57,120.50 |

NOTE: Attach all fee application summaries for prior interim hearings.

**Page 1 of 1**

[1] See categories suggested in UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES.

CSD 1143                                    **EXHIBIT "C"**

American LegalNet, Inc.
www.FormsWorkflow.com

CSD 1143 [04/28/96]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEBTOR:   Cuker Interactive, LLC                                    DATE PETITION FILED: 12/13/18
CASE NO.:   18-07363-LA11

## FEE APPLICATION SUMMARY

APPLICANT: Solomon Ward Seidenwurm & Smith, LLP          , REPRESENTING  Debtor, Cuker Interactive, LLC

ORDER APPROVING EMPLOYMENT: January 24, 2019

| CATEGORIES[1] | FIRST INTERIM PERIOD 12/14/18  TO 03/31/19 | |
| --- | --- | --- |
| | HOURS | AMOUNT REQUESTED |
| Chapter 11 Representation | 60.5 | 28,371.50 |
| Litigation Matters | 17.1 | 8,068.50 |
| Relief From Stay | 39.7 | 17,007.50 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTALS: | 117.3 | 53,447.50 |

NOTE: Attach all fee application summaries for prior interim hearings.

**Page 1 of 1**

---

[1] See categories suggested in UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES.

CSD 1143                                    EXHIBIT "C"

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT D

**EXHIBIT D**

CUKER INTERACTIVE, LLC
Case No. 18-07363-LA11

ATTORNEYS' FEE SUMMARY FOR THE PERIOD
April 1, 2020 through January 5, 2021

| NAME | STATUS | YEARS EXPERIENCE | BILLING RATE | BILLING PERIOD | HOURS FOR PERIOD | FEES FOR PERIOD |
|------|--------|------------------|--------------|----------------|------------------|-----------------|
| M. Breslauer | Partner | 38 | 0/490/495 | 2020 | 353.6 | $164,092.50 |
| L. Strickland | Partner | 12 | 395 | 2020 | 27.0 | $10,704.50 |
| D. Yates | Associate | 4 | 345 | 2020 | 97.0 | $33,465.00 |
| P. Talukdar | Associate | 8 | 270 | 2020 | 5.3 | $1,431.00 |
| E. Schatz | Paralegal | | 215 | 2020 | 25.7 | $5,525.50 |
| **Totals** | | | | | **508.6** | **$215,218.50** |

**EXHIBIT D**

# EXHIBIT E

**EXHIBIT E**

CUKER INTERACTIVE, LLC
Case No. 18-07363-LA11

EXPENSE SUMMARY FOR THE PERIOD
April 1, 2020 through January 5, 2021

| | |
|---|---|
| DOCUMENT PRODUCTION | $2,073.00 |
| PACER U.S. COURT ELECTRONIC SEARCHES | $926.00 |
| COLOR COPIES | $51.00 |
| ESI Document Processing/Production | $175.53 |
| **TOTAL** | **$3,225.53** |

P:01434076.1:60665.001

**EXHIBIT E**

# PROOF OF SERVICE

1

2      I, WENDY A. YONES, declare as follows:

3      I am employed in the County of San Diego, State of California; I am over the age of
4  eighteen years and am not a party to this action; my business address is Solomon Ward
   Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, CA 92101, in said County and
5  State. On January 28, 2021, I served the following document(s):

6      **FINAL APPLICATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF**
       **EXPENSES BY SOLOMON WARD SEIDENWURM & SMITH, LLP, GENERAL**
7      **BANKRUPTCY COUNSEL FROM DECEMBER 13, 2018 THROUGH JANUARY 5, 2021**
       **(FINAL PERIOD FROM APRIL 1, 2020 THROUIGH JANUARY 5, 2021); DECLARATION**
8      **OF MICHAEL D. BRESLAUER**

9  on each of the interested parties as follows:

10 **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
   Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing
11 document will be served by the court via NEF and hyperlink to the document. On January 28,
   2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
12 determined that the following person(s) are on the Electronic Mail Notice List to receive NEF
   transmission at the email address(es) indicated below:

13   • **Robert R. Barnes**   robertbarn@outlook.com, phall@allenmatkins.com;
       bcrfilings@allenmatkins.com
14   • **Michael D. Breslauer**   mbreslauer@swsslaw.com, wyones@swsslaw.com
15   • **K. Todd Curry**   tcurry@currylegal.com
     • **Jonathan S. Dabbieri**   dabbieri@sullivanhill.com, hill@sullivanhill.com;
16     bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;dabbieri@ecf.inforuptcy.com
     • **Peter L. Duncan**   peterd@psdslaw.com, bonniec@psdslaw.com
17   • **Michael T. O'Halloran**   mto@debtsd.com, vh@debtsd.com
     • **David Ortiz**   david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;
18     tiffany.l.carroll@usdoj.gov; abram.s.feuerstein@usdoj.gov
19   • **Donald Reid**   don@donreidlaw.com
     • **Heather L. Rosing**   HRosing@Klinedinstlaw.com, mruiz@klinedinstlaw.com
20   • **Gerald N. Sims**   jerrys@psdslaw.com, bonniec@psdslaw.com
     • **United States Trustee**   ustp.region15@usdoj.gov
21   • **Alan Vanderhoff**   alan.vanderhoff@vanderhofflaw.com, alanvanderhoff@cox.net
     • **Matthew S. Walker**   matthew.walker@pillsburylaw.com,
22     renee.evans@pillsburylaw.com; firmwidecalendardocket@pillsburylaw.com;

23
   **SERVED BY U.S. MAIL:** On January 28, 2021, I served the following person(s) and/or
24 entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by
   placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class,
25 postage prepaid, and/or with an overnight mail service addressed as follows:

26 I declare under penalty of perjury under the laws of the United States of America that the
   foregoing is true and correct.
27
   Dated:   January 28, 2021          By: /s/ Wendy A. Yones
28                                         WENDY A. YONES