1    Robert R. Barnes
     The Broken-Bench Law Firm
2    10982 Poblado Road #1621
     San Diego, California 92127
3    (619) 218-0520
     robertbarn@outlook.com
4
     Co-counsel for CUKER INTERACTIVE,
5    LLC, Debtor

6

7

8

                **UNITED STATES BANKRUPTCY COURT**

                **SOUTHERN DISTRICT OF CALIFORNIA**

9
     In re                              | CASE NO. 18-07363-LA11
10
     CUKER INTERACTIVE, LLC,             | Chapter 11
11
                                         | FIRST AND FINAL APPLICATION
12          Debtor.                      | OF THE BROKEN-BENCH LAW
                                         | FIRM, CO-COUNSEL TO THE
13                                       | DEBTOR IN POSSESSION, FOR
                                         | ALLOWANCE OF COMPENSATION
14                                       | AND REIMBURSEMENT OF
                                         | EXPENSES (JULY 8, 2020,
15                                       | THROUGH JANUARY 5, 2021);
                                         | DECLARATION OF ROBERT R.
16                                       | BARNES IN SUPPORT

17
                                         | Date: February 25, 2020
18                                       | Time: 2:00 P.M.
                                         | Dept: 2
19
                                         | Honorable Louise DeCarl Adler
20

21          The Broken-Bench Law Firm, (the "Firm"), co-counsel to Cuker Interactive,

22   LLC, the former debtor in possession, files its first and final application for

23   allowance of compensation and reimbursement of expenses under section 330 of the

24   Bankruptcy Code. The Firm requests allowance of compensation of $66,600.00 and

25   reimbursement of $159.55 in expenses for the period July 8, 2020, through

26   January 5, 2021, the effective date of Cuker's confirmed plan of reorganization.

27

28

*Basic Information*

| Applicant | The Broken-Bench Law Firm |
|---|---|
| Client | Cuker Interactive, LLC, debtor in possession |
| Petition date | December 13, 2018 |
| Effective date of employment | July 8, 2020 |
| Date of order approving employment | September 22, 2020 |
| Period of application | July 9, 2020, through January 5, 2021 |

*The Professional*

| Name | Robert R. Barnes |
|---|---|
| Title | Principal |
| Bar admissions | Illinois, 1985; California, 1989 |
| Hours (pre-discount) | 204.70 |
| Fees (pre-discount) | 71,645.00 |
| Fees (requested) | 66,600.00 |
| Hourly rate | 350 |

### Status of Case

Cuker's plan of reorganization was confirmed by order of the Court entered December 15, 2020. The effective date under the plan was January 5, 2021.

Solomon Ward Seidenwurm & Smith, LLP was general reorganization counsel in Cuker's chapter 11 case and is likewise filing today its final application for compensation. The Solomon Ward application contains much information about Cuker, its chapter 11 case, and the plan: the Wal-Mart litigation and related events and expenses that precipitated Cuker's chapter 11 filing, the administration of the case, the manifold disputes with Pillsbury Winthrop Shaw Pittman LLP, one of its former lawyers, the terms of the non-impairment payment-in-full-with-interest plan,

1

1  cash on hand, and related items of interest. In this application, rather than repeat all

2  that information, the Firm focuses on the Firm's specific role and activities as co-

3  counsel.

4                              ***The Firm's role as co-counsel***

5          The Solomon Ward team for Cuker is led by Michael D. Breslauer, an

6  experienced insolvency lawyer who has practiced bankruptcy law in the Southern

7  District since 1983. The presence of such a skilled lawyer raises the question why

8  Cuker needed co-counsel, whose primary responsibility would likewise be

9  chapter 11 issues. The answer begins with the phrase "impaired by Code." A

10  chapter 11 plan requires an "accepting" class of claims. The usual process can

11  include battles about classification and accusations of gerrymandering. If fewer than

12  all classes accept, the debtor must resort to cram-down. If a claim is disputed, there

13  can be a fight about the allowance of a claim for voting purposes.

14          Cuker (with assistance of counsel) decided to propose a plan that left every

15  class unimpaired. Every class was therefore deemed to accept the plan. And to the

16  extent that Cuker proposed to pay unsecured claims interest at the federal judgment

17  rate, rather than whatever rate those claims might receive outside of bankruptcy, that

18  lower judgment rate was the result of "impairment by Code," not impairment by the

19  plan itself.

20          That all sounds good, but such a plan was unusual. In addition, a committed

21  opponent to Cuker's reorganization efforts was a large national (or international)

22  law firm with substantial resources to devote to a battle. As a result, even though

23  Solomon Ward has many talented nonbankruptcy lawyers (some of whom ably

24  assisted Mr. Breslauer on non-reorganization tasks), Solomon Ward recommended

25  that Cuker obtain reinforcements: another experienced reorganization lawyer who

26  could help address the unusual if not unique issues presented by such a plan. Cuker

27  therefore hired the firm as co-counsel, with a focus (not exclusive) on plan issues.

28  Even better, Cuker was able to employ the Firm at a favorable (to Cuker) hourly

                                            2

rate. The terms of employment were simply the hours worked at the rate of $350 per hour, and the Firm did not receive a retainer and has not received any interim payments.

The United States trustee admonishes bankruptcy professionals to avoid "duplication, overlap, and inefficiencies," and the presence in a case of two senior (1983 J.D., 1985 J.D.) bankruptcy lawyers raises obvious concerns. Solomon Ward and the Firm worked diligently to minimize the expense to Cuker and the estate. There was a general (but not always sharp) division of labor. Solomon Ward had the greater knowledge of Cuker, the Wal-Mart litigation, and the administration of the case, and the Firm was not involved in such matters. When the Firm worked on matters beyond the plan, disclosure statement, and confirmation, it was usually because those matters had a bearing on confirmation. On occasion, of course, the Firm served as a second opinion or sounding board on matters beyond the scope of confirmation.

Both professionals also made specific economic concessions. Solomon Ward's application discusses the significant write-offs it made with respect to many phone conferences between the lawyers. The Firm did likewise on occasion, although the dollar amount is not summed anywhere, and the discount is often simply reflected in the time entry itself. Both professionals made the usual billing-judgment reductions.

In addition, as noted, the Firm gave Cuker a substantially discounted rate. As late as 2018, the standard hourly rate for Barnes at his prior firm was $750. In light of Barnes's education, experience, and seniority, $350 is a bargain. And the Firm went further: it reduced its fee requested from $71,645 (the product of adjusted hours times a favorable rate) to $66,600. In short, both professionals strove to protect Cuker and its creditors and estate.

### *Services rendered by project category*

Attached as Exhibit A is a statement of services by category. All services were

1  rendered by Robert R. Barnes, all at $350 per hour. Attached as Exhibit B is

2  CSD 1143, which summarizes hours by category. The Firm generally categorized its

3  services according to the project categories used by Solomon Ward, although given

4  the limited scope of the Firm's services, it used only four categories:

5  •Plan/Disclosure Statement

6  •Claims and Objections to Claims

7  •Employment and Compensation of Professionals

8  •Administration

9  Solomon Ward sometimes used different labels, and it has a category for litigation

10  and appeals. The Firm, however, often put services related to the Pillsbury appeals,

11  for example, in the claims category. Categorization of services is art, not science.

12  *Plan and Disclosure Statement: 172.3 hours, $60,305.00*

13  Not surprisingly, most of the Firm's work related to plan confirmation. When

14  the Firm entered the case, Cuker already had a plan and disclosure statement on file.

15  The Firm helped craft the plan into the new, no-impairment model. When the Court

16  decided that a disclosure statement, although unnecessary for solicitation (since no

17  acceptances were needed or solicited), would be useful, the Firm helped draft the

18  plan aspects of the disclosure statement. Notably, substantial other traditional

19  aspects of a disclosure statement, such as background on the debtor, how the debtor

20  arrived in chapter 11, the administration of the case, were prepared by Solomon

21  Ward, since they had the experience in the case and knowledge of the client.

22  The Firm also took the lead on discrete aspects of the confirmation briefing.

23  Solomon Ward addressed most of section 1129 of the Code; the Firm addressed

24  section 1124, including impairment and the non-impairment interest rate. As the

25  Court knows, the non-impairment interest rate has become a hot topic since late

26  2019.

27  This category also includes services that could have been categorized

28  elsewhere, usually under the claims category. But from the Firm's perspective, the

1   Firm dealt (to a limited extent) with claims and claims litigation as they affected (or

2   should be prevented from affecting) the plan. Cuker's consistent theme was that the

3   plan was not the vehicle for "dealing with" Pillsbury's claim (except as to

4   postpetition interest): that was the purpose of the arbitration, as to which the Court

5   had granted relief from stay. One result of the Firm's approach to categorizing

6   services is that more services were allocated to the plan/DS category and less

7   elsewhere.

8   *Claims and Objections: 26.2 hours, $9,170.00*

9       This category is assistance, not primary responsibility, for some of the claims

10   litigation, including the Pillsbury appeals: Pillsbury, Henry, Shults, Wolfe. These

11   claims had direct effects on the plan. For example, before the Henry settlement, the

12   expectation was that a portion of the claims ostensibly secured by the Wal-Mart

13   Judgment Account (Henry, Pillsbury, Shults) would be unsecured, because the

14   collateral would be exhausted. As Henry and Shults settled, more collateral

15   potentially became available for Pillsbury (if, in fact, Pillsbury had a lien on the

16   funds). The Firm drafted Cuker's response to Pillsbury's emergency motion for a

17   stay pending appeal. The Firm had no responsibility for the substantive issues on

18   appeal—that was in the capable hands of the Solomon Ward appeal team—but the

19   Firm dealt with the stay because of its connection to the plan.

20   *Fees: 4.0 hours, $1,400.00*

21       This category contains the work on the application to approve the Firm's

22   employment, including supplemental work to respond to concerns from the United

23   States trustee. The Firm has not charged for preparing this application for

24   compensation.

25   *Admin: 2.2 hours, $770*

26       This category is mandatory calendaring supervision and appropriate review on

27   the background of the case.

28

1    *Expenses*

2        Not surprisingly, given that Solomon Ward was responsible for most of the

3    administration of the case, the Firm's expenses are minor. The Firm asks for

4    reimbursement of expenses of $***159.55***: $147.45 in printing charges (paid to a third-

5    party vendor; no in-house mark-up) and $12.10 in PACER charges (same).

6                    ***Allowance under Section 330***

7        The hours included in this application are less than the hours actually

8    expended, necessarily expended, reasonably expended. The rate is reasonable. As a

9    result, the Firm believes that the $71,645.00 reflected in the statements is reasonable

10    and allowable under section 330 of the Code. The Firm nevertheless voluntarily

11    reduces its compensation request to $66,600.00. Cuker has approved this requested

12    amount. (Cuker has not reviewed the application or itemized statement of services.)

13        ***Section 504 of the Code***. No understanding exists between the Firm and any

14    other person or entity for the division of fees or expenses requested by this application.

15        **WHEREFORE**, The Broken-Bench Law Firm asks that this Court enter its

16    order as follows:

17        1.    approving this application and allowing the Firm on a final basis under

18    section 330 of the Bankruptcy Code compensation in the amount of $66,600.00 and

19    reimbursement of expenses in the amount of $159.55 for the period from July 8,

20    2020, through January 5, 2021; and,

21        2.    Granting such other and further relief as the Court deems just and

22    proper.

23    DATED: January 28, 2020

24                    The Broken-Bench Law Firm

25

26                    By: /s/ Robert R. Barnes

27                        Co-counsel for CUKER INTERACTIVE, LLC

28

1  **DECLARATION OF ROBERT R. BARNES**

2      I, Robert R. Barnes, declare as follows.

3      1.    I am a member of the State Bar of California and I am admitted to

4  practice before this Court. I am the principal of The Broken-Bench Law Firm (the

5  "Firm"). The Firm is co-counsel to Cuker Interactive, LLC, which until its plan

6  became effective was the debtor in possession in this chapter 11 case.

7      2.    I have personal knowledge of all facts set forth in the foregoing

8  application that relate to the Firm, the services the Firm provided, and the

9  compensation and reimbursement that the Firm requests. If called as a witness, I

10  could and would competently testify to all of the matters stated in the application. I

11  verify under penalty of perjury all those facts, including as set forth in the exhibits.

12      I declare under penalty of perjury that the foregoing is true and correct.

13  Dated: January 28, 2021

14                /s Robert R. Barnes

15                ROBERT R. BARNES

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Robert R. Barnes, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 10982 Poblado Rd # 1621, San Diego, CA 92127. On January 28, 2021, I served the following document(s):

FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY THE BROKEN-BENCH LAW FIRM, CO-COUNSEL TO THE DEBTOR IN POSSESSION, FROM JULY 8, 2020, THROUGH JANUARY 5, 2021

on each of the interested parties as follows:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** I believe that pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 28, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Robert R. Barnes    robertbarn@outlook.com, phall@allenmatkins.com;bcrfilings@allenmatkins.com

- Michael D. Breslauer    mbreslauer@swsslaw.com, wyones@swsslaw.com

- K. Todd Curry    tcurry@currylegal.com

- Jonathan S. Dabbieri    dabbieri@sullivanhill.com, hill@sullivanhill.com;bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;dabbieri@ecf.inforuptcy.com

- Peter L. Duncan    peterd@psdslaw.com, bonniec@psdslaw.com

- Michael T. O'Halloran    mto@debtsd.com, vh@debtsd.com

- David Ortiz    david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov

- Donald Reid    don@donreidlaw.com

- Heather L. Rosing    HRosing@Klinedinstlaw.com, mruiz@klinedinstlaw.com

- Gerald N. Sims    jerrys@psdslaw.com, bonniec@psdslaw.com

- United States Trustee    ustp.region15@usdoj.gov

- Alan Vanderhoff    alan.vanderhoff@vanderhofflaw.com, alanvanderhoff@cox.net
- Matthew S. Walker    matthew.walker@pillsburylaw.com, renee.evans@pillsburylaw.com;firmwidecalendardocket@pillsburylaw.com;

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   January 28, 2021        By: /s/ Robert R. Barnes

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-07-08 | Plan/DS | Analysis and research on critical plan and confirmation issues: requirement (or not) of disclosure statement in a case where acceptances are not solicited, treatment of secured claims of ostensibly equal priority, nonimpairment of insider claims, nonimpairment interest (rate and calculations) for secured and unsecured creditors), exhaustion of collateral and "flip" to unsecured claim (day-by-day analysis), relationship between confirmation litigation and the arbitration, review and evaluate Chiang number-crunching. Includes phone conference with Mr. Breslauer re requirement for disclosure statement if no acceptances are solicited (0.2) | 3.7 | 1,295.00 |
| 2020-07-09 | Plan/DS | Phone conference with Mr. Breslauer re post-mortem on this afternoon's hearing on MSJ (Pillsbury), how it relates and should relate to Pillsbury's motion to compel arbitration, how it relates and should relate to debtor's plan, amended plan, and confirmation hearing. No charge for monitoring of Pillsbury hearing. | 0.8 | 280.00 |
| 2020-07-10 | Plan/DS | Extended phone conference with Mr. Breslauer re overall plan confirmation strategies, especially in light of objections to confirmation: how to coordinate with Pillsbury adversary proceeding, inevitable appeal, request for stay, how stay pending appeal fits in with plan as proposed; timing of confirmation process, how it must, might, and should be affected by other litigating and need to amend, sensitivity points for negotiation, relationship to post "effective date" business operations. | 1.0 | 350.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-07-12 | Plan/DS | Work on plan strategies, including prepare for Monday conference call with client to discuss confirmation options, review of objections to confirmation, evaluate possible amendments (2.5). Extended phone conference with Mr. Breslauer re strategies, ex parte app to adjust conference schedule, etc. (1.7) | 4.2 | 1,470.00 |
| 2020-07-13 | Plan/DS | Prepare for and participate in conference call with inter alia, Messrs. Atalla and Cuker re plan amendments and confirmation process (1.8). Email to Mr. Breslauer re confirmation strategies (0.8). | 2.6 | 910.00 |
| 2020-07-14 | Plan/DS | Prepare for and participate in phone conferences with Mr. Breslauer re Henry progress, plan, confirmation evidence, how Henry judgment affects allowable number, reserves vs. feasibility, cost of preserving claims back against the lawyers, structure of reply (1.6). Prepare for hearing on motion to confirm plan, particularly incorporating UST's desire for unnecessary disclosure statement and changes to plan, including re exhaustion of collateral (0.9). Brief attention to postpetition operations and feasibility (0.1). | 2.6 | 910.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-07-15 | Plan/DS | Work throughout the day on confirmation procedures, including revisions as needed to ex parte application to reset confirmation schedule in light of plan amendments, extensive amendments to plan, primarily re unimpairment of all creditors, and evaluate possible settlement with Henry that will free up collateral for plan. Includes phone conferences Mr. Breslauer regarding number-crunching, continuing postpetition profitability, and treatment of priority creditors (0.3). | 5.3 | 1,855.00 |
| 2020-07-16 | Plan/DS | Work on confirmation issues and documents filed today: amended plan, reply in support of confirmation, supporting declarations, ex parte app re confirmation schedule. Review and comment upon plan documents: Atalla dec, Chiang dec, reply, second amended plan. | 5.0 | 1,750.00 |
| 2020-07-17 | Plan/DS | Post-mortem on yesterday's filings re plan, begin preparations for next steps. | 0.6 | 210.00 |
| 2020-07-19 | Plan/DS | Prepare for tomorrow's call with Mr. Breslauer re confirmation, including review "impairment by Code" cases. | 0.3 | 105.00 |
| 2020-07-20 | Plan/DS | Phone conference with Mr. Breslauer re impairment, confirmation strategies. | 0.6 | 210.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-07-21 | Plan/DS | Prepare for hearing and evaluate communication of consequences of Wal-Mart settlements to client, strategies for teeing up Wal-Mart-creditor settlements, and Pillsbury opposition to expedited confirmation schedule. Includes phone call from Mr. Breslauer re Pillsbury oppo, outreach from Mr. Walker (0.2); conference call with Messrs. Breslauer and Walker re confirmation issues (0.6); follow-up calls with Mr. Breslauer (0.3). | 3.5 | 1,225.00 |
| 2020-07-22 | Plan/DS | Prepare for tomorrow's hearing on plan and continue to work on appropriate revisions, including review tentative re 7-23 hearing and order denying ex parte app, attention to drafting and logistics. Includes several phones conferences with Mr. Breslauer regarding Pillsbury discussions, plan and DS issues, logistics (0.8). | 3.3 | 1,155.00 |
| 2020-07-23 | Plan/DS | Two brief phone conferences with Mr. Breslauer re short-term plan/DS issues and schedule, including for DS hearing (no charge). | 0.0 | 0.00 |
| 2020-07-24 | Plan/DS | Update and email exchange regarding Pillsbury pressure for cash now, how improvement of plan terms relates to Pillsbury arbitration handled by Mr. Prata (0.3). Prepare for DS and required attachments and exhibits, email traffic re same (0.4). Phone conferences with Mr. Breslauer re arbitration connection, preservations of claims against insiders, and feasibility (0.8). | 1.5 | 525.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-07-28 | Plan/DS | Phone conference with Mr. Breslauer re preservation of claims against insiders, plan or DS reference to same (0.2). Attend to number crunching and related items for plan and DS, email traffic re same (0.8). | 1.0 | 350.00 |
| 2020-07-29 | Plan/DS | Attend to settlements or possible settlements with creditors Henry and Schultz, including review and comment on Henry stipulation and evaluate effect on confirmation, especially collateral exhaustion and Pillsbury.  Includes two phone conferences with Mr. Breslauer re hiccups, plan effects (no charge). | 0.6 | 210.00 |
| 2020-07-30 | Plan/DS | Attend to projections and claims analysis, including effects of interest rates, how Henry settlement frees up collateral and affects exhaustion date, classification of claims. Revise plan accordingly. | 2.7 | 945.00 |
| 2020-07-31 | Plan/DS | Tweaks to plan. Brief attention to updated number-crunching. | 0.2 | 70.00 |
| 2020-08-01 | Plan/DS | Email exchanges with Mr. Breslauer re Pillsbury discovery on trivial issues, how to address them, how they relate to the fundamental issues (unimpairment, interest rate, feasibility) for confirmation | 0.2 | 70.00 |
| 2020-08-01 | Plan/DS | Review changes to disclosure statement, revise plan accordingly, partly to "separate" the documents in response to UST objection. | 2.6 | 910.00 |
| 2020-08-02 | Plan/DS | Revise plan, distribute to Mr. Breslauer. Evaluate how forbearance/tolling agreement fits in with confirmation strategies. | 0.5 | 175.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-08-03 | Plan/DS | Work on plan and disclosure statement, including additional drafting of plan, review and edits of disclosure statement, and analysis of projections and related financial information. Includes two phone conferences with Mr. Breslauer re documents and preparation for Thursday (0.9) and phone conference with Ms. Chiang re number-crunching (0.3). | 4.6 | 1,610.00 |
| 2020-08-04 | Plan/DS | Work on disclosure statement and plan (3.0)Includes phone conferences with Mr. Breslauer re needed changes, positioning the plan and disclosure statement (0.6). Henry and Shults settlements: evaluate how Henry and Shults settlements affect the collateral-exhaustion date for the benefit of Pillsbury, Update regarding status of Henry stipulation (last-minute corrections of Henry errors, execution, logistics), which affects plan and DS (0.7). Attend to number-crunching (1.2), including videoconference with Ms. Chiang re, inter alia, effect of Shults settlement on unimpairment issues (0.6) and phone conference with Ms. Chiang re revised projections, effect of the class 3 agreements on plan numbers, collateral-exhaustion date, etc. (0.3). | 4.7 | 1,645.00 |
| 2020-08-05 | Plan/DS | Revise DS. Includes phone conference with Mr. Breslauer, mostly re tweaks to HB "treatment" vs. "settlement" (0.3). | 3.0 | 1,050.00 |
| 2020-08-06 | Plan/DS | Review projections, last-minute review of disclosure statement and plan before filing. | 0.3 | 105.00 |
| 2020-08-07 | Plan/DS | Research re unimpairment, particularly interest rate and function of DS (1.1). Post-mortem on yesterday's filing of plan and DS, preparations for next step (0.3). | 1.4 | 490.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-08-10 | Plan/DS | Phone conference with Mr. Breslauer about treatment of Pillsbury claim, affected by the plan vs. affected by the adversary proceeding. | 0.3 | 105.00 |
| 2020-08-12 | Plan/DS | Evaluate Pillsbury's renewed expression of intent to take discovery from Ms. Atalla, employee of the debtor, and how plan, disclosure statement, and tolling agreement address the debtor's putative claims against her. | 0.2 | 70.00 |
| 2020-08-14 | Plan/DS | Review Pillsbury request for production of documents, submitted ostensibly in connection with plan or disclosure statement, and email evaluation with Mr. Breslauer re appropriate response by the debtor. | 0.5 | 175.00 |
| 2020-08-19 | Plan/DS | Evaluate debtor's response to Pillsbury's RFP, including tentative thinking from Mr. Breslauer, and emails to him and Mr. Atalla re same. | 1.2 | 420.00 |
| 2020-08-21 | Plan/DS | Pillsbury-Plan. Further thinking about Pillsbury treatment, especially in light of recent rulings (no lien). Update regarding status of confirmation discovery, particularly brewing disputes between Pillsbury and nondebtors, avoiding effects on the debtor, especially re confirmation.. | 1.0 | 350.00 |
| 2020-08-25 | Plan/DS | Review email from Mr. Cuker regarding insider claims, how they might be withdrawn, how they might be treated under the plan, and response to Mr. Breslauer. | 0.3 | 105.00 |
| 2020-08-27 | Plan/DS | Strategize and plan about confirmation battles, including cost of battles, whether and how they might be reduced, stay prospects, etc. | 1.1 | 385.00 |
| 2020-08-28 | Plan/DS | Attention to how objections to claims (not handled by BBLF) affect confirmation issues. (No charge.) | 0.0 | 0.00 |

| Date | Category | Description | Time | Fee |
|:---:|:---:|:---|:---:|---:|
| 2020-08-31 | Plan/DS | Strategize regarding confirmation issues, including two phones with Mr. Breslauer re themes, legal (but not practical) limited role of Pillsbury, impairment (0.5), continue unimpairment research (0.2). | 0.7 | 245.00 |
| 2020-09-03 | Plan/DS | Intake of objections to DS from Wolfe Law Group and Pillsbury, and evaluate whether nonsubstantive changes can resolve the creditor's concerns. Includes two phone calls from Mr. Breslauer re these objections (0.3). | 1.3 | 455.00 |
| 2020-09-04 | Plan/DS | Work on reply ISO DS and appropriate changes to plan and DS documents. | 0.5 | 175.00 |
| 2020-09-05 | Plan/DS | Phone conference with Mr. Atalla (60 minutes; no charge) about theme for DS changes and hearing. Continue to work on reply and consider objections (0.4). | 0.4 | 140.00 |
| 2020-09-07 | Plan/DS | Work on reply ISO DS and required changes to the plan and DS. | 1.0 | 350.00 |
| 2020-09-07 | Plan/DS | Prepare for and participate in extended phone conference with Mr. Breslauer re comprehensive punch list to prepare for hearing on disclosure statement, changes needed. | 3.0 | 1,050.00 |
| 2020-09-08 | Plan/DS | Review and comment on Husch Blackwell settlement paperwork (0.2). Strategize re dealing with objections to DS, many of which are not "disclosure" per se (0.5). | 0.7 | 245.00 |
| 2020-09-09 | Plan/DS | Phone conference with Mr. Breslauer re themes for reply, DS changes. (11 minutes; no charge.) Email to Mr. Breslauer re alteration of rights "not by plan," related unimpairment analysis. | 0.4 | 140.00 |
| 2020-09-09 | Plan/DS | Revise plan and DS | 2.4 | 840.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-09-10 | Plan/DS | Work throughout the day on reply ISO DS and changes to plan and DS, consideration of appeal strategies if necessary, and review documentation to support all the above. Follow up regarding today's filing of reply. (Courtesy discount of 0.5.) | 8.0 | 2,800.00 |
| 2020-09-11 | Plan/DS | Address further changes to DS, make revisions. Includes phone conference with Mr. Breslauer re changes (0.1), phone conferences with Messrs. Atalla and Breslauer re same, particularly re updated treatment of Pillsbury in light of court rulings in the adversary, plan "neutrality" in light of arbitration process (1.3), phone conference with Mr. Breslauer re further Pillsbury issues (0.1). | 3.2 | 1,120.00 |
| 2020-09-13 | Plan/DS | Email to and phone conference with Mr. Breslauer re DS resolution regarding Pillsbury payments, additional changes needed, plan alternatives and alternative plans (0.6). Revise plan (2.5). | 3.1 | 1,085.00 |
| 2020-09-14 | Plan/DS | Review and revise Breslauer tweaks re Pillsbury treatment, phone conference with Mr. Breslauer re same. | 0.6 | 210.00 |
| 2020-09-15 | Plan/DS | Prepare for Thursday's hearing on the DS, including assist in putting the documents into final shape for today's filing, evaluate additional changes, if any, in light of tentative ruling, and work on plan and DS logistics, mostly with an eye to sharpening the confirmation disputes. | 3.1 | 1,085.00 |
| 2020-09-16 | Plan/DS | Phone conference with Mr. Breslauer re tomorrow's hearing on DS, scheduling (20 mins). | 0.3 | 105.00 |
| 2020-09-17 | Plan/DS | Prepare for and participate in this afternoon's hearing on DS, including post mortem. | 5.3 | 1,855.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-09-19 | Plan/DS | Post-hearing follow-up on plan and DS, prepare for confirmation | 1.5 | 525.00 |
| 2020-09-19 | Plan/DS | Post-hearing follow-up on plan and DS, prepare for confirmation, including two extended phone conferences with, among others, Mr. Atalla (total time for calls, approx 3.8 hours; billed at 3.0). | 4.7 | 1,645.00 |
| 2020-09-21 | Plan/DS | Work on preparations for confirmation, including pulling together the plan "solicitation" package, service issues, evidence to support feasibility, reserves. Includes two phone calls from Mr. Breslauer  regarding the above (0.4).. | 1.1 | 385.00 |
| 2020-09-23 | Plan/DS | Updates regarding confirmation process, including DS order, status of arbitration and residue of action against Wal-Mart (injunctive relief) as they affect feasibility. | 0.6 | 210.00 |
| 2020-09-24 | Plan/DS | Phones conferences with Mr. Breslauer (0.2), Messrs. Breslauer and Atalla and Ms. Chiang (1.1), and Mr. Breslauer (0.3), all regarding plan preparations, including feasibility (and stay), and most especially including cash needs on the effective date and thereafter until all allowed claiims are paid. Related work re same. | 1.7 | 595.00 |
| 2020-09-26 | Plan/DS | Phone call from Mr. Breslauer re confirmation strategies, litigation and settlement options. | 0.2 | 70.00 |
| 2020-09-27 | Plan/DS | Evaluate challenges for confirmation, strategies, email to Mr. Breslauer re same. | 0.5 | 175.00 |
| 2020-10-02 | Plan/DS | Work on confirmation documents to be updated and filed October 7. | 2.4 | 840.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-10-03 | Plan/DS | Continue to work on confirmation documents, including Atalla declaration, Chiang number crunching. Evaluate post-ED compensation, prospects for settling confirmation-only issues.. Includes phone conference with Ms. Chiang about number-crunching (1.3). | 4.0 | 1,400.00 |
| 2020-10-04 | Plan/DS | Work on confirmation papers, especially Atalla dec, particularly for feasibility and good faith, Chiang dec, plan, DS, and rest of plan package. Includes three phone conferences with Ms. Chiang re number-crunching and her declaration (feasibility, nonimpairment) (1.2, reflects 15-minute discount). | 4.9 | 1,715.00 |
| 2020-10-05 | Plan/DS | Further work on plan documents, including plan, DS, and Atalla dec, number-crunching, and brief. Includes phone conference with S. Chiang (0:51) re numbers. | 3.3 | 1,155.00 |
| 2020-10-06 | Plan/DS | Work on documents due tomorrow for filing, particularly Atalla and Chiang decs, brief. Includes phone conferences throughout the day with Messrs. Atalla and Breslauer and Ms. Chiang as needed to discuss evidentiary support and presentation (2.0; discounted by more than 1.0 hour). | 5.4 | 1,890.00 |
| 2020-10-07 | Plan/DS | Finalize brief and other plan documents. File. | 4.0 | 1,400.00 |
| 2020-10-08 | Plan/DS | Follow-up re yesterday's filing, including confirm NEF issues, begin work for confirmation hearing | 0.5 | 175.00 |
| 2020-10-13 | Plan/DS | Follow up regarding plan logistics, getting everything squared away on the court docket. | 0.1 | 35.00 |
| 2020-10-14 | Plan/DS | Phone conference with Mr. Breslauer regarding how Pillsbury appeal, Pillsbury discovery, and Wolfe objection all might relate to confirmation process and timing | 0.2 | 70.00 |

| Date | Category | Description | Time | Fee |
|------|----------|-------------|------|-----|
| 2020-10-15 | Plan/DS | Review and comment on status report for appeal (relevant to timing and confirmation issues). | 0.7 | 245.00 |
| 2020-10-21 | Plan/DS | Phone conference with Mr. Breslauer re recently filed status report for appeal, how appeal relates to the likely confirmation process, Pillsbury focus for confirmation. Brief review of Pillsbury's response to report, email to Mr. Breslauer re same. | 0.2 | 70.00 |
| 2020-10-27 | Plan/DS | Attend to confirmation issues, including phone conference with Mr. Breslauer re likely scope of reply. | 0.1 | 35.00 |
| 2020-10-27 | Plan/DS | Review and comment on draft objection to Torrey Partners claim, emails to Mr. Breslauer re same. (Billed to plan category, because my interest is primarily how the timing of the objection relates to the confirmation process.) (Actual time approximately 0.9. Courtesy discount of 0.7 hours.) | 0.2 | 70.00 |
| 2020-10-29 | Plan/DS | Phone conference with Mr. Breslauer re logistics of confirmation preparation and hearing, particularly in light of COVID-19 restrictions. | 0.3 | 105.00 |
| 2020-10-30 | Plan/DS | Research re unimpairment interest rate, including newest Ultra Petroleum decision. | 0.2 | 70.00 |
| 2020-11-02 | Plan/DS | Phone conference with Mr. Breslauer re WLG discussions, including timing of reply, confirmation objections, Pillsbury objections re interest rate and other confirmation challenges. | 0.2 | 70.00 |
| 2020-11-03 | Plan/DS | Phone conference and email exchange with Mr. Breslauer re today's status conference on the appeal (relevant to issues teed up for confirmation, Pillsbury strategies re confirmation), timing, WLG issues | 0.2 | 70.00 |
| 2020-11-04 | Plan/DS | Initial review of Pillsbury objection to confirmation, begin to outline reply, brief review of WLG objection. | 0.3 | 105.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-11-05 | Plan/DS | Prepare for, including review of opposition and further work on reply, and conference call with Messrs. Atalla and Breslauer re yesterday's objections and reply due next week, strategies for November 18 confirmation hearing. | 1.3 | 455.00 |
| 2020-11-07 | Plan/DS | Respond to email inquiry from Mr. Atalla regarding confirmation-hearing logistics. | 0.1 | 35.00 |
| 2020-11-09 | Plan/DS | Work on reply brief and related preparations for confirmation. Includes phone conference with Mr. Breslauer regarding logistics (1.1), second phone conference with him re same (more than 0:30; no charge), and phone conference with Mr. Curry regarding obviating plan objections and rolling into claims process (0.4). | 3.0 | 1,050.00 |
| 2020-11-10 | Plan/DS | Review and comment on "Breslauer portion" of reply. | 0.5 | 175.00 |
| 2020-11-11 | Plan/DS | Work on and finish reply. Attend to preparations for confirmation hearing. | 5.7 | 1,995.00 |
| 2020-11-12 | Plan/DS | Prepare for next week's confirmation hearing, including evaluate evidentiary issues for debtor's case in chief, evidentiary issues for objecting creditors (i.e., Pillsbury), Emails with the court regarding logistics for next Wednesday's confirmation hearing by Zoom videoconference. Related preparations. | 0.9 | 315.00 |
| 2020-11-13 | Plan/DS | Phone conference with Mr. Breslauer re Pillsbury document production, expanded witness list, and possible delays in arbitration, use at confirmation hearing next week. | 0.1 | 35.00 |
| 2020-11-14 | Plan/DS | Review arbitration case management order, relevant to use of arbitration issues at confirmation hearing, bells and whistles for plan. | 0.1 | 35.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-11-15 | Plan/DS | Prepare for Wednesday's confirmation hearing, especially logistics of Zoom videoconference; emails to Chiang and Breslauer re same. | 0.3 | 105.00 |
| 2020-11-16 | Plan/DS | Prepare for 11-18 confirmation hearng, outline arguments. Includes phone conferences and email exchanges with Mr. Breslauer re Cuker witness testimony, and email from Ms. Fease re remote logistics (too many too quickly to separately itemize). Phone calls (2) from Breslauer re confirmation prep (0:10) | 1.5 | 525.00 |
| 2020-11-17 | Plan/DS | Prepare for tomorrow's confirmation hearing, including review filed papers (including today's tentative), outline arguments. Includes phone conferences with Mr. Breslauer re hearing mechanics, oral argument, especially good-faith reorganization purpose as addressed by tentative. | 5.4 | 1,890.00 |
| 2020-11-18 | Plan/DS | Confirmation hearing. Travel to and from SWSS office (1.0.) Prepare for, attend, and debriefing re confirmation of plan (3.6). | 4.6 | 1,610.00 |
| 2020-11-20 | Plan/DS | Draft confirmation order and findings/conclusions. | 1.2 | 420.00 |
| 2020-11-24 | Plan/DS | Continue to draft confirmation order and findings/conclusions. | 2.5 | 875.00 |
| 2020-11-27 | Plan/DS | Respond to Mr. Atalla re next steps for consummation or implementation of the plan. Work on order and findings. | 0.8 | 280.00 |
| 2020-11-29 | Plan/DS | Work on order and findings. | 1.4 | 490.00 |
| 2020-11-30 | Plan/DS | Revise findings. Review court's tentative on Pillsbury status conference, relationship to confirmation timing and postconfirmation activities. | 0.2 | 70.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-12-01 | Plan/DS | Revisions to draft confirmation order and findings/conclusions, legal research re same. | 1.0 | 350.00 |
| 2020-12-03 | Plan/DS | Post-hearing issues. Revise order and findngs per comments, follow-up re today's lodgment (1.8). Review email exchange regarding Pillsbury appeal in adversary proceeding, relationship to confirmation issues (0.1). | 1.9 | 665.00 |
| 2020-12-10 | Plan/DS | Review Pillsbury objection to findings and conclusions, email to Mr. Breslauer re same. Phone conference with Mr. Breslauer re same. | 0.5 | 175.00 |
| 2020-12-11 | Plan/DS | Two phone conferences with Mr. Atalla re status of entry of confirmation paperwork, timing for going effective, update regarding procedural and expert issues in the arbitration, background and strategies regarding Wolfe/WLG. (0:56; 0:07). | 1.0 | 350.00 |
| 2020-12-11 | Plan/DS | Work on disagreement with Pillsbury over exactly how to describe certain court findings, including email exchanges with Mr. Walker and Ms. Bender, revisions to draft as lodged. | 2.1 | 735.00 |
| 2020-12-14 | Plan/DS | Prepare response re Pillsbury objection, finalize findings. | 1.0 | 350.00 |
| 2020-12-15 | Plan/DS | Now that confirmation order has been entered, prepare for plan effective date, including intake of confirmation order and related documents,, prepare draft notice of accelerated effective date given client suggestion, and related preparations. Includes phone conference with Mr. Breslauer re next steps, appeal considerations (0.4).. | 1.4 | 490.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-12-16 | Plan/DS | Follow-up re plan implementation, including phone conference with Mr. Breslauer re going effective, appeal possibilities. | 0.2 | 70.00 |
| 2020-12-17 | Plan/DS | Phone conference with Mr. Breslauer regarding going effective, continuing relationship between arbitration and plan consummation and implementation (0:03). | 0.1 | 35.00 |
| 2020-12-20 | Plan/DS | Follow-up re plan effective date, possibility of appeal and motion to stay implmentation/consummation | 0.1 | 35.00 |
| 2020-12-21 | Plan/DS | Brief consult with Mr. Breslauer re effective date and possible response from creditors. | 0.1 | 35.00 |
| 2020-12-29 | Plan/DS | Phone conference with Mr. Atalla regarding strategies for plan implementation, especially if creditor appeals (0:57; billed only 0:24). | 0.4 | 140.00 |
| 2020-12-30 | Plan/DS | Phone conference with Mr. Breslauer now that appeal period has expired without appeal. (n/c.) | 0.0 | 0.00 |
| Total | | | 172.3 | 60,305.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-07-08 | Claims | Analysis of issues for Pillsbury MSJ hearing on July 9 and assist Mr. Breslauer: choice-of-law considerations, preferences for lawyer or client, tentative and relationship to later-scheduled petition to compel arbitration, continuing relevance (if any) of strong-arm powers, with emphasis on creditors, and basic "secured-or-not" question with focus on debtor, and ways to keep emphasis on the direct debtor-creditor question. | 0.6 | 210.00 |
| 2020-07-17 | Claims | Review notice regarding transcript, evaluate implications for MSJ re Pillsbury, petition to compel arb, appeal, and plan | 0.2 | 70.00 |
| 2020-07-20 | Claims | Attend to Henry activity and settlement efforts, including evaluate relationship with existing Wal-Mart stipulation, plan, three phone conferences with Mr. Breslauer regarding recent activity in W.D. Ark., settlement progress. | 0.5 | 175.00 |
| 2020-07-28 | Claims | Review and comment on tolling agreement and forbearance agreement of putative claims of debtor against insiders.. | 0.5 | 175.00 |
| 2020-08-01 | Claims | Review Shults settlement, comment and revise. Email to Breslauer about how to present this to Pillsbury counsel for plan purposes, expediting settlement. | 1.4 | 490.00 |
| 2020-08-05 | Claims | Review tentative re 08-06 ruling (Pillsbury adversary).. | 0.1 | 35.00 |
| 2020-08-06 | Claims | Phone conference with Mr. Breslauer to help prepare for this afternoon's hearing on Pillsbury's petition to compel arbitration. | 0.4 | 140.00 |
| 2020-08-10 | Claims | Review and comment on Shults court-approval drafts. | 0.3 | 105.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-08-25 | Claims | Review and comment on draft orders and judgment for Pillsbury adversary proceeding (1.5). Phone conference with Mr. Breslauer re same (0.1). | 1.6 | 560.00 |
| 2020-08-26 | Claims | Extended phone conference (1:04, but substantially discounted) with Mr. Attala re Pillsbury discovery disputes, especially whether insider issues can be addressed separately, email to Mr. Breslauer re same. | 0.4 | 140.00 |
| 2020-08-27 | Claims | Phone call from Mr. Breslauer re Pillsbury discovery, etc. | 0.1 | 35.00 |
| 2020-09-03 | Claims | Phone call from Mr. Breslauer re amendment to WLG claim, request for administrative expense, possible sanctions (0.2). Phone call from Mr. Breslauer re Pillsbury objection to form of judgment, voluntary dismissal (pre-answer or MSJ) of other claims for relief, etc. (0.1). | 0.3 | 105.00 |
| 2020-09-04 | Claims | Review draft stipulation for placeholder objection to Pillsbury claim, evaluate alternatives, for simple procedure that refers or incorporates the AAA proceeding. | 0.7 | 245.00 |
| 2020-09-05 | Claims | Brief review of amended and expanded Wolfe claim and emails from Mr. Breslauer and Mr. Atalla about amounts, email to Mr. Breslauer re same, how to separate the nominal issues re the substance of the claim from confirmation issues.. | 0.4 | 140.00 |
| 2020-09-19 | Claims | Wolfe- email to Mr. Atalla re settlement issues. (No charge.) | 0.0 | 0.00 |
| 2020-09-21 | Claims | Update regarding appellate papers, especially jurisdiction, coordination with other appeal, status of judgment. | 0.5 | 175.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-09-22 | Claims | Evaluate appropriateness of special appellate counsel, email to counsel, draft email to Mr. Atalla re same. (Actual time, more than 1.0; no charge.) | 0.0 | 0.00 |
| 2020-09-22 | Claims | Two phone conference with Mr. Breslauer re Pillsbury motion for stay pending appeal (0.7). Work on response to Pillsbury motion for stay pending appeal, nature of purported emergency, etc. (0.5). Review and comment on draft placeholder objection to Pillsbury claim (0.1). | 1.3 | 455.00 |
| 2020-09-23 | Claims | Email to correct timeline for dispositions of objections to claims, analysis of cash needs. | 0.4 | 140.00 |
| 2020-09-23 | Claims | Work throughout the day on opposition to Pillsbury emergency motion for stay pending appeal, including review the papers, prepare opposition, and evaluate consensual disposition (6.4). Attention to procedural matters for the appeal itself (0.4).. | 6.8 | 2,380.00 |
| 2020-09-26 | Claims | Further update regarding Pillsbury's most recent filings. | 0.5 | 175.00 |
| 2020-09-26 | Claims | Phone call from Mr. Breslauer re disposition of Pillsbury motion for stay pending appeal and other appeal matters (0.2). Attention to procedural matters in the appeal (0.5). | 0.7 | 245.00 |
| 2020-10-01 | Claims | Update re status of appeals, phone call to Michael Breslauer re same, confirmation issues, special counsel (10 minutes). | 0.5 | 175.00 |
| 2020-10-02 | Claims | Attend to appellate matters, including intake of latest filings (including appellant documents referring to wrong rules, email to Mr. Breslauer re considerations for record on appeal, email to client re choice of counsel. Includes phone conference with Mr. Atalla and one with Mr. Breslauer re same (0.2 total). | 1.7 | 595.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-10-03 | Claims | Attend to appellate procedural matters, particularly given Mr. Breslauer's illness. | 0.2 | 70.00 |
| 2020-10-04 | Claims | Email exchange with Mr. Walker regarding upcoming status conferences in appeal. | 0.1 | 35.00 |
| 2020-10-05 | Claims | Update re continuance of status conferences (appeal).. | 0.1 | 35.00 |
| 2020-10-23 | Claims | Review Pillsbury response to placeholder objection. Includes phone conference with Mr. Breslauer re same, how it might play into confirmation battles (0.5). Related analysis re confirmation effects, Pillsbury desire for plan protections. | 0.9 | 315.00 |
| 2020-10-24 | Claims | Draft reply re Pillsbury response to placeholder objection. Email to Mr. Breslauer re same. | 0.2 | 70.00 |
| 2020-10-28 | Claims | Phone conference with Mr. Breslauer re strategies for Torrey Partners objection to claim. Review and comment on reply ISO objection to Pillsbury claim. (Actual time, 0.3; courtesy write-off.) | 0.0 | 0.00 |
| 2020-10-31 | Claims | Intake of Wolfe response to objection to claim, start to outline long-term disposition (in addition to reply). Email to Mr. Breslauer re same. (Could easily be categorized to confirmation, since the strategies may implicate confirmation as well.) | 0.7 | 245.00 |
| 2020-11-04 | Claims | Review response to objection from Modus eDiscovery, stipulation regarding WLG, how any of this affects confirmation, calendaring. | 0.4 | 140.00 |
| 2020-11-18 | Claims | Phone conference with Mr. Breslauer re proposal from Ms. Rosing, integration with upcoming status conference on claim allowance. | 0.2 | 70.00 |
| 2020-11-19 | Claims | Update regarding Wolfe WLG claim hearing, language for creditor in confirmation order. | 0.1 | 35.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-12-07 | Claims | Phone conference with Mr. Breslauer re claims litigation. Review tentative ruling about MODUS, email to Mr. Breslauer re same, WLG | 0.3 | 105.00 |
| 2020-12-08 | Claims | Phone conference with Mr. Breslauer re strategies for streamlining the WLG litigation (0:8). Second phone conference with Mr. Breslauer re same (n/c). | 0.8 | 280.00 |
| 2020-12-10 | Claims | Phone call from Mr. Breslauer re WLG reply (0:07). | 0.1 | 35.00 |
| 2020-12-27 | Claims | Review and comment on draft appeal brief (responding to Pillsbury adversary). (Actual time 3.3 hours; discount of 2.3.) | 1.0 | 350.00 |
| 2021-01-02 | Claims | Two phone conferences (0:07 and 0:50) with Mr. Breslauer regarding Wolfe's vague and possibly evasive explanation of accounting transactions, need for further investigation, potential infirmities with respect to work done prepetition, and procedural tools for addressing all the above. (Time discounted to 0:30.) | 0.5 | 175.00 |
| 2021-01-03 | Claims | Two phone conferences (0:17 and 0:16) with Mr. Breslauer regarding further evaluation of Wolfe/WLG issues, especially lack of clarity in the record, and appropriate procedures re same. (Time discounted to 0:12.) | 0.2 | 70.00 |
| 2021-01-04 | Claims | Follow-up on weekend discussions about Wolfe/WLG litigation, review WLG drafts, comment on same. | 0.5 | 175.00 |
| Total | | | 26.2 | 9,170.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-07-14 | Fees | Work on employment application and supporting declaration, due diligence re same. | 0.4 | 140.00 |
| 2020-08-04 | Fees | Revise application to approve employment, brief email exchange with Mr. Breslauer re same. | 1.3 | 455.00 |
| 2020-08-05 | Fees | Revise application to approve employment, email exchange with Mr. Atalla. | 1.1 | 385.00 |
| 2020-08-07 | Fees | Follow-up with client re employment application; file | 0.2 | 70.00 |
| 2020-08-20 | Fees | B: Phone conference with Mr. Ortiz regarding his questions about app to approve Broken-Bench employment. Email to him re same. | 0.2 | 70.00 |
| 2020-08-21 | Fees | Attend to UST concerns re due diligence, including review documents, phone conference with Mr. Breslauer re scope. | 0.5 | 175.00 |
| 2020-08-25 | Fees | Phone conference with Mr. Breslauer re responding to inquiry from Mr. Ortiz. (No charge.) | 0.0 | 0.00 |
| 2020-08-27 | Fees | Attend to USTP questions about Broken-Bench employment, including review and comment on Breslauer draft email. Attention to email exchange regarding ostensible concerns of UST. | 0.1 | 35.00 |
| 2020-08-28 | Fees | Further attention to UST concerns about review and disclosures, including email exchange with Mr. Breslauer and review of, among other documents, claims register and conflicts database. | 0.1 | 35.00 |
| 2020-09-01 | Fees | Run conflicts search on creditors listed in schedules and claims register, prepare supplemental declaration. (Total time 1.2; discounted to 0.1.) | 0.1 | 35.00 |
| Total | | | 4.0 | 1,400.00 |

| Date | Category | Description | Time | Fee |
|---|---|---|---|---|
| 2020-07-08 | Admin | Intake and review of background information for the case, including earlier draft of plan, statement of financial affairs and schedules, as amended from time to time, and calendaring items. | 1.1 | 385.00 |
| 2020-08-10 | Admin | Comprehensive attention to calendaring as we move forward toward DS approval. | 0.3 | 105.00 |
| 2020-12-18 | Admin | Phone conference with Mr. Breslauer re Wolfe/WLG motion to approve employment and related issues (0:09; no charge). Intake of Wolfe paperwork and calendaring (no charge). Cursory review of draft November operating report. Attention to calendaring. Attention to client concerns about presentation of disputes to "court" while Judge Adler's courtroom is dark. Email to Mr. Breslauer re same. | 0.8 | 280.00 |
| Total | | | 2.2 | 770.00 |

United States Bankruptcy Court
for the Southern District of California

Debtor: Cuker Interactive, LLC
Case No. 18-07636-LA11
Petition Date: December 13, 2018

Fee Application Summary

Applicant: The Broken-Bench Law Firm
Client: Cuker Interactive, LLC, debtor in possession
Order approving employment: September 22, 2020

First and Final Period
July 8, 2020, through January 5, 2021

| Project Category | Hours | Amount Requested |
|---|---|---|
| Plan and Disclosure Statement | | |
| Claims | | |
| Employment and Compensation | | |
| Administration | | |
| Total | | |
| (Discount) | | |
| Total Requested | | |
| *Category* | *Hours* | *Fees* |
| Plan | 172.3 | 60,305.00 |
| Claims | 26.2 | 9,170.00 |
| Fees | 4.0 | 1,400.00 |
| Admin | 2.2 | 770.00 |
| Total | 204.7 | 71,645.00 |
| (Discount) | n/a | (5,045.00) |
| Total Requested | n/a | 66,600.00 |

Exhibit B